FILED
FEB - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASPER LlOYD DOCKERY )
#39631-053 )
U.S.P. Pollock,POB 2099 )
POLLOCK, LA 71461. )
(Enter your full name, prison number
and address)

v.

ALBERTO GONZALES, U.S. )
Attorney General;William )
G. Stewart II Acting )
Assistant Director. )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

CASE NUMBER   1:07CV00318

JUDGE: Unassigned

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/__/2007

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1) the average monthly deposits to your prison account, or
(2) the average monthly balance of your prison account for the prior six-month period.

RECEIVED
JAN 0 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I.  **SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II. **PREVIOUS LAWSUITS**

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( )    No ( X )

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )    No ( X )

C. If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1. Parties to this previous lawsuit.

        Plaintiffs: JASPER L. DOCKERY

        Defendants: PAMELA REED; PHYNIAS YOUNG; NATHAN TUCKER; AND DISTRICT OF COLUMBIA GOVERNMENT.

    2. Court (If federal court, please name the district; if state court name the county.) EASTERN DISTRICT OF NEW YORK, BROOKLYN EAST.

    3. Docket number: CV973584.

    4. Name of judge to whom case was assigned: Ross J.

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Pending.

6. Approximate date of filing lawsuit: 1997. September.

7. Approximate date of disposition: currently pending.

## III. PLACE OF CONFINEMENT

U.S.P. Pollock
P.O.B. 2099, POLLOCK LA 71461.

A. Is there a prisoner grievance procedure in this institution? Yes (✓) No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (X)  No ( )

C. If your answer is Yes to Question III B:

1. To whom and when did you complain? ALBERTO GONZALEZ & WILLIAM STEWART, U.S. ATTORNEY GENERAL, & FREEDOM OF INFO/PRIVACY ACT STAFF.

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)  Yes X   No ( )

3. What, if any, response did you receive? (Furnish copy of response, if in writing.) In effect, his request has been denied since it was not processed within the specific time of the Act, 5 U.S.C. § 552(a)(6)(A). (See ex 1, responsive.

4. What happened as a result of your complaint? I have to wait 9 month to process project request, but it is not project request. It is simple computer search request.

D. If your answer is No to Question III B, explain why not. ___

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?   Yes    No ( )

F. If your answer is Yes to Question III E;

1. To whom and when did you complain? WILLIAM G. STEWART ATING ASSISTANT DIRECTOR, AND I APPEAL TO HIS SUPERVISOR OF FOIA/PA. See Plaintiff ex 2.

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

This action is brought pursuant to the Freedom of Information Act, as amended, 5 U.S.C § 552, et, seq, and 28 U.S.C. § 1361. Plaintiff's is seeking to compel the United States Department of justice(DOJ), to disclose and produce by LIONS computer printout, each dates grand jury convened in indictments No. F536-96; F153-96 and hence USW No: 1061-95, Superior court of District of Columbia. Each date the grand jury was discharged by the judge; the name of judge discharged the grand jury in indictments No. F536-96; f153-96 and hence inter alia, the name of the judge that discharged the grand jury that incorporated the obstruction of justice charge USW No: 1061-95 with f153-96 indictment. The name of grand jury foreperson and deputy foreperson in inictments No. F536-96, f153-96; and hence the names of grand jury foreperson and deputy foreperson that incorporated obstruction of justice U.S.W. (SEE ATTACH PAGE)

VI.  RELIEF

State briefly exactly what you want the Court to do for you.

Pursuant to § 1361 compel Alberto Gonzalez and William Stewart, to disclose the responsive record as requested. failure to comply with the 20 day limit should not be excused and this court should enter summary judgment in favor of Dockery and compel respondents to make full and complete response within twenty days of the summary judgment. in 1996 congress amended FOIA and tightened the standard for obtaining stay by defining the term "exceptional circumstances" to exclude delay results from predictable agency workload of request unless the agency demonstrate reasonable progress in reducing its back log pending request. 5 USC § 552(a)(6)(C)(ii). Dockery cannot for reason stated by affidavit facts essential to justify his opposition absent the requested material. Under Rule 6(e) responsive is needed to avoide a possible injustice in another Judicial proceeding.

Signed this ___1___ day of ___JANUARY___, _2007_

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___1/4/07___
(Date)

_____
(Signature of Plaintiff)

(ATTACH PAGE)
No. 1061-95 with murder indictment f153-96 D.C. Superior Court. The number of jurors concurred, and voted to indict, in indictments No. F536-96, f153-96, and hence the number jury voted to indict, in the obstruction of justice indictment incorporated U.S.W. No.1061-95 with f153-96 indictment. The name of judge indictments returned in open court in indictments No. F536-96, f153-96, and hence the name of judge indictment return in open court in obstruction of justice indictment its affidavit warrant number is U.S.W No. 1061-95 and was allegedly incorporated with f153-96 indictment. The dates the judge appoint jury to be foreperson and deputy foreperson, in indictments no. F536-96, f153-96, and hence obstruction of justice indictment its warrant No. U.S.W. 1061-95 incorporated with F153-96 indictment. the date extension of service was given to the grand jury if any, and its expiration date of such extention, in indictments No. F536-96, f153-96 and hence the obstruction of justice indictment, its warrant number U.S.W. No. 1061-95 incorporated in f153-96 charged.

    This requests were made on August 11, 2005, by plaintiff. Submit herewith is a copy of the plaintiff's original request, mark ex 3. On about October 12, 2006 plaintiff received letter from William G. Stewart II Acting Assistant Director, claiming EOUSA makes every effort to process most requests within a month (20 working days). And there are some exceptions, for example, project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually project requests. See ex 1.

    The requested information sought by the requester should not be construed to be some exception to the 20 working day period. The requester only sought computer search and printout of grand jury's * * * dates, information reflecting empanelling, extention, the dates of indictments returns. Plaintiff ask that the request be extended to * * search in the United States District Court for the District of Columbia issuing warrants for Jasper Dockery arrest based on indictment return for first degree murder on about January 5, 1996 and January 23, 1996. Please provide him with serch of responsive record, from the computer case tracking system used to determine all possible location of responsive record. The specific computer case tracking system utilized in ** searching for all of Dockery's requests namely the Legal Information Office Network System(LIONS). Submit herewith is a copy of Declaration of Teresa L. Davis in a matter of RONALD MITCHELL, V. JOHN ASHCROFT, US ATTORNEY GENERAL, confirm searching by the LIONS, Dockery now invoke. mark ex 4 is the declaration.

2.  Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)   Yes ( )   No ( )

3.  What, if any response did you receive? (Furnish copy of response, if in writing.) _____

4.  What happened as a result of your complaint? _____

IV.  **PARTIES**

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of Plaintiff: <u>Jasper L. Dockery #39631-053</u>
    Address: <u>U.S.P. Pollock, P.O.B. 2099, Pollock, LA 71461.</u>

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.  Defendant: <u>Alberto Gonzales,</u>
    <u>United States Attorney General</u>
    Address: <u>950 Pennsylvania Ave N.W. Washington DC 20530-#5111.</u>

    Defendant: <u>William G. Stewart II</u>
    <u>Acting Assistant Director, Unuted State Attorney Act (FOIA/PA).</u>

    Address: <u>FOIA/PA Executive Office for US Attorneys, Department of</u>
    <u>Justice, 600 E Street, NW, Room 7300 Washington, DC 20530-0001.</u>

    Defendant: _____

    Address: _____

    Defendant: _____

    Address: _____

V.  **STATEMENT OF CLAIM**



**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Request Number: 06-3059      Requester: Jasper Dockery

Subject: Self (grand jury dates, indictment)/DDC

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                                               Sincerely,

                                               William G. Stewart II
                                             Acting Assistant Director

Form No. 001-1/06

07 0318

**FILED**

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex 2

JASPER DOCKERY
#39631-053
UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK, LOUISIANA 71467

ALBERTO GONZALEZ
U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,
FREEDOM OF INFORMATION/PRIVACY ACT STAFF
WILLIAM G. STEWART II ACTING DIRECTOR
600 E. STREET, N.W. ROOM 7300
WASHINGTON, D.C. 20530

Re: <u>Jasper L. Dockery v. Alberto Gonzalez</u>
Request No: 06-3059

Please take notice that this correspondence is an appeal to the head of the agency or his or her designee, in response to correspondence received from William G. Stewart II, acting assistant director, states that my request will be placed in the order in which it was received for processing, unless it is a very large request i.e. a (project request). Then it will be placed in a separate group of project requests, which are also processed in the order so received. EOUSA makes effort to process most requests within a month ( 20 working days). There are some exceptions, for example, project requests take approximately nine months to process. Requests for " All Information About Myself In Criminal Case File" are usually project request.

The requested information sought by the requester should not be construed to some exception to the 20 working day period. The requester only sought computer printouts of grand jury's termination dates; computer printouts of ministerial grand jury material, such as information reflecting empanelling, extention, the dates the indictment was returned in court, judge's name to whom indictment was returned, names of grand jury foreperson, and deputy grand jury foreperson; none of which should be considered

1

to be a project request. In order to comply with this request, the legal assistant in the USAO/SDIL conducted a systematic search to determine the location of any and all responsive documents which might answer Mr. Dockery's questions. In conducting a search for responsive records, the computer case tracking system used to determine all responsive location of responsive records. The specific computer case tracking system utilized in searching for records pertaining to Mr. Dockery and his FOIA request is the Legal Information Office Network System (LIONS). LIONS tracks all cases and matters opened and closed in the USAO and AUSAO for the District of Columbia, Washington D.C.

The LIONS database contains fields for the retrieval of information based on defendant's name, USAO AND AUSAO numbers, and court case number. In addition, the legal assistant shall conduct a manual search of the Card File Index that was used prior to the implementation of the LIONS computer system. The legal assistant is required to check to ensure that no responsive records had been sent to the Federal Record Center and/or FBI Central Criminal File. In addition the legal assistant shall email each criminal AUSA in the USAO/SDIL to determine if any of them knew other possible locations of responsive records. Please provide requester with copy of LION'S computer printout from the search. The FOIA permits an agency to extend the time limits up to 10 days in unusual circumstances. These circumstances (does not exist herein the instant matter of Dockery) include the need to collect records from remote locations, review large numbers of and consult with other agencies. The law allows this requester to

2

consider that his request has been denied if it has not been decided within the proper time limits. That is the so-called exception namely 'project request'.

P.S. The response to my request was not dated. However, the postmark on the envelope was dated: 10/14/06. Please make record of this for future reference.

Date:10-16-06

Sincerely,

Jasper Dockery

3

# FREEDOM OF INFORMATION ACT REQUEST

EX 3

Date: 8/11/05

Name of Agency: **United States Attorneys' Office**

Address: **950 Pennsylvania Ave N.W.**

City/State/Zip: **WASHINGTON D.C. 20530 #5111**

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:
1. Each dates the grand jury convened in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

2. The date the grand jury was discharged by the Judge; the name of Judge that discharged the grand jurors in indictments No. F536-96; and F153-96 Superior Court of District of Columbia. (See attach page 1A for additional information)--------

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

_Jasper L Dockery_
(Name)

#39631053
ID Number                    (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK, LA. 71467

1

Ex 3

PAGE 1A.

3. the name of the grand Jury foreperson; and the name of the grand jury deputy foreperson in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

4. the number of jurors concurred; and the number of jurors voted to indict, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

5. the name of Judge indictments returned in open Court in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

6. the dates the Judge appoint one of the Jury to be the foreperson and the other to be deputy foreperson, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

7. the date extension of service was given to the grand jury if any, and the expiration date of such extention, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

8. Please provide me with all the computer printout of these request.

*Jasper L Dockery*
8/11/06

P.S.

9. Please provide me with computer records and other record responsive from grand jury commission in D.C. Superior Court regarding grand jury return indictment on January 5, 1996 #F536-96; and January 23, 1996 #F153-96, UNITED STATES V. DOCKERY JASPER L Docket entry with the above requested information 1-9.

2

U.S. Department of Justice Certification of Identity 

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Jasper Lloyd Dockery

Current Address  United States Penitentiary, P.O. Box 2099, Pollock, Louisiana 7146

Date of Birth  10/20/1946.

Place of Birth  Jamaica W.I.

Social Security Number [2]  053-4785

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]  *Jasper L Dockery* Date  8/11/06

---

**Optional: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

---

(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016 3 FORM DOJ-361
EXPIRES 1/31/98 FEB. 95

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD MITCHELL,           )
                           )
          Plaintiff,       )
                           )
                           )  Case No. 1:02cv00501
                           )
                           )
JOHN ASHCROFT,             )
ATTORNEY GENERAL           )
DEPARTMENT OF JUSTICE      )
                           )
          Defendant        )

## DECLARATION OF TERESA L. DAVIS

I, TERESA L. DAVIS, declare the following to be a true and correct statement of facts:

1) I am an attorney with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. I am an attorney on the Freedom of Information Act and Privacy Act staff. My responsibilities include reviewing Freedom of Information Act/Privacy Act ("FOIA/PA") requests for access to records located in this office and in 93 United States Attorneys' Offices ("USAOs") and handling litigation arising from these requests. The statements I make are based on my review of the official files and records of EOUSA, my own personal knowledge, and knowledge I acquired through the performance of my official duties.

2) This declaration addresses Mr. Mitchell's Civil Complaint dated February 16, 2002. Due to the nature of my official duties, I am familiar with procedures followed in responding to the FOIA/PA request made by Mr. Mitchell.

3) By letter dated June 15, 1998, Mr. Mitchell made a FOIA request to EOUSA whereby he sought records pertaining to his criminal prosecution: United States v. Mitchell, No.

A-3

84-CR-30005. (Exhibit A attached). Specifically, Mr. Mitchell sought the date that the March 1984 grand jury was convened, the name of the grand jury foreman, and the expiration date of the grand jury. Exhibit A. Mr. Mitchell indicated that he was prosecuted by the USAO for the Southern District of Illinois ("USAO/SDIL").

4) On July 21, 1998, EOUSA denied Mr. Mitchell's FOIA request on the basis that Mr. Mitchell requested grand jury material protected by FOIA Exemption 5 U.S.C. § 552(b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e). (Exhibit B attached).

5) By letter dated August 2, 1998, Mr. Mitchell appealed EOUSA's determination to the Office of Information and Privacy ("OIP"). (Exhibit C attached). By letter dated November 14, 2000, OIP informed Mr. Mitchell that his administrative appeal had been delayed due to administrative error, and OIP inquired as to whether Mr. Mitchell was still interested in the records he had requested. (Exhibit D attached). By letter dated November 21, 2000, Mr. Mitchell informed OIP that he was still interested in the requested records. (Exhibit E attached).

6) Mr. Mitchell commenced this action on February 16, 2002.

7) EOUSA directed the USAO/SDIL to search for records responsive to Mr. Mitchell's request. Initially, the USAO/SDIL did not locate responsive records, and on April 10, 2002, EOUSA notified OIP of the results of the search.

8) By letter dated June 24, 2002, OIP informed Mr. Mitchell that no records could be located which were responsive to his request, and OIP suggested that Mr. Mitchell seek his records in the United States District Court in which he was tried. (Exhibit F attached).

9) In order to be absolutely certain that the USAO/SDIL had conducted a complete search, EOUSA directed the USAO/SDIL to conduct another search for records which might be

2

A-4

responsive to Mr. Mitchell's FOIA request. A Legal Assistant for the USAO/SDIL conducted another thorough search for responsive records. She located Mr. Mitchell's indictment which reveals the name of the foreperson. The Legal Assistant was unable to locate any records that revealed the date the Grand Jury was convened and the Grand Jury's expiration date. The Legal Assistant forwarded the indictment to EOUSA, and EOUSA released the indictment to Mr. Mitchell on January 31, 2003. (Exhibit G attached).

10) Although Mr. Mitchell's FOIA request only sought three items of information (the date the Grand Jury convened, its expiration date, and its foreperson), Mr. Mitchell's Civil Complaint represents that his FOIA request also sought "(4) the numbers of jurors [who] voted for a true bill in case no. CR-84-30005 and (5) the name of the Judge the indictment was returned before in open court." See Complaint. EOUSA has not directed a search for records revealing the numbers of jurors or the name of the Judge because Mr. Mitchell has not made a FOIA request for those items. Accordingly, EOUSA interprets those two items as beyond the scope of Mr. Mitchell's civil action.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

11) The records searched, and the document ultimately released to Mr. Mitchell, were maintained in the USAO/SDIL's Criminal Case File System (Justice/USA-007) entitled United States of America v. Mitchell, No. 84-30005.

### ADEQUACY OF THE SEARCH

12) In order to comply with Mr. Mitchell's FOIA request, the Legal Assistant in the USAO/SDIL conducted a systematic search to determine the location of any and all responsive

3

A-5

documents which might answer Mr. Mitchell's questions. In conducting a search for responsive records, the computer case tracking system was used to determine all possible locations of responsive records. The specific computer case tracking system utilized in searching for records pertaining to Mr. Mitchell and his FOIA request was the Legal Information Office Network System (LIONS). LIONS tracks all cases and matters opened in the USAO for the Southern District of Illinois.

13) The LIONS database contains fields for the retrieval of information based on defendant's name, USAO number, and Court case number. The LIONS system listed #84-30005 as pertaining to Mr. Mitchell. The Legal Assistant retrieved the case file pertaining to #84-30005, and she searched through the entire file for records containing the requested information.

14) To insure that an adequate search was conducted for all records requested, the Legal Assistant also conducted a LIONS search under Mr. Mitchell's alias: Ronald White. In addition, the Legal Assistant conducted a manual search of the card file index that was used prior to the implementation of the LIONS computer system. She also checked to ensure that no responsive records had been sent to the Federal Records Center. Finally, she emailed each criminal AUSA in the USAO/SDIL to determine if any of them knew other possible locations of responsive records.

15) The Legal Assistant ultimately concluded that the only records possibly responsive to Mr. Mitchell's FOIA request would be records maintained in Mr. Mitchell's criminal case file, #84-30005. Upon conducting a thorough search of the documents contained in the case file, the Legal Assistant only located one responsive document: the indictment. I concur with the assessment of the Legal Assistant that if other responsive records existed, the Legal Assistant would have located them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of February, 2003.

TERESA L. DAVIS
Attorney
EOUSA, FOIA/PA Unit