UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Jasper Lloyd Dockery
    Plaintiff

v                                           Civil No. 07-0318 (ESH)

Albert Gonzales,
US Attorney General
William G. Stewart II,
Acting Assistant Director
    Defendants

**RECEIVED**
MAY 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S NOTICE AND MOTION  TO COMPEL
DISCLOSURE AND  PRODUCE SEARCH/REPORT OF
COMPUTER  GRAND  JURY  RECORDS  PURSUANT
TO 28 USC § 1361;  AND  WITHIN  60 DAYS
FED. RULES AND CIVIL PROCEDURES 12 (3)(A)

Comes now, the Plaintiff, Jasper Lloyd Dockery, and moves this Honorable Court, to compel the defendants to produce computer print outs of the Ministeral Records of the Grand Jurors, of the D.C. Superior Court, and the United States District Court For The District of Columbia, pursuant to 28 USC § 1361.

1. The Plaintiff have received a notice of appearance from Mr. Quan K. Long, Special Assistant United States Attorney's Office, Judiciary Center Building, 555 4th Street, N.W., Room E4417, Washington, D.C. 20530, and dated April 25, 2007.

2. Plaintiff ask that the court take notice that, the special assistants, "Notice of Appearance," fails to indicate that he/she is from the Unit of the Executive Office For The United States Attorneys Freedom of Information/Privacy Act Staff, at 600 E Street, N.W. Room 7300, Washington, D.C.  A unit within the Division of The United States Attorneys of The Department of Justice.

3. Plaintiff sincerely object and opposes Special Assistant Quan's appearance for defendants, on the grounds of violations of conflict of interest laws, where as

1.

assistant Quan, has been assigned to work in the same unit of the United States Attorneys Office, at 555 4th Street Division of Prosecutor Kenneth Kohl.

4. Mr. Kohl, is a former defendant and current advers hostile witness in Civil Action No. 97-CV-3584 (ARR), and acted with reckless disregard for his duty to the court, and defendants/plaintiffs with his discovery obligations by failing to disclose information in his own possession before the aforementioned court, proceedings sought by the defendant/plaintiff.

5. Mr. Kohl had fraudulently (subvert) the integrity and manipulated the courts criminal and civil rights laws of his selective discriminatory prosecution of (F153-96 and F536-96 cases in D.C. Superior Court), with knowledge that no probable cause had exited. This information is urgently needed in Civil Action No. 5:06-cv-140 currently pending in the United States District Court For The Northern District of West Virginia, in Dockery v. Al Haynes, Warden.

6. Special Assiantant Quans' notice fails to mention when the FOIA/PA Staff will provide the requested materials of the computer search/report and supporting affidavit of such search/report.

7. It has been over ten (10) months since Plaintiff made his initial Freedom of Information Act/Privacy Act (FOIA/PA) Request, and no evidence or information has been provided to the Plaintiff (other than the project request take nine (9) months in exception to the twenty (20) working days as required), when he could expect a response.

8. Plaintiff ask that the court compel the FOIA/PA Staff Attorney to be required to make a status report to the court on the progress of Plaintiffs FOIA/PA Request every sixty (60) days, indicating how many similar request were pending, how many have been disposed of over the previous sixty (60) day period, which personnel were handling the request, and how long FOIA/PA Staff expected it would be until Plaintiffs request will be answered. Dacosta v U.S. Dept. of Justice D.D.C. 1992, 782 F. Supp. 147.

**PLAINTIFFS NEED FOR EXPEDITED RESPONSE**

9. Plaintiff is asking the court to consider and set forth his request of exceptional need of urgency that, justified putting it ahead of all other request received by the FOIA/PA Staff, due to an April 28, 2005 Order by United States Magistrate Judge Ronne L. Mann, of the Brooklyn Federal Court, in Case No. 79-CV-3584 (ARR), which states in part, The parties shall file a response to the Dispositive Motion by May - June 2005, to which Plaintiff is one of the plaintiffs of the party in this case.

10. The requested information has not been produced to the Plaintiff, or disclosed to the District Court in the dispositive motion proceedings and/or reeport and recomen-dation (R&R) dated September 6, 2006. The information would have assisteed the District Court Magistrate to make the correct report and recommendation to the Judge. Plaintiff assert that the information would have been valuable to his defense Cross Motion For Summary Judgment. Open America v. Watergate Special Prosecution Force C.A. D.C. 1976, 547 F.2d 605, 178 U.S. App. D.C. 308.

11. Plaintiff does not proffer these hearings to be conducted ex parte in his absense or an attorney working on his behalf. He invoke Criminal Rule 6 (F), A petition to disclose a grand jury matter under Rule 6 (e)(3)(E)(i) court must afford a reasonable opportunity to appear and be heard to: (i) an attorney for the government; (ii) the parties to the judicial proceeding; and (iii) any other person whom the court may designate. Therefore, Plaintiff is requesting the court to appoint counsel to appear in his behalf because he is currently a prisoner being housed in another state, or in alternative issue a writ for my appreance.

Respectfully Submitted,

5/21/07
DATE

Jasper L. Dockery
Jasper L. Dockery Reg. No. 39631-053
United States Penitentiary
P.O. Box 2099
Pollock, Louisiana 71467

cc:  Quan K. Luong, Special Assistant
     United States Attorneys Office
     Judiciary Center Building
     555 4th Street, N.W.   Room E4417
     Washington, D.C.
     (202)514-9150

4

UNITED STATES DICTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jasper Lloyd Dockery
    Plaintiff,

v                                                                        Civil No. 07-0318 (ESH)

Alberto Gonzales,
U.S. Attorney General;
William G. Stewart II,
Assistant Director
    Defendants.

### PROPOSED ORDER CONCERNING PLAINTIFF'S ACTION TO COMPEL DISCLOSURE AND PRODUCE RESPONSIVE LIONS COMPUTER PRINT -OUT OF MINISTERAL RECORDS OF GRAND JURORS

#### REQUESTS

This matter having been opened to the court upon the motion of Plaintiff Jasper Dockery, pursuant to Federal Civil Judicial Procedure 28 U.S.C. §1361, to compel the defendants to provide this court and plaintiff the requested records of the Grand Jurors within sixty (60) days pursuant to F.R. Civ. P. 12(3)(A); on notice to all designated counsel of records; and the court have considered the papers filed in support of and in opposition to plaintiff's motion; and cause having been shown there -for:

It is on this _____ day of _____ 2007   **ORDERED** that, Defendants shall produce Lions Computer printout as requested by Plaintiff in his first, and second, extended request for production of computer printout with regard to the follow -ing categories:

1. Each date on which the Grand Jury convened in indictments No. F536-96; and obstruction of justice complaint warrant # U.S.W. 1061-95, Grand Jury Indictment and incorporated in F153-96.

1a.

2. Each date on which the grand jury was discharged by the Judge in the aforementioned cases; the name of the Judge that discharged the grand jurors in the above mentioned three (3) Superior Court Cases.

3. The names of the grand jury forepersons and deputy forepersons of indictments No. F536-96; and F153-96; and obstruction of justice complaint warrant # U.S.W. 1061-95 grand jury indictment and incorporated in F153-96.

4. The number of jurors concurred; and the number of jurors voted to indict, in indictments No. F536-96; and F153-96; and obstruction of justice complaint warrant # U.S.W. 1061-95, grand jury indictment and incorporated in F153-96.

5. The name of the Judge that the indictments were returned to in open (D.C. Superior) Court Cases F536-96; and F153-96; and obstruction of justice complaint warrant # U.S.W. 1061-95, grand jury indictment and incorporated in F153-96.

6. Each date on which the Judge appointed a juror to be the foreperson, and the other to be the deputy foreperson in case number F536-96; and F153-96; and obstruction of justice complaint warrant # U.S.W. 1061-95, grand jury indictment and incorporated in F153-96.

7. Lions Computer printout for January 23, 1996, arrest warrant issued by the United States District Court, for the District of Columbia, charging Dockery, Jasper with First degree murder. The search/report shall not be limited to the F.B.I.'S Centralized Criminal files.

8. Lions Computer printout for indictments returned in the United States District Court For The District of Columbia, charging Dockery, Jasper with First degree murder, the basis for a January 23, 1996 issuance of an arrest warrant. The search/report shall not be limited to the Bureau of the Department of Justice Central Criminal Records. See comp. ex 4 for complete search.

9. Lions Computer printout showing its report date and time for August 12,1995, a felony complaint and warrant # U.S.W 1061, issued for the arrest of Dockery, Jasper on August 14, 1995 by the United States District Court For The District of Columbia.

10. Each date extension of service was given to grand jury (in both courts) if any, and the experation date of such extension in the aforemention cases.

11. An affidavit is requested from the ecective officer of the United States Attorneys("**EOUSA**") United States Department of Justice Attorney on the Freedom of information Act and pricacy Act Staff, indicating the specific sort of search/report it has conducted; and it was done only by the freedom of information Act/privacy Act (FOIA/PA) Staff.

12. **Please provide the LIONS Computer report/printout with dates filed, and dates of search/report.**

It is further **ORDERED**, that a copy of this **ORDER** shall be served by the clerk of the Court, upon Defendants designated Counsel within seven(7) days of date of this **ORDER**. And **ORDERED** that Dockery's motion is hereby **GRANTED**.

_____
THE HONORABLE JUDGE HUVELLE

_____
DATE

Copies to:

Quan K. Luong, Special Assistant
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W. Room  E4417
Washington, D.C.
(202) 514-9150

4a.

# NOTICE - NOTICIA

TO:        USP POLLOCK INMATE POPULATION

FROM:      FREDRICK MENIFEE, WARDEN

SUBJECT:   LOCK DOWN OF INSTITUTION - APRIL 20, 2007

("Exh I")

Due to the recent incident, the USP will remain locked down and **ALL** privileges suspended until further notice.

**SUSPENDED PRIVILEGES** include, but are not limited to:
- **NO** TV          **NO** TELEPHONES       **NO** COMMISSARY
- **NO** ICE         **NO** HOT WATER        **NO** VISITING

The following **WILL OCCUR** daily:
- Sick call and medication distribution in the unit.
- Mail picked up and delivered.
- Bag lunches in cells.

**SHOWERS & LAUNDRY EXCHANGE** will be considered at a later time depending on the length of the lockdown and in accordance with Bureau of Prisons policy.

**************************

Debido al incidente reciente, la institucion seguira cerrado con llave en celdas y **TODOS** los privilegios suspendidos hasta nuevo aviso.

Los **Privilegios Suspendidos** incluyen, pero no se limitan:
- **NO** Television      **NO** Telefonos        **NO** Comisaria
- **NO** Hielo           **NO** Agua Caliente    **NO** Visitas

Lo siguiente **ocurrira diariamente:**

- Llamada para enfermos y distribucion de medicamentos en la unidad
- Correspondencia sera recogida y distribuida diariamente
- Bolsas de comida en la celdas

**El intercambio de las duchas y del lavadero** sera considerado mas luego dependiendo de la longitud del institucion este cerrado con llave y de acuerdo con la poliza de Bureau de prisiones.