UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASPER LLOYD DOCKERY,

        Plaintiff,            :

          V

U.S. DEPARTMENT OF JUSTICE FREEDOM   : Civil No. 07-0318(ESH)
OF INFORMATION/PRIVACY ACTS

               HONORABLE UNITED STATES JUDGE
        Defendant         ELLEN SEGAL HUVELL

                                 :

**RECEIVED**

AUG - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF DOCKERY'S OPPOSITION MOTION TO RESPONDENTS' ANSWER AND MOTION TO DISMISSED PLAINTIFF'S COMPLAINT

Plaintiff opposes respondents' answer and motion to dismissed his complaint on the basis of suit against an individual employee of a federal agency absolute immunity from claims arising out of acts they undertake in the course of their official duties.

1.    STATEMENT OF RELEVANT FACTS

a    On or about August 11, 2005 Plaintiff mailed a written request to respondents seeking information records. Submit herewith is request mark ex3, has 9 paragraph consists of information records he requested.

b    annex to ex 3, and mark ex 3, is a certification of identity that was processed by plaintiff.

c.    Subsequently to August 11, 2005 Plaintiff received a responsive letter from respondent, this letter is attach herewith and mark ex 1.

d.    Respondent's letter indirectly refused my request. And it clearly made reference whereas it refues to performed a duty. It clearly estab-

1.

lished an improper performance of duty, whereas it failed to provide simple public information requested within 20 days, as being exception can only being had in 9 month.

e.    On or about October 16, 2006 Plaintiff appeal respondent letter, by writing and protest respondent 9 month project request theory rather than its normal 20 days requirement mandated by its statute. Submit herewith is the letter mark ex 2.

f.    Respondent failed to litigate this mater in its motion and answer, create a genuine issue of material facts warranting a trial as to the respondent failure to performed a duty that was requested; and/or it performed an improper performance of duty.

### ARGUMENT

11.  THE RESPONDENT HAS MISSTATED AND IGNORED THE RELEVANT LEGAL STANDARD.

g    In its opposition answer and motion to dismissed plaintiff's claim, respondent ignores controlling legal authority and statute concerning a a statute against an individual employee of a Federal agency, and its is well settled that only Federal agency are proper party defendants in FOIA/PA litigation.

h.    Plaintiff concede it is true, but because plaintiff's failure to name the proper party, it does not make his complaint becomes fatel. Plaintiff respectfully, move for the U.S. department of Justice freedom of information Act Privacy Act to be substitute itself for Mr. Stewart, and Mr. Gonzales, under the Westfall Act.

2.

i.    Plaintiff invoke the Westfall Act which accords Federal employees absolute immunity from commonlaw tort claim arising out of acts they undertake in the course of their official duties. THOMAS P. ATHRIDGE V. AETNA CASUALTY AND SURETY CO, Civ. A. 92-2708(2007)id at p. 96. quoting OSBORN V. HALEY__US,___,127 S.Ct. 881, 887, 166 L Ed.2d 819(2007)(the Act permit the Attorney General to certify that a Federal employee against whom a tort claim has been asserted "was acting within the scope of his office or employment at the time of the incident out of which the claim arose". 28USC § 2679(d)(1):

> Upon such certification the action "shall be deem an action against the United States under the provisions of this title and all refences thereto, and the United States shall be substituted as the party defendant" id. "Once the United States is substituted, the plaintiff exclusive remedy is under FTCA.

j.    The foregoing exclusive remedy provision is subject to two exceptions. The FTCA "is not the exclusive remedy for tort committed by Government employees in the scope of their employment when an injured plaintiff brings"(1) a bivins action, seeking damages for constitutional violation by Government employee; or (2) an action under federal STATUTE that * * authorized recovery against a Government employee. THOMAS V. AETNA CASULTY AND SECURITY Co. Civ. A. 92-2708(2007) id at P.96 quoting United States V. Smith, 499 U.S. 160, 166-67, 111 S. Ct. 1180, 113 L Ed.2d 134(1991)(emphisis in original; footnote omitted) See also 28 USC § 2679(b)(2).

k.    SEE ALSO GUTIERREZ DE MARTINEZ V. LAMAGNO 515 US 417, 132 L Ed 375, 115 S Ct 2227(1995)(Held With respect to a civil action or proceeding against a federal employee who has allegedly caused an injury, a provision of the Federal Employees Liability Reform and Tort Compen-

sation Act of 1988(Westfall Act)(28 USCS § 2679(d)(1) provides that

(1)   the Attorney General is authorized to certify that the employee was acting within the scope of employment at the time of the incident out of which the claim arose; and

(2)   upon such certification, the civil action or proceeding shall be deemed an action against the United ** States and the United States shall be substituted as the party defendant.

The Attorney General is not obligated under § 2679(d)(1) to conduct any proceeding with regard to the scope of employment question. Under another Westfall Act provision (28 USCS § 2679(d)(4), a case in which there has been such certification and substution proceeding in the same manner as any action against the United States filed pursuant to a Federal Tort Claims Act(FTCA) provision(28 USCS § 1346(b)) and is subject to the same exception * * applicable to such an action.)

111.   DEFENDANT SECOND AFFIRMATIVE DEFENSE STATES PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

1.   The court is ask to deny defendant/respondent's answer and motion to dismissed as being submitted for summary judgment because it has failed to satify its substantial burden of proof pursuant to federal rule of civil procedure 56.

m.   Federal Rule Civil Procedure 8(a) claims for relief states in part, a pleading only require a pleader(1) short and plain statement of grounds upon which the court's jurisdiction depends. And (2) a short and plain statement of claim showing that pleader entitle relief.(See HITE V. LEEDS WELD EQUITY PARTNERS, IV, LP 429 F.Supp.2d 114(D.D.C. 2006)(quoting Keach V. U.S. Trust Co. 245 F.Supp.2d 941, 945(C.D.Ill.2003) state in part Rule 8 requires only that the complaint contain a "short and plain statement).

PLAINTIFF COMPLAINT PROPERLY STATES THE REQUEST SOUGHT

n   Not only plaintiff original complaint states the request he need, but the first amend complaint state new facts and improper conduct by

4.

defendant. Example, there exist critical disputed issue of material fact regarding the key incident delay between the date of 20 working day and 9 month project request. notwithstanding the fact the request had not provide to plaintiff as of the current time and date, violation of statutory construction. Or improper performance of duty under statutory promulgation. that forms the basis for plaintiff's claims.(SARKISIAN V. UNITED STATES 472 F.2d 468-69(1973)(Nine-month delay between date of completion of customs investigation and filing of forfeiture action by Government was too great in view of requirement that collector act promptly in referring matter to government attorney.)

IV. RULE 56(f) PRECLUDES THE ENTRY OF SUMMARY JUDGMENT.

o.    Rule 56(f) precludes the entry of summary judgment where as here, a party has not had descovery to develop facts in support of cause of action that, if established, would demonstrate a congnizable claim of (delay) refusal to performed a public duty; and improper performance of duty.

p.    Plaintiff already has alleged facts sufficient to support a finding of  delay/tacit  and/or refusal to performed a public duty; an improper performance of duty. For all of these reasons, defendant's motion to dismissed and/or summary judgment shall be promptly denied, and plaintiff be permitted telephone pretrial Conference on how to proceed in the case on discovery, pursuant to Fed.R.Civ.P.16, states in part, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a * * * conference or conferences before trial for such purposes as See (b) (1)(2)(3) to complete discovery.

5.

q.    Moreover, guiding precedents do not support respondent-defendant's suggestion that deficiencies in pleading regarding the basis for naming individual employee of Federal agency as defendant required the entry of (summary judgment) dismissal here, as the United States Supreme Court has held that "under the Federal Rules, the purpose of pleading is simply to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest" not to state in detail the facts underlying a complaint).(See e.g., LEATHERMAN V. TARRANT CONTY NARCOTICS INTELLIGENCE & COORDINATION UNIT 122 LED2D 517(1993);(ATCHINSON V. DISTRICT OF COLUMBIA 315 U.S. APP.DC 318, 73 F.3d 418(DC Cir.1995); Fed.R. Civ.P.8)).

r.    To the extend the defendant avers ignorance(of the basis for FTCA and Westfall Act. See Pub. L. No. 100-694,107 Stat. 4563(1988), Codified at 28 USCS § 2679(d)(5)) the plaintiff has now move immediately to amend his complaint to state, with heightened clarity, the proper party defendant, and facts sufficient to demonstrate that the defendant was well aware that it was performing an improper performance of duty. It was awere that its conduct adds up to intentional tacital/delay. And refusal to performed a public duty, and adopted acquiesced in a practice or policy of permitting such acts to continue that causes the injury to plaintiff. (CONLEY V. GIBSON 355 US, 41,48, 2LED2D 80, 78 S. Ct. 99(1957).(The defendant will suffer no prejudice to defend the issue in the amend complaint).

V.    THERE ARE SIGNIFICANT DISPUTES CONCERNING MATERIAL FACTS THAT WILL ONLY BE RESOLVED BY THE TRIER OF FACTS.

s     Significant disputes exist concerning material facts central

6.

to the resolution of this action. These disputes may only be resolved by the trier of fact. For example, Plaintiff swears that defendant, tactical/delay amount to intentional refusal to performed a public duty he has requested; in addition it performed an improper perform- ance of duty, requested by plaintiff. See DONHAM V. US DEPT OF ENERGY 192 F.Supp.2d 877-80(S.D. Ill.2002)

> In 1996, Congress amended FOIA and tightened the standard for ob- taining a stay by defining the term "exceptional circumstances" so as to exclude any "delay that results from a predictable agency * workload of requests ... unless the agency demonstrates reasonable progress in reducing its back log of pending requests" 5 U.S.C. § 552(a)(6)(C)(ii).

> In Fiduccia V. U.S. Department of Justice, 180 F.3d 1035(9th Cir. 1999),(the Ninth Circuit held that the District Court's grant of an "Open America" stay was error. FIDUCCIA, 185 F.3d at 1041. ** The Court acknowledged that defendant agency's backlog of cases, "practical difficulties" and the agency's inadequate resources, but held that these problems did not constitute "exceptional cir- cumstances".)

## VI.    RIGHT OF ACCESS TO RELATED DOCUMENTS.

t.    The first amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be had and/or ob- served.(WASHINGTON POST V. ROBINSON 935 F.2d 287-89(D.C. Cir.1991)).

## VII.    The Court is respectfully ask to deny defendant's answer and motion to dismissed on the groung that significant issue of material facts remain to be resolved by the trier of facts.

## VII.    DISCOVERY REMAIN TO BE HAD.

u.    In addition defendant's motion to dismissed was made with full

7.

knowledge that discovery had not start. The plaintiff has yet to receive certain documents and/or requested information. If the material requested is nonexistence, defendant could well make it economicial for tax-payor and provided plaintiff with an affidavit stating the record/informations are nonexistence and the specific sort of searches were conducted to locates the records.

v.    In Crawford-EL V. Britton 523 U.S. 574(1998)(The Supreme Court states, Courts may postpone all inquiry regarding the Official's sub-jective motive until discovery has been had on objective factual quest-ions such as whether the plaintiff suffered any injury or whether the plaintiff actualy engaged in protected conduct that could be the object of <u>unlawful retaliation</u>).

w.    Mr. Dockery is most likely engaged in protected conduct that could be the object of unlawful(revenge) retaliation.

IX.    INVESTIGATION OF CRIMES INVOLVING GOVERNMENT OFFICERS AND EMPLOYEES.

x    The Attorney General and the Federal Bureau of investigation may investigate any violation of Federal criminal law involving Government officers and employees—

(1) notwithstanding any other provision of law; and

(2) without limiting the authority to investigate any matter which is conferred on them or on a department or agency of the Government.

(b) Any information, allegation, matter, or complaint witnessed, dis-covered, or received in a department or agency of the executive branch of the Government relating to violations of Federal criminal law involving Government officers and/or employees shall be expeditiously reported to the Attorney General by the head of the department or agency, or the * * * witness, discover, or recipient, as appropriate, unless—

(1) the responsibility to perform an investigation with respect thereto is specifically assigned otherwise by another provision of law; or

(2) as to any department or agency of the Government, the Attorney General directs otherwise with respect to a specific class of information allegation, and/or complaint.(28 U.S.C. § 535)

8.

## CONCLUSION

For the reason set forth above, Plaintiff respectfully requests that this Court deny Defendants' motion to dismissed the complaint and Order Plaintiff and defendant to conduct discovery.

Respectfully submitted,

JASPER LLOYD DOCKERY
#39631-053
United States Penitentiary
P.O. Box 2099
Pollock LA 71467.

July 19, 2007

9.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

JASPER LLOYD DOCKERY

          Plaintiff,

          v.

U.S. DEPARTMENT OF JUSTICE FREEDOM
OF INFORMATION/PRIVACY ACTS(FOIA/PA)

          Defendant

:    Civil #07-0318(ESH)

:    AFFIDAVIT OF PLAINTIFF
   IN SUPPORT OF PLAINTIFF
   OPPOSITION MOTION AND TO
:    DENIED DEFENDANT'S MOTION
   TO DISMISSED COMPLAINT.

:

JASPER DOCKERY, being duly sworn, hereby deposes and says:

1.    I am the plaintiff in this case, and I make this affidavit
in support of my motion for opposing defendant/respondent's
motion to dismissed his complaint requesting document and infor-
mation.

2.    That because Defendant/respondent failed to provide plaintiff
with the essential part of discovery, the plaintiff cannot stated,
or presented by affidavit facts essential to justified his opposit-
ion. The record herein disclosed that the moving party had over-
looked the requested material that would provide relevant informat-
ion for nonmoving party at trial, the court shall not find that the
defendant/respondent discharged it initial burden of production, *
unless defendant/respondent sought to demonstrate the inadequacy of
requested information/materials requested.

3.    Absent such a demonstration, summary judgment dismissal shall
be denied on the ground that the answer-moving party had failed to
meet its burden of production under Rule 56(f).

    Plaintiff solemnly declare under penalty of perjury pursuant
to 28 U.S.C. § 1746(2) that the contents and statement made in this
affidavit is true and shall be construed to facts and law stated
herein, in supportive of his foregoing pleading, responses, amend
complaint, and/or leave to amend complaint.

              Respectfully submitted

              Jasper L. Dockery
              #39631-053
              United States Penitentiary
              P.O. Box 2099
              Pollock LA 71467.      7/19/07.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASPER LLOYD DOCKERY

        Plaintiff,               :

        V.

U.S. DEPARTMENT OF JUSTICE FREEDOM    :  Cicil Action No. 07-0318(ESH)
OF INFORMATION/PRIVACY ACTS(FOIA/PA)

                         AFFIDAVIT OF SERVICE

_____Defendant_____    :

WASHINGTON D.C.        )
                     ) ss.:
DISTRICT OF COMUMBIA   )

      Jasper L Dockery being duly sworn, deposes and says:

      That deponent is the plaintiff in the above caption case, and he is held prisoner at United States Penitentiary, P.O. Box 2099, Pollocl Louisiana.

      That on the19day of July, 2007 deponent served the within verified opposition motion for plaintiff on defendant/respondent, and news people:

CC: Mr. Mike Wallace
60 Minutes News
524 West 57th Street
New York, N.Y. 10019.

CC: Mr. Craig A. Moon
President and Publisher
USA TODAY NEWS
P.O. Box 1044 McLean, Va 22101-8444.

Jeffery A. Taylor, D.C. Bar#498610
United States Attorney.

Rudolph Contreras, D.C. Bar#434122
Assistant United States Attorney

Quan K. Luong
Special Assistant United States Att
555 Fourth Street, N.W. Room E-4417
Washington, D.C. 20530.

_____
Jasper L Dockery
United States Penitentiary
P.O. Box 2099
Pollock LA 71467.        11.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASPER LLOYD DOCKERY )
#39631-053 )
U.S.P. Pollock, POB 2099 )
POLLOCK, LA 71461. )
(Enter your full name, prison number
and address)

Civil Action No: *1:07-cv-318*

v.

ALBERTO GONZALES, U.S. )
Attorney General;William )
G. Stewart II Acting )
Assistant Director. )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1).    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you must submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

## I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes ( )      No ( X )

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (   )      No ( X )

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs:    JASPER L. DOCKERY

Defendants: PAMELA REED; PHYNIAS YOUNG; NATHAN TUCKER; AND DISTRICT OF COLUMBIA GOVERNMENT.

2.    Court (If federal court, please name the district; if state court name the county.) EASTERN DISTRICT OF NEW YORK, BROOKLYN EAST.

3.    Docket number:    CV973584.

4.    Name of judge to whom case was assigned: Ross J.

2

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)  Pending.

6. Approximate date of filing lawsuit: ___1997. __September.

7. Approximate date of disposition: _____ currently pending.

## III.  PLACE OF CONFINEMENT

U.S.P. Pollock  -
P.O.B. 2099, POLLOCK LA 71461:

A. Is there a prisoner grievance procedure in this institution? Yes ( ✓ )    No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Questions III, B, C and D and go to Question III E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes ( X )    No ( )

C. If your answer is Yes to Question III B:

1. To whom and when did you complain? ALBERTO GONZALEZ & WILLIAM STEWAR U.S. ATTORNEY GENERAL, & FREEDOM OF INFO/PRIVACY ACT STAFF

2. Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes X     No ( )

3. What, if any, response did you receive? (Furnish copy of response, if in writing.)  In effect, his request has been denied since it was not processed within the specific time of the Act, 5 U.S.C. § 552(a)(6)(A).(See ex 1, responsive.

4. What happened as a result of your complaint? I have to wait 9 month to process project request, but it is not project request. It is simple computer search request.

D. If your answer is No to Question III B, explain why not. _____

_____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes    No ( )

F. If your answer is Yes to Question III E;

1. To whom and when did you complain? WILLIAM G.STEWART ATING ASSISTANT DIRECTOR, AND I APPEAL TO HIS SUPERVISOR OF FOIA/PA. See Plaintiff ex 2.

3

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

This action is brought pursuant to the Freedom of Information Act, as amended, 5 U.S.C § 552, et, seq, and 28 U.S.C. § 1361. Plaintiff's is seeking to compel the United States Department of justice(DOJ), to dis- close and produce by LIONS computer printout, each dates grand jury con- vened in indictments No. F536-96; F153-96 and hence USW No: 1061-95, Superior court of District of Columbia. Each date the grand jury was discharged by the judge; the name of judge discharged the grand jury in indictments No. F536-96; f153-96 and hence inter alia, the name of the judge that discharged the grand jury that incorporated the obstruction of justice charge USW No: 1061-95 with f153-96 indictment. The name of grand jury foreperson and deputy foreperson in inictments No. F536-96, f153-96; and hence the names of grand jury foreperson and deputy fore- person that incorporated obstruction of justice U.S.W. (SEE ATTACH PAGE)

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

Pursuant to § 1361 compel Alberto Gonzalez and William Stewart, to dis- close the responsive record as requested. failure to comply with the 20 day limit should not be excused and this court should enter summary judgment in favor of Dockery and compel respondents to make full and complete response within twenty days of the summary judgment. in 1996 congress amended FOIA and tightened the standard for obtaining stay by defining the term "exceptional circumstances" to exclude delay results from predictable agency workload of request unless the agency demonstrate reasonable progress in reducing its back log pending request. 5 USC § 552(a)(6)(C)(ii). Dockery cannot for reason stated by affidavit facts essential to justify his opposition absent the requested material. Under Rule 6(e) responsive is needed to avoide a possible injustice in another Judicial proceeding.

Signed this _____ 1 day of JANUARY, 2007

_Jakker Dockery_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

1/4/07
(Date)

_Jakker Dockery_
(Signature of Plaintiff)

(ATTACH PAGE)

No. 1061-95 with murder indictment f153-96 D.C. Superior Court. The number of jurors concurred, and voted to indict, in indictments No. F536-96, f153-96, and hence the number jury voted to indict, in the obstruction of justice indictment incorporated U.S.W. No.1061-95 with f153-96 indictment. The name of judge indictments returned in open court in indictments No. F536-96, f153-96, and hence the name of judge indictment return in open court in obstruction of justice indictment its affidavit warrant number is U.S.W No. 1061-95 and was allegedly incorporated with f153-96 indictment. The dates the judge appoint jury to be foreperson and deputy foreperson, in indictments no. F536-96, f153-96, and hence obstruction of justice indictment its warrant No. U.S.W. 1061-95 incorporated with F153-96 indictment. the date extension of service was given to the grand jury if any, and its expiration date of such extention, in indictments No. F536-96, f153-96 and hence the obstruction of justice indictment, its warrant number U.S.W. No. 1061-95 incorporated in f153-96 charged.

This requests were made on August 11, 2005, by plaintiff. Submit herewith is a copy of the plaintiff's original request, mark ex 3. On about October 12, 2006 plaintiff received letter from William G. Stewart II Acting Assistant Director, claiming EOUSA makes every effort to process most requests within a month (20 working days). And there are some exceptions, for example, project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually project requests. See ex 1.

The requested information sought by the requester should not be construed to be some exception to the 20 working day period. The requester only sought computer search and printout of grand jury's * * * dates, information reflecting empanelling, extention, the dates of indictments returns. Plaintiff ask that the request be extended to * * search in the United States District Court for the District of Columbia issuing warrants for Jasper Dockery arrest based on indictment return for first degree murder on about January 5, 1996 and January 23, 1996. Please provide him with serch of responsive record, from the computer case tracking system used to determine all possible location of responsive record. The specific computer case tracking system utilized in ** searching for all of Dockery's requests namely the Legal Information Office Network System(LIONS). Submit herewith is a copy of Declaration of Teresa L. Davis in a matter of RONALD MITCHELL, V. JOHN ASHCROFT, US ATTORNEY GENERAL, confirm searching by the LIONS, Dockery now invoke. mark ex 4 is the declaration.

2.    Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes (      No ( )

3.    What, if any response did you receive? (Furnish copy of response, if in writing.)
_____

4.    What happened as a result of your complaint? _____
_____
_____

## IV.   PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: Jasper L. Dockery #39631-053
     Address: U.S.P. Pollock, P.O.B. 2099, Pollock, LA 71461.

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.    Defendant: Alberto Gonzales,
United States Attorney General
Address: 950 Pennsylvania Ave N.W. Washington DC 20530-#5111.
_____

Defendant: William G. Stewart II
Acting Assistant Director, Ununted State Attorney Act (FOIA/PA)

Address: FOIA/PA Executive Office for US Attorneys, Department of
Justice, 600 E Street, NW, Room 7300 Washington, DC 20530-000

Defendant: _____
_____
Address: _____
_____

Defendant: _____
_____
Address: _____
_____

## V.   STATEMENT OF CLAIM

6



*Ex 1*

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 06-3059        Requester: Jasper Dockery

Subject:  Self (grand jury dates, indictment)/DDC

  The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

  Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

  EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

  By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

        Sincerely,

        *William G. Stewart*

        William G. Stewart II
        Acting Assistant Director

              Form No. 001 -1/06

Ex 2

JASPER DOCKERY
#39631-053
UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK, LOUISIANA 71467

ALBERTO GONZALEZ
U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,
FREEDOM OF INFORMATION/PRIVACY ACT STAFF
WILLIAM G. STEWART II ACTING DIRECTOR
600 E. STREET, N.W. ROOM 7300
WASHINGTON, D.C. 20530

Re: <u>Jasper L. Dockery v. Alberto Gonzalez</u>
    Request No: 06-3059

Please take notice that this correspondence is an appeal to the
head of the agency or his or her designee, in response to corr-
espondence received from William G. Stewart II, acting assistant
director, states that my request will be placed in the order in
which it was received for processing, unless it is a very large
request i.e. a (project request). Then it will be placed in a
separate group of project requests, which are also processed in
the order so received. EOUSA makes effort to process most requests
within a month ( 20 working days). There are some exceptions, for
example, project requests take approximately nine months to proce-
ss. Requests for " All Information About Myself In Criminal Case
File" are usually project request.

The requested information sought by the requester should not be
construed to some exception to the 20 working day period. The
requester only sought computer printouts of grand jury's termi-
nation dates; computer printouts of ministerial grand jury mater-
ial, such as information reflecting empanelling, extention, the
dates the indictment was returned in court, judge's name to whom
indictment was returned, names of grand jury foreperson, and
deputy grand jury foreperson; none of which should be considered

EX 2

to be a project request. In order to comply with this request,
the legal assistant in the USAO/SDIL conducted a systematic
search to determine the location of any and all responsive doc-
uments which might answer Mr. Dockery's questions. In conducting
a search for responsive records, the computer case tracking sys-
tem used to determine all responsive location of responsive rec-
ords. The specific computer case tracking system utilized in
searching for records pertaining to Mr. Dockery and his FOIA
request is the Legal Information Office Network System (LIONS).
LIONS tracks all cases and matters opened and closed in the USAO
and AUSAO for the District of Columbia, Washington D.C.

The LIONS database contains fields for the retrieval of inform-
ation based on defendant's name, USAO AND AUSAO numbers, and court
case number. In addition, the legal assistant shall conduct a
manual search of the Card File Index that was used prior to the
implementation of the LIONS computer system. The legal assistant
is required to check to ensure that no responsive records had
been sent to the Federal Record Center and/or FBI Central Crim-
inal File. In addition the legal assistant shall email each cri-
minal AUSA in  the USAO/SDIL to determine if any of them knew
other possible locations of responsive records. Please provide
requester with copy of LION'S computer printout from the search.
The FOIA permits an agency to extend the time limits up to 10
days in unusual circumstances. These circumstances (does not ex-
ist herein the instant matter of Dockery) include the need to
collect records from remote locations, review large numbers of
and consult with other agencies. The law allows this requester to

Q

EX 2

consider that his request has been denied if it has not been decided within the proper time limits. That is the so-called exception namely 'project request'.

P.S. The response to my request was not dated. However, the post-mark on the envelope was dated: 10/14/06. Please make record of this for future reference.

Sincerely,

*Jasper Dockery*

Jasper Dockery

Date:10-16-06

# FREEDOM OF INFORMATION ACT REQUEST

*EX 3*

Date: **8/11/05**

Name of Agency: **United States Attorneys' Office**

Address: **950 Pennsylvania Ave N.W.**

City/State/Zip: **WASHINGTON D.C. 20530 #5111**

Dear Sir or Madam:

This is a request, under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

1.    Each dates the grand jury convened in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

2.    The date the grand jury was discharged by the Judge; the name of Judge that discharged the grand jurors in indictments No. F536-96; and F153-96 Superior Court of District of Columbia. (See attach page 1A for additional information)--------

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

*Jasper L Dockery*
(Name)

**#39631053**
ID Number                      (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

*11*

Ex 3

PAGE 1A.

3.  the name of the grand Jury foreperson; and the name of the grand jury deputy foreperson in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

4.  the number of jurors concurred; and the number of jurors voted to indict, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

5.  the name of Judge indictments returned in open Court in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

6.  the dates the Judge appoint one of the Jury to be the foreperson and the other to be deputy foreperson, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

7.  the date extension of service was given to the grand jury if any, and the expiration date of such extention, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

8.  Please provide me with all the computer printout of these request.

*Jasper L Dockery*
8/11/06

P.S.

9.  Please provide me with computer records and other record responsive from grand jury commission in D.C. Superior Court regarding grand jury return indictment on January 5, 1996 #F536-96; and January 23, 1996 #F153-96, UNITED STATES V. DOCKERY JASPER L Docket entry with the above requested information 1-9.

12

EX3

U.S. Department of Justice

## Certification of Identity



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] Jasper Lloyd Dockery

Current Address United States Penitentiary, P.O. Box 2099, Pollock, Louisiana 714__

Date of Birth 10/20/1946.

Place of Birth Jamaica W.I.

Social Security Number [2] 053-4785

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3] Jasper L Dockery                    Date 8/11/06

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD MITCHELL,                    )
                                    )
            Plaintiff,              )
                                    )
                                    )    Case No. 1:02cv00501
                                    )
JOHN ASHCROFT,                      )
ATTORNEY GENERAL                    )
DEPARTMENT OF JUSTICE               )
                                    )
            Defendant               )

---

## DECLARATION OF TERESA L. DAVIS

I, TERESA L. DAVIS, declare the following to be a true and correct statement of facts:

1)    I am an attorney with the Executive Office for United States Attorneys ("EOUSA"),

United States Department of Justice. I am an attorney on the Freedom of Information Act and

Privacy Act staff. My responsibilities include reviewing Freedom of Information Act/Privacy

Act ("FOIA/PA") requests for access to records located in this office and in 93 United States

Attorneys' Offices ("USAOs") and handling litigation arising from these requests. The

statements I make are based on my review of the official files and records of EOUSA, my own

personal knowledge, and knowledge I acquired through the performance of my official duties.

2)    This declaration addresses Mr. Mitchell's Civil Complaint dated February 16, 2002.

Due to the nature of my official duties, I am familiar with procedures followed in responding to

the FOIA/PA request made by Mr. Mitchell.

3)    By letter dated June 15, 1998, Mr. Mitchell made a FOIA request to EOUSA

whereby he sought records pertaining to his criminal prosecution: United States v. Mitchell, No.

A-3

E<4

84-CR-30005. (Exhibit A attached). Specifically, Mr. Mitchell sought the date that the March 1984 grand jury was convened, the name of the grand jury foreman, and the expiration date of the grand jury. Exhibit A. Mr. Mitchell indicated that he was prosecuted by the USAO for the Southern District of Illinois ("USAO/SDIL").

4)    On July 21, 1998, EOUSA denied Mr. Mitchell's FOIA request on the basis that Mr. Mitchell requested grand jury material protected by FOIA Exemption 5 U.S.C. § 552(b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e). (Exhibit B attached).

5)    By letter dated August 2, 1998, Mr. Mitchell appealed EOUSA's determination to the Office of Information and Privacy ("OIP"). (Exhibit C attached). By letter dated November 14, 2000, OIP informed Mr. Mitchell that his administrative appeal had been delayed due to administrative error, and OIP inquired as to whether Mr. Mitchell was still interested in the records he had requested. (Exhibit D attached). By letter dated November 21, 2000, Mr. Mitchell informed OIP that he was still interested in the requested records. (Exhibit E attached).

6)    Mr. Mitchell commenced this action on February 16, 2002.

7)    EOUSA directed the USAO/SDIL to search for records responsive to Mr. Mitchell's request. Initially, the USAO/SDIL did not locate responsive records, and on April 10, 2002, EOUSA notified OIP of the results of the search.

8)    By letter dated June 24, 2002, OIP informed Mr. Mitchell that no records could be located which were responsive to his request, and OIP suggested that Mr. Mitchell seek his records in the United States District Court in which he was tried. (Exhibit F attached).

9)    In order to be absolutely certain that the USAO/SDIL had conducted a complete search, EOUSA directed the USAO/SDIL to conduct another search for records which might be

2

A-4

Ex 4

responsive to Mr. Mitchell's FOIA request. A Legal Assistant for the USAO/SDIL conducted another thorough search for responsive records. She located Mr. Mitchell's indictment which reveals the name of the foreperson. The Legal Assistant was unable to locate any records that revealed the date the Grand Jury was convened and the Grand Jury's expiration date. The Legal Assistant forwarded the indictment to EOUSA, and EOUSA released the indictment to Mr. Mitchell on January 31, 2003. (Exhibit G attached).

10)    Although Mr. Mitchell's FOIA request only sought three items of information (the date the Grand Jury convened, its expiration date, and its foreperson), Mr. Mitchell's Civil Complaint represents that his FOIA request also sought "(4) the numbers of jurors [who] voted for a true bill in case no. CR-84-30005 and (5) the name of the Judge the indictment was returned before in open court." See Complaint. EOUSA has not directed a search for records revealing the numbers of jurors or the name of the Judge because Mr. Mitchell has not made a FOIA request for those items. Accordingly, EOUSA interprets those two items as beyond the scope of Mr. Mitchell's civil action.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

11)    The records searched, and the document ultimately released to Mr. Mitchell, were maintained in the USAO/SDIL's Criminal Case File System (Justice/USA-007) entitled United States of America v. Mitchell, No. 84-30005.

### ADEQUACY OF THE SEARCH

12)    In order to comply with Mr. Mitchell's FOIA request, the Legal Assistant in the USAO/SDIL conducted a systematic search to determine the location of any and all responsive

A-5

documents which might answer Mr. Mitchell's questions. In conducting a search for responsive records, the computer case tracking system was used to determine all possible locations of responsive records. The specific computer case tracking system utilized in searching for records pertaining to Mr. Mitchell and his FOIA request was the Legal Information Office Network System (LIONS). LIONS tracks all cases and matters opened in the USAO for the Southern District of Illinois.

13) The LIONS database contains fields for the retrieval of information based on defendant's name, USAO number, and Court case number. The LIONS system listed #84-30005 as pertaining to Mr. Mitchell. The Legal Assistant retrieved the case file pertaining to #84-30005, and she searched through the entire file for records containing the requested information.

14) To insure that an adequate search was conducted for all records requested, the Legal Assistant also conducted a LIONS search under Mr. Mitchell's alias: Ronald White. In addition, the Legal Assistant conducted a manual search of the card file index that was used prior to the implementation of the LIONS computer system. She also checked to ensure that no responsive records had been sent to the Federal Records Center. Finally, she emailed each criminal AUSA in the USAO/SDIL to determine if any of them knew other possible locations of responsive records.

15) The Legal Assistant ultimately concluded that the only records possibly responsive to Mr. Mitchell's FOIA request would be records maintained in Mr. Mitchell's criminal case file, #84-30005. Upon conducting a thorough search of the documents contained in the case file, the Legal Assistant only located one responsive document: the indictment. I concur with the assessment of the Legal Assistant that if other responsive records existed, the Legal Assistant would have located them.

4

A-6

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of February, 2003.

TERESA L. DAVIS
Attorney
EOUSA, FOIA/PA Unit

5