UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASPER LLOYD DOCKERY, X | |
| Plaintiff | Civil No.07-0318(ESH) |
| V. | HONORABLE U.S. JUDGE |
| X | ELLEN SEGAL HUVELL |
| U.S. DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR FREEDOM OF INFORMATION/PRIVACY ACT. | |
| Defendant X | |

RECEIVED
AUG - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION FOR LEAVE TO FILE FIRST AMEND COMPLAINT

Comes now the Plaintiff herein, Jasper Dockery, respectfully moves this Court pursuant to Rule 15(a) of the Federal Rules of Civil procedure for leave to file his first amend complaint in the above-captioned action. Pursuant to local Rule 108(i), a copy of the first amend complaint is attached hereto.

This court is ask to send Plaintiff a copy of the court's local rule.

Rule 15 of the Federal Rules of Civil procedure states in part, if a responsive pleading already has been served, "a party may amend the party's pleading only by leave of court...and leave shall be freely given when justice so requires."

In the instant matter, plaintiff request leave of court to file the first amended complaint, because he fails to identified the proper party defendant and naming the Attorney General Gonzales, and acting assistant director Stewart, as defendants, whereas he should have named the U.S. Department of Justice Freedom of infor-

a.

mation ACT(FOIA/PA).

In Firestone V. Firestone, 76 F.3d 1205(D.C.Cir.1996)(the U.S. Court of appeals for the District of Columbia Circuit reversed the district Court's order denying a plaintiff's motion to amend quoting Forman V. Davis 371 US 178(1962)).

U.S. EX REL. TOTTEN v. BOMBARDIER CORP. 286 F.3d 553(DC Cir.2002) (The court remand the case with instructions that leave be granted to amend the complaint);(TINGLEY SYSTEMS, INC v. CSC CONSULTING, INC.152 F.Supp.2d 116 (D.Mass.2001)(Software licensor allowed to amend complaint so as to include fraud claim learned of in discovery).

In the instant matter, Plaintiff filed his original complaint pro se on about 1 January 2007. Defendant's answer was filed about July 5, 07, and it is not clear who submitted the answer because it is not sign as required by rule 11, of civil procedure.

Plaintiff has made a premature motion to compel disclosure, and the court denied the motion on about June 5, 07.

See JACKSON V. DISTRICT OF COLUMBIA 254 F.3d 267(D.C.Cir.2001) (Held Court of Appeals reviews district court's decisions regarding amendments of pleadings for abuse recognizing that leave to amend should be freely given when justice so requires absent any apparent or declared reason, such as undue delay, bad faith, or undue prejudice to opposing party.)

b.

As soon as plaintiff received the notice of the defects in the complaint, (with the exception of USP Pollock was on lock down status for a week from early part of July, 07, and the defendants have been sending his mail to the wrong penitentiary USP Hazelton rather USP Pollock) without undue delay and as soon thereafter Plaintiff amend the complaint to states proper party defendant/agency FOIA/PA Act.

Plaintiff's motion is made in good faith and without dilatory motive. Moreover, the case have not gone through discovery process as yet. In addition, defendant will suffer no prejudice whatsoever in having the U.S. Department of Justice executive Office for the United States Attorneys Freedom of information privacy act substitute as defendant. See Atchinson V. District of Columbia 78 F.3d 418, 425 DC Cir.1996).

WHEREFORE, for the reasons set forth above, plaintiff requests that the motion for leave to amend the complaint be granted.

Respectfully submitted

Jasper L. Dockery
U.S. Penitentiary
P.O. Box 2099
Pollock LA 71467.

7/19/07.

c.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASPER LLOYD DOCKERY,                          X

       Plaintiff                              X

   v.                                          Civil No.07-0318(ESH)

                                                X
U.S. DEPARTMENT OF JUSTICE EXECUTIVE           HONORABLE U.S. JUDGE
OFFICE FOR FREEDOM OF INFORMATION/PRIVACY ACT  ELLEN SEGAL HUVELL

       Defendant                              X

### FIRST AMENDED COMPLAINT

Plaintiff Jasper Lloyd Dockery undersigned, for his first amended complaint against defendant U.S. Department Of Justice Freedom of Information/privacy Act("FOIA/PA"), states and alleges as follows:

### INTRODUCTION

1. This complaint is being made under both the privacy Act of 1974 and the freedom of information Act, against defendant U.S. Department of Justice FOIA/PA for violation of refusal to performed a duty requested information by Mr. Dockery. And 5USCS §551(1) exception[5USCS §552]--(E) agencies compose representative of parties.

### JURISDICTION

2. This court has jurisdiction of this action pursuant to 28 USC § 1331 in the matter involving a civil action arising under the United States Constitution and laws of United States.

This court has jurisdiction pursuant to 28 USC § 1332(1)-(4). This Court has jurisdiction to hear this case pursuant to 28 USC § 1367. This court has jurisdiction of this case pursuant to 5 USCS § 552 Public information; agency rules, opinions, orders, records, and proceedings.

## VENUE

3. Venue is proper in the district pursuant to 28 USC 1391(b) and (c).

## PARTIES

4. Mr. Dockery is currently a prisoner in United States Penitentiary Pollock, P.O. Box 2099, Pollock LA, 71467.

5. Defendant U.S. Department of Justice Freedom Of Information Privacy Act("FOIA/PA"), is an agency responsible by statute, and guideline promulgate by congress to help people who seeking records and/or information.

6. At all times pertinent to the claim asserted herein defendant U.S. Department of Justice Freedom And Information Privacy (FOIA/PA) was acting under statutory guidelines or procedures promulgated to help people seeking information and/or records, in the District of Columbia, Washington D.C.

## STATEMENT OF FACTS

7. On or about 8/11/05 Mr. Dockery made a written request to the Freedom Of Information Privacy Act section of the U.S. Department of Justice, attach herewith is Freedom Of Information Act request mark

2.

Plaintiff's ex 3, annex thereto is one page consists of 8 paragraph, requesting information and/or records. Ex 3, also has a certification of identity document attached therewith.

8.    Subsequently to make the request Dockery received an undated letter from Mr. Williams Stewart of the U.S. Department Of Justice, ezexutive Office Of the United States Attorneys Freedom Of Information Privacy Act Staff, it states as follows:

a    Your request will be placed in the order in which it was received for processing, unless it is very large request(PROJECT REQUESTS). Then it will be placed in a separate group of project requests, which are also processed in the order received.

b    EOUSA makes every effort to process most requests within a month (20 working days); there are some exceptions for example, project requests take approximately nine months to process.

c    Requests for "all information about myself in criminal case files" are usually project requests; if you have made such a request, you may either write us and narrow your request for specification, or you may expect that the processing of your request may take nine month from the date of this letter.

9.    "Defendant failed to perform its duty; defendant performed improper performance of duty, whereas 20 days have long gone; inconjunction 9 month has pass and defendant has yet not provide the ** record and/or information plaintiff's requests."

9a.    PLAINTIFF EXHAUST HIS ADMINISTRATIVE REMEDIES.

On about October 16, 06, Mr. Dockery sent letter address to Mr. Alberto Gonzalez, and Mr. Stewart, of the U.S. Department of Justice, Executive Office For The United States Attorneys Freedom Of Information/Privacy Act Staff, 600 E Street N.W. Room 7300 Washington, DC 20530. That letter is submitted herewith mark ex 2.

10.    The letter states in part, it shall be construed to be an appeal to the head of the Agency in response to correspondence re-

ceived from Mr. Stewart. Paragraph 2 states the requested information sought by the requester should not be construed to some exception to the 20 working days period. The requester only seeks computer printouts of grand Jury's termination dates. Computer printouts of ministerial records in the regularly maintained courts files for the alleged Special Grand Juries. And none of which should be construed to be project request. See e.g., Page 2-3 of <u>ex 2</u>.

11.   THE REQUEST IS BEING MADE IN THE AMENDED COMPLAINT UNDER THE FREEDOM OF INFORMATION/PRIVACY ACTS AS FOLLOWS:

   a   to disclose each dates grand Jury convened in indictments #F536-96; F153-96 and hence USW #1061-95 Superior Court of District Of Columbia.

   b   each date the grand Jury was discharged by the Judge; the name of Judge discharged the grand Jury in indictment #F536-96; F153-96 and hence inter alia the name of the Judge that discharged the grand jury that incorporated an Obstruction of Justice charge USW #1061-95 with F153-96 indictment.

   c   the name of grand Jury foreperson and deputy foreperson in indictments # F536-96; F153-96 and hence the names of grand Jury foreperson and deputy foreperson incorporated obstruction of justice USW #1061-95 with murder alleged indictment F153-96 DC Superior * * Court.

   d   the number of jurors concurred, and voted to indict in case# F536-96; f153-96 and hence the number of jury voted to indict in the obstruction of Justice case incorporated as USW #1061-95 with F153-96 indictment.

   e   the name of Judge indictments return in open court in indictments #F536-96; f153-96 and hence the name of Judge indictment return in open court with obstruction of justice indictment its affidavit warrant #USW 1061-95 and was allegedly incorporated with F153-96 indictment.

   f   the date the Judge appoint Jury to be foreperson and deputy foreperson, in case #F536-96; f153-96 and hence obstruction of Justice case warrant #USW 1061-95 incorporated with F153-96 case.

   g   the date extension of service was given to the grand jury if

any its expiration date of such extension in indictment #F536-96; f153-96 and hence the alleged obstruction of justice case, its warrant #USW 1061-95 incorporated in f536-96 case.

    h  all Order authorizing summons of Grand Jury in DC Superior court and U.S. District Court for the District of Columbia, in the aforesaid Dockets number cases.

    i  all Order authorizing extention of Grand Jury in the aforesaid court-houses and Dockets number.

    j  all roll sheet reflecting composition of Grand Jury, attendance records of Jurors, and any substitutions, in the aforesaid court-houses and Dockets number.

    k  all written authority permitting U.S. Prosecutor to present evidence to Grand Jury, in the aforemention court-houses and Dockets number.

    l  all records setting forth the method by which these Grand Jury was empaneled in the aforesaid court-houses and Dockets number.

    m  the search is requested to be extend to U.S. District Court for the District Of Columbia Washington DC, for warrants charging Jasper Dockery, based on indictments return for first degree murders on about January 5, 1996 and January 23, 1996, shall not be limited to obstruction of justice case its warrant #USW 1061-95 issued in the U.S. District court for the District of Columbia, Washington DC.

### COUNT ONE – VIOLATION OF FIRST AMENDMENT RIGHT TO PUBLIC RECORDS
(Violation of first Amendment Right And 5 U.S.C. § 552 by Defendant U.S. Department Of Justice Freedom Of Information and Privacy Acts Agency)

12. Plaintiff hereby realleges paragraph 1 through 11 and its sub sections above as if fully set forth herein.

13. In acquiescence to denied plaintiff access to inspect and copying public records requested, Defendant violated the First Amendment Right to the United States Constitution.

14. As a result of such violation Plaintiff was denied his constitution right to access material he requested, protected by First Amendment to the United States Constitution.

15. The defendant acted under statutory regulation promulgated within the meaning of 5 U.S.C. § 552, public information, agency Rules, opinions, orders, records, and proceeding, of its employement, during all the events described herein.

16. As a result of the deprivation of his constitutional right, plaintiff suffered injuries described herein.

**COUNT TWO - IMPROPER PERFORMANCE OF OFFICIAL DUTIES, AND REFUSAL ACCESS TO PUBLIC RECORDS**
(refusal of access to records, and improperly performance of Official duty by defendant U.S. Department Of Justice Freedom Of Information(FOIA/PA)

17. Plaintiff hereby reallegs paragraph 1 through paragraph 16 and its subsection above as if fully set forth herein.

18. In acquiescence and refusing to provide the documents/informations plaintiff's request, which refusal resulted in denial of general right to inspect and copying public records and documents, defendant violated the public access right to record he sought. As a direct result plaintiff was denied a common-law Right of access to public records.

19. At the time defendant committed the violation, it was acting within the scope of its employment of the U.S. Department Of Justice(FOIA/PA Acts) Statutory regulation promulgated by way of 5 U.S.C. § 552, during all the events described herein.

20. As resulting from the violation plaintiff suffer injuries described herein.

**NOTICE OF MAKING FOIA/PA REQUESTS**

21. Should the information maintained by an agency in an electronic form be provided in that same form(perhaps on a disk or CD-ROM) or in

6.

hardcopy such as a paper printout. Computer records found in a data based rather than file cabinet shall be provided with its file cabinet records.

22.   Each agency shall provide a description of each system of records maintained by the agency that contains personal information about myself. Whether or not the system permits back dating of records. Example, if the system of recordkeeping is electronic stored database, states if such a system permits the entry of preceding dates as current dates.

RELIEF

Order that defendant performed an improper performance of dury.

Order that defendant failed to performed its duty requested by plaintiff.

Order that defendant viloated plaintiff's first Amendment Right of denial access to public records.

Order that defendant violated plaintiff's common-law right to access and copying public records.

Order that no Grand Jury(convene) assemble in the aforemention court-houses case and dockets number.

Order that the requested information and/or records is nonexistence.

Order that no court had direct a sufficient number of legal qulified persons be summoned to meet the requirement of Grand Juror in the aforesaid court-houses and dockets number.

Order that there is no court order authorizing summons of Grand Jury in the aforesaid court-houses dockets number; nor existed that is maintained in any electronic cases docketed by the clerk of the aforesaid court-houses.

Order that there was never any roll sheets reflecting composition of Grand Jury, attendance records of jurors, and any substitutes assign to the aforesaid court-houses cases and/or dickets number.

7.

Order that there was never any written authority permitting any prosecutor to present evidence to Grand Juror in the aforesaid court-houses and/or dockets number filed cabinets or electronic form.

Order there was never any records exist setting forth the method by which the Grand Jury was empaneled; nor maintained by any agency in electronic form matches those of filed cabinet.

Order that there was never any Grand Jury proceeding where the foreperson or another juror designated by foreperson shall keep record of Jury concurring of finding indictments and filed the record with the clerk of court, in the aforesaid court-houses and cases Docket-- number.

Order that there was never any indictment returned by Grand Jury, or through its foreperson or deputy foreperson on its behalf to the aforesaid courthouses and dockets number and given to Judge in open court.

Plaintiff request that this case be tried by Article 111 Judge Honorable Ellen Segal Huvelle, United States District Judge.

Respectfully submitted

Jasper L. Dockery
#39631-053
United States Penitentiary
P.O. Box 2099
Pollock LA 71467.

7/19/07.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASPER LLOYD DOCKERY

      Plaintiff,        :      Civil Action No. 07-0318(ESH)

      V.                             AFFIDAVIT OF SERVICE

U.S. DEPARTMENT OF JUSTICE FREEDOM
OF INFORMATION/PRIVACY ACTS (FOIA/PA)  :

      Dedendant        :

WASHINGTON D.C.      )
                            ) ss.:
DISTRICT OF COLUMBIA  )

Jasper L. Dockery being duly sworn, deposes and says:

    That deponent is the plaintiff in the above caption case, and he is currently held prisoner at United States Penitentiary, P.O. Box 2099, Pollock Louisiana.

    That on the 19 day of July, 2007 deponent served the witing verified motion for leave to filed amend complaint, and amended complaint for the plaintiff on defendant/respondent, and news people:

CC: Mr. Mile Wallace
60 Minutes News
524 West 57th Street
New York, N.Y. 10019.

Jeffery A. Taylor, D.C. Bar#498610
United States Attorney.

CC: Mr. Craig A. Moon
President & Publisher
USA TODAY NEWS
P.O. Box 1044--
McLean, Va, 22102-8444

Rudolph Contreras, D.C. Bar#43122
Assistant United States Attorney

Quan K Luong
Special Assistant United States Attorney
555 Fourth Street, N.W. Room E-4417
Washington, D.C. 20530.

Jasper K. Dockery
U.S.P. Pollock, LA. Box 2099.

9.