# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASPER LLOYD DOCKERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 07-0318 (ESH) |
| ) | |
| EXECUTIVE OFFICE OF UNITED STATES ) | |
| ATTORNEYS, <u>ET AL.</u>, ) | |
| ) | |
| Defendants. ) | |

## <u>DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,</u>
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendants Department of Justice, Executive Office of United States Attorneys

("EOUSA"), et al., by and through their undersigned attorney, hereby move to dismiss this

complaint for mootness or, in the alternative, Defendants moves for summary judgment pursuant

to Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is sought on the grounds

that there are no material facts in dispute and Defendants are entitled to judgment as a matter of

law.

Plaintiff, who is proceeding *pro se*, is hereby advised that failure to respond to this

motion may result in the district court granting the motion.  <u>See</u> <u>Fox v. Strickland</u>, 837 F.2d 507,

509 (D.C. Cir. 1988).  Plaintiff should also take notice that any factual assertions contained in the

affidavits and other attachments in support of Defendants' motion will be accepted by the Court

as true unless the Plaintiff submits his own affidavits or other documentary evidence

contradicting the assertions in the Defendants' attachments.  <u>See</u> <u>Neal v. Kelly</u>, 963 F.2d 453,

457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show

affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In support of this motion, Defendants respectfully refer the Court to the attached

memorandum of points and authorities, statement of material facts not in genuine dispute, and

the declaration of the Defendants.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JASPER LLOYD DOCKERY, | **)** | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-0318 (ESH) |
| | ) | |
| EXECUTIVE OFFICE OF UNITED STATES | ) | |
| ATTORNEYS, <u>ET AL.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | **)** | |

## DEFENDANTS' MEMORANDUM IN
## SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## <u>MOTION FOR SUMMARY JUDGMENT</u>

### INTRODUCTION

*Pro se* plaintiff Jasper L. Dockery, a federal prisoner, filed this action against the EOUSA

seeking declaratory and injunctive relief pursuant to the Freedom of Information Act (FOIA).

Docket Entries 1 and 22. Though Plaintiff's specific allegations are not entirely clear, it appears

that he is alleging that the EOUSA failed to timely respond to his August 11, 2005 FOIA request

for information and records pertaining to the Grand Jury proceedings in his criminal case. <u>Id</u>. As

relief, Plaintiff asks the Court to declare that the EOUSA improperly withheld documents and

also asks for an injunction ordering EOUSA to produce the requested information. <u>Id</u>.

As explained in detail below, EOUSA has since responded to Plaintiff's FOIA request,

thus his claims are now moot. Moreover, even were this Court to determine that the complaint is

not moot or in the event that plaintiff objects to the Defendants' FOIA response, summary

judgment should be granted. EOUSA has submitted detailed, non-conclusory affidavits that

demonstrate that it conducted an adequate search and provided all responsive, non-exempt

documents and information.

Accordingly, Defendants respectfully request that the Court dismiss this complaint for mootness, or in the alternative, grant summary judgment in Defendants' favor.

## FACTUAL BACKGROUND

Defendants hereby incorporate their statement of material facts not in genuine dispute, as well as the accompanying declarations, as if set forth herein.

## LEGAL STANDARDS

## I.    MOTION TO DISMISS

### A.    Mootness

Article III of the United States Constitution confers subject matter jurisdiction on the federal courts in "cases" arising under the Constitution or federal laws and in "controversies" between various parties, delimited by the Article. See also 28 U.S.C.A. § 1331 (West 1993); 28 U.S.C.A. § 1332 (West 1993 & Supp. 2006). One of the prerequisites a plaintiff must therefore meet to come within the federal courts' subject matter jurisdiction is that it present the court with a "case" or a "controversy." In order to meet the Article III case-or-controversy requirement, the plaintiff must have standing to bring the matter in dispute before the court. See Allen v. Wright, 468 U.S. 737, 749-51 (1984). The party seeking to invoke federal court jurisdiction bears the burden of proving standing. Lujuan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Mootness is a jurisdictional question, one which a federal court must resolve before assuming jurisdiction. North Carolina v. Rice, 404 U.S. 244, 246 (1971). The central question of all mootness issues is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief. 13A Wright, Miller & Cooper,

2

Federal Practice and Procedure § 3533.3 (1984). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." Beethoven.Com LLC v. Librarian of Congress, 394 F.3d 939, 950 (D.C. Cir. 2005) (citing Mills v. Green, 159 U.S. 651, 653 (1895)). The issue of mootness depends upon whether the court can grant "any effectual relief." Church of Scientology v. United States, 506 U.S. 9, 12 (1992).

**B.    Plaintiff's Claims Are Moot**

In the instant case, Plaintiff complains about EOUSA's failure to respond to his FOIA request and seeks to compel them to do so. Docket Entries 1 and 22. As set forth in the attached declaration of David Luczynski, a FOIA attorney with the EOUSA, Defendants have completed their processing of the Plaintiff's FOIA request and provided him with all non-exempt responsive documents on October 3, 2007. Exhibit 1, Declaration of David Luczynski (Luczynski Decl.) at ¶ 7 and Exhibit E thereto. Thus, to the extent that Plaintiff's complaint centers around his allegations that EOUSA failed to respond or to timely respond to his FOIA request, his complaint is now moot. See, e.g., Vonche v. FBI, 999 F.2d 962, 963 (5th Cir. 1993) (dismissing case as moot because only issue in case was "tardiness" of agency response, which was made moot by agency disclosure determination); Atkins v. Dep't of Justice, No. 90-5095, 1991 WL 185084, at *1 (D.C. Cir. Sept. 18, 1991) ("The question of whether DEA complied with the [FOIA's] time limitation in responding to [plaintiff's] request is moot because DEA has now responded to the request."); Brown v. U.S. Dep't of Justice, 169 F.App'x 537, 540 (11th Cir. 2006) (per curiam) (holding that FOIA claim became moot when documents were released); Atkins v. Dept' of Justice, No. 90-5095, 1991 WL 185084, at *1 (D.C. Cir.991) ("The question whether DEA

3

complied with the [FOIA's] time limitation in responding to [plaintiff's] request is moot because DEA has now responded to this request.").

## II.    SUMMARY JUDGMENT

### A.    Generally

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987). Once the moving party has met its burden, the non-movant—here plaintiff—may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, plaintiff must present some objective evidence that would enable the court to find he is entitled to relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and

4

inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

**B.    Summary Judgment in FOIA Cases**

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  See Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

As a practical matter, this standard for summary judgment means that the agency must provide the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure.  See, e.g., Center for Nat'l Security Studies v. U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003); Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980). Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Security Studies, 331 F.3d at 927.

Typically, the agency's declarations or affidavits are referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

There is no set formula for a <u>Vaughn</u> index.  "[I]t is well established that the critical elements of the <u>Vaughn</u> index lie in its function, and not in its form."  <u>Kay v. FCC</u>, 976 F. Supp. 23, 35 (D.D.C. 1997).

### C.    EOUSA's Search Was Adequate

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records.  <u>See</u> <u>Oglesby v. U.S. Dept. of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>Weisberg v. U.S. Dept. of Justice</u>, 705 F.2d 1344, 1352 (D.C. Cir. 1983); <u>Judicial Watch, Inc. v. U.S. Dept. of Commerce</u>, 337 F. Supp.2d 146, 158 (D.D.C. 2004); <u>Allen v. U.S. Secret Service</u>, 335 F. Supp.2d 95, 97 (D.D.C. 2004); <u>Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health and Human Services</u>, 844 F. Supp. 770, 776 (D.D.C. 1993); The adequacy of a search is necessarily "'dependent upon the circumstances of the case.'"  <u>Kronberg v. Department of Justice</u>, 875 F. Supp. 861, 869 (D.D.C. 1995) (<u>quoting</u> <u>Truitt v. Department of State</u>, 897 F.2d 540, 542 (D.C. Cir. 1990)); <u>see also</u> <u>Judicial Watch, Inc.</u>, 337 F. Supp.2d at 158.  "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request."  <u>Meeropol v. Meese</u>, 790 F.2d 942, 956 (D.C. Cir. 1986).

An agency is not required to search every record system, but rather only those systems in which it believes responsive records are likely to be located.  <u>See</u> <u>Oglesby</u>, 920 F.2d at 68.  Additionally, the search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located.  <u>Nation Magazine v. U.S. Customs Serv.</u>, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent.  <u>Id.</u>; <u>see also</u> <u>Allen</u>, 335 F. Supp.2d at 99-100 (mere

6

fact that plaintiff discovered one document from a third source that possibly should have been uncovered by the defendant agency "does not render the search process unreasonable"). The mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. See Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987), cert. denied, 445 U.S. 927 (1980). Once the agency has proffered such evidence, i.e., a legally-sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. It is insufficient, however, for a requester to attempt to rebut the agency affidavit with purely speculative claims. See Carney v. U.S. Department of Justice, 19 F.3d 807, 813 (1st Cir. 1994); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991).

In this matter, Mr. Dockery's FOIA request sought documents reflecting Grand Jury activity in indictment numbers F536-96 and F153-96. See Luczynski Decl. at ¶ 4 and Exhibit A thereto. This request related to criminal proceedings that were conducted in the Superior Court of the District of Columbia. See id.. EOUSA therefore forwarded the request to the United States Attorney's Office for the District of Columbia ("USAO-DC"), where a search was

conducted for records responsive to the request. See Luczynski Decl. at ¶¶ 8-9 and Exhibit E thereto.

The search conducted was a systematic search which began with a determination of the location of any and all files relating to the specific case numbers identified by Mr. Dockery. The specific computer case tracking system utilized in searching for records pertaining to Mr. Dockery is the Replicated Criminal Information System ("RCIS"). RCIS is the computer system used by the Superior Court Division to track cases and to retrieve files pertaining to criminal matters before the Superior Court of the District of Columbia. By use of the RCIS system, the user can access databases which can be used to retrieve the information based upon such parameters as a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the Superior Court case number. See id.

The RCIS system query identified that the records relating to the specified case numbers were located at the Federal Records Center in Suitland, MD. Thus, the Superior Court Division requested that all records be retrieved and forwarded to the USAO-DC for processing of the FOIA request. In total, seven boxes were retrieved from the records center. Upon receipt of the seven boxes, a manual search of each box was conducted and all potentially responsive materials were pulled, copied, and provided to the EOUSA. See id. On October 3, 2007, EOUSA completed its processing of Plaintiff's FOIA request and provided him with eight pages of responsive documents that were released in part. See Luczynski Decl. at ¶¶ 8-9 and Exhibit D thereto.

The Luczynski and McGowan declarations demonstrate through detailed, non-conclusory averments that, in this case, Defendants engaged in a "good faith effort to conduct a search for

the requested records, using methods which [were] reasonably expected to produce the

information requested." Oglesby, 920 F. 2d at 68.  The Court should conclude that EOUSA

conducted an adequate search for responsive records.

    **D.**    **Exemption Claims**

    1.  Exemption 7(C) (Personal Information in Law Enforcement Records)

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled

for law enforcement purposes when disclosure "could reasonably be expected to constitute an

unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C); see also National Archives

and Records Administration v. Favish, 541 U.S. 157, 165 (2004); Nation Magazine, 71 F.3d at

893; SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

Applying Exemption 7(C) involves a multi-step analysis.  The first step is determining

whether the information has been compiled for a "law enforcement purpose."  The term "law

enforcement purpose" includes enforcement of civil and criminal statutes, as well as those

statutes authorizing administrative (i.e., regulatory) proceedings. See Center for Nat'l Policy

Review v. Weinberger, 502 F.2d 370, 373 (D.C. Cir. 1974).   Here, the information at issue was

compiled as part of a criminal prosecution; thus, this criterion is readily satisfied.  See Quinon v.

FBI, 86 F.3d 1222, 1228 (D.C. Cir.1996) (holding that "less exacting proof" of a legitimate law

enforcement purpose is required of law enforcement agencies such as the FBI); Pratt v. Webster,

673 F.2d 408, 420-21 (D.C. Cir.1982).

The next step is to determine if there is a privacy interest.  A privacy interest sufficient to

justify application of Exemption 7(C) has been found to exist in a wide variety of circumstances.

See Favish, 541 U.S. at 170-71 (family members have a privacy interest in photographs of

deceased relative); United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 763 (1989) (subjects of "rap sheets" have privacy interest); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996) suspects and witnesses who are identified in agency records in connection with law enforcement investigations); Nation Magazine 71 F.3d at 894 (same); Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (privacy interest in confidential informant's testimony); Lesar v. U.S. Dept. of Justice, 636 F.2d 472, 487-88 (D.C. Cir. 1980) (law enforcement officers who work on criminal investigations have valid privacy claim).

Here, EOUSA has asserted Exemption 7(C) to withhold all information concerning third parties contained in the eight pages of responsive documents. See Luczynski Decl. at ¶ 14-17. The information in these documents concerns Grand Jury and related information and reflected names of third parties and other identifying aspects relating to third parties. Id. Given the personal nature of this information and the fact that it is from a criminal file, release of such information would clearly subject any such third parties to an unwarranted invasion of personal privacy. Id.

That such third party information may be properly withheld under these circumstances is well-settled. "[U]nless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." SafeCard, 926 F.2d 1206 (citing numerous cases). See also Reporters Committee, 489 U.S. at 773-75; Nation Magazine, 71 F.3d at 894; Davis, 968 F.2d at 1281 (acknowledging that co-defendants have cognizable privacy interests) (quoting King v. United States Department

10

of Justice, 830 F.2d 210, 233 (D.C. Cir 1987)); Blanton v. United States Dep't of Justice, 63 F.

Supp.2d 35, 45 (D.D.C. 1999) (persons of investigative interest to the FBI have valid privacy

interests).

Finally, since exemption 7(C) proscribes releases that would constitute an unwarranted

invasion of personal privacy, see 5 U.S.C. § 552(b)(7)(c), the privacy interest must be balanced

against the public interest, if any, that would be served by disclosure. Reporters Committee, 489

U.S. at 776; Schrecker v. Department of Justice, 254 F.3d 162, 166 (D.C. Cir. 2001); Mays v.

Drug Enforcement Administration, 234 F.3d 1324, 1327 (D.C. Cir. 2000). As with the privacy

interest encompassed by FOIA Exemption 6, the public interest in disclosure is limited to the

FOIA's core purpose of "shed[ing] light on an agency's performance of its statutory duties."

Reporters Committee, 489 U.S. at 773; see also id. (the public interest is "not fostered by

disclosure of information about private citizens that is accumulated in various government files

but that reveals little or nothing about an agency's own conduct.").

When a request seeks personal information but no official information about a

government agency, the invasion of privacy is per se unwarranted. See Favish 541 U.S. at 171-

72; Reporter's Committee, 489 U.S. at 780. Information that does not directly reveal the

operations or activities of the government falls outside the ambit of the public interest that FOIA

was enacted to serve. See Reporter's Committee, 489 U.S. at 775. Therefore, where a privacy

interest is at stake, requested records may be withheld if the information sought does not reveal

anything about the government's operations. See Favish, 541 U.S. at 174. Rarely does a public

interest outweigh an individual's privacy interest when law enforcement information pertaining

to individuals is sought. See Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990); Senate of

11

Puerto Rico v. United States Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

Neither Mr. Dockery's FOIA request nor his complaint identify any public interest to be served by the release of the withheld information. The public interest in disclosure "does not include helping an individual obtain information for his personal use." Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002) (quoting Mays v. DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000)), vacated by Oguaju v. United States Marshals Service, 541 U.S. 970 (2004), judgment reinstated by Oguaju v. United States, 378 F.3d 1115 (D.C. Cir. 2004). In this regard, courts have consistently refused to recognize any public interest in the disclosure of information solely to assist a prisoner in challenging his conviction. See, e.g., Neely v. Federal Bureau of Investigation, 208 F.3d 461, 464 (4th Cir. 2000); Hale v. United States Dep't of Justice, 973 F.2d 894, 901 (10th Cir.1992), vacated on other grounds, 509 U.S. 918 (1993); Landano v. Department of Justice, 956 F.2d 422, 430 (3d Cir. 1991), rev'd on other grounds, 508 U.S. 165 (1993).

For these reasons, the Court should uphold EOUSA's assertion of Exemption 7(C).

## E.    Segregability

FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). The agency must provide a "detailed justification" to demonstrate that all reasonably segregable information has been released, Mead Data, 566 F.2d at 261, and show "with reasonable specificity" why a document cannot be further segregated. Armstrong v. Executive

Office of the President, 97 F.3d 575, 578-79 (D.C. Cir.1996). Further, this Circuit has held that a reviewing court has an obligation to consider segregability sua sponte. See Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022 (D.C. Cir. 1999).

Here, EOUSA has met its segregability obligation. With respect to the eight pages of responsive documents for which Exemption 7(C) has been claimed, those documents were reviewed for segregability and the Defendants redacted the third party information; thus, that segregability has been satisfied is self- evident. See Luczynski Decl. at ¶ 18.

## CONCLUSION

Wherefore, Defendants request that their motion to be dismiss or in the alternative, motion for summary judgment, be granted, that judgment be entered for Defendants, and that this matter be dismissed with prejudice.

Respectfully submitted,

      /s/
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

      /s/
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 5th day October, 2007, I caused the foregoing Motion to Dismiss or, in the Alternative, Motion for Summary Judgment to be served on plaintiff *pro se*, postage prepaid and addressed as follows:

> JASPER L. DOCKERY
> No. 39631-053
> U.S.P. Pollock
> P.O. Box 2099
> Pollock, LA 71461

_____/s/_____

QUAN K. LUONG
Special Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASPER LLOYD DOCKERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-0318 (ESH) |
| | ) | |
| EXECUTIVE OFFICE OF UNITED STATES | ) | |
| ATTORNEYS, <u>ET AL.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**</u>

Pursuant to Local Rule 7.1(h), Defendants submit the following statement of material

facts as to which there is no genuine issue:

**Administrative Processing of Plaintiff's Request**

1.  On August 11, 2005, EOUSA received a FOIA request from Plaintiff, a federal

prisoner, asking for documents and information related to Grand Jury proceedings in his criminal

case, specifically:  (a) dates when the Grand Jury convened in indictment numbers F536-96 and

F153-96 in Superior Court of District of Columbia; (b) the date the grand jury was discharged by

the judge as well as the name of the judge that discharged the grand jurors; (c) the name of the

Grand Jury foreperson and deputy foreperson in the indictments; (d) the number of jurors

concurred and number that voted to indict; (e) the name of the judge where the indictments

returned to open court; (f) the dates judges appointed the foreperson and deputy foreperson in

both indictments; and (g) the date when extension of service was given to the Grand Jury, if any,

and the expiration date for it in both cases.  <u>See</u> Declaration of David Luczynski (Luczynski

Decl.) at ¶ 4 and Exhibit A thereto.

2. The EOUSA assigned request number 06-3059 to Plaintiff's FOIA request. On or about September 27, 2006, the EOUSA sent a letter to the Plaintiff acknowledging receipt of Plaintiff's request. See id. at ¶ 5 and Exhibit B thereto.

3. By letter dated October 16, 2006 Plaintiff appealed the EOUSA's non-response to his FOIA request to the Office of Information and Privacy ("OIP"). See id. at ¶ 6 and Exhibit C thereto. The OIP responded that a determination could not be made until EOUSA responded to his FOIA request. See id. at ¶ 6.

4. Plaintiff then filed the instant civil action on or about February 9, 2007, seeking declaratory and injunctive relief pursuant to the FOIA. See Docket Entry 1.

5. On September 28, 2007, following the search for records, EOUSA processed all the records related to Plaintiff's request regarding Grand Jury proceedings related to his criminal case. As a result of the search, by letter dated October 3, 2007, Plaintiff was provided with eight pages of responsive records that were released in part. See Luczynski Decl. at ¶ 7 and Exhibit D thereto.

**Adequacy of the Search**

6. Mr. Dockery's request related to criminal proceedings that he identified by case number and that were conducted in the Superior Court for the District of Columbia, which are prosecuted by the United States Attorney's Office for the District of Columbia ("USAO-DC"). Thus, the search began with a determination of the location of any and all files relating to the case numbers identified by the Plaintiff in the Superior Court. See Luczynski Decl. at ¶ 8 and Exhibit E thereto.

7. EOUSA therefore forwarded Mr. Dockery's FOIA request to the FOIA contact at the

2

USAO-DC.  See Luczynski Decl at ¶¶ 8-9 and Exhibit E thereto.  The FOIA contact, Colleen

McGowan, then forwarded the FOIA request to the Superior Court Division of the USAO-DC.

Id.  The Superior Court Division of the USAO-DC then searched its electronic database, the

Replicated Criminal Information System ("RCIS"), for any and all records related to the case

numbers specifically indicated by Mr. Dockery.  RCIS is the computer system used by the

Superior Court Division of the USA-DC to track cases and to retrieve files pertaining to criminal

matters before the Superior Court of the District of Columbia.  Id.  By use of the RCIS system,

the user can access databases which can be used to retrieve the information based upon such

parameters as a defendant's name, the USAO number (United States' Attorney's Office internal

administrative number), and the Superior Court case number.  Id.

     8.  The RCIS system query identified that the records relating to the specified case

numbers were located at the Federal Records Center in Suitland, MD.  See Luczynski Decl at ¶¶

8-9 and Exhibit E thereto.  Thus, the Superior Court Division requested that all records be

retrieved and forwarded to the USAO-DC for processing of the FOIA request.  Id.  In total, seven

boxes were retrieved from the records center and provided to the USAO-DC.  Id.  Upon receipt

of the seven boxes, a manual search was conducted of the boxes and all potentially responsive

materials were pulled, copied, and provided to the EOUSA.  Id.

     9.  On October 3, 2007, EOUSA completed its processing of Plaintiff's FOIA request and

provided him with eight pages of responsive documents that were released in part.  See

Luczynski Decl. at ¶¶ 8-9 and Exhibit D thereto.

**Exemption Claims**

     10.  EOUSA asserted Exemption 7(C) to withhold all information concerning third

parties contained in the eight pages of released documents. <u>See</u> Luczynski Decl. at ¶ 14-17 and Exhibit D thereto. Given the personal nature of this information and the fact that it is from a criminal file, release of such information would clearly subject these third parties to an unwarranted invasion of privacy. <u>See</u> <u>id</u>.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASPER LLOYD DOCKERY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Civil Action No. 07-0318 (ESH) |
| v. | ) |
| | ) |
| ALBERTO GONZALES, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Jasper Dockery. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. On August 11, 2005, Plaintiff sent EOUSA a FOIA request asking for "dates when the Grand Jury convened in indictment number F536-96 and F153-96 in Superior Court of District of Columbia, date the Grand Jury was discharged by the judge as well as the judges' names in both of the indictments, names of the Grand Jury foreperson and deputy foreperson in the indictments, the number of jurors concurred and number that voted to indict, the name of the judge where the indictments returned to open court, the dates judges appointed the foreperson and deputy foreperson in both indictments, the date when extension of service was given to the Grand Jury, if any, and the expiration date for it in both cases." **Exhibit A**.

5. For reasons that are unclear to me, Plaintiff's request has not been processed nor responded to since the acknowledgment letter was sent to him on September 27, 2006. **Exhibit B**.

6. By letter dated October 16, 2006 Plaintiff appealed to the Office of Information and Privacy, ("OIP"). **Exhibit C**. The OIP responded that a determination could not be made until

EOUSA sends a response letter to his FOIA request.

7. On September 28, 2007, following the search for records, EOUSA processed all the relevant records relating to Plaintiff's request about Grand Jury proceedings. As a result, Plaintiff was provided with 8 pages of records that were released in part ("RIP") by letter dated October 3, 2007. **Exhibit D**.

## ADEQUACY OF THE SEARCH

8. After receiving Plaintiff's FOIA request, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request by forwarding the request to the FOIA Contact for the United States Attorneys Office for the District of Columbia (USAO-DC). Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on Jasper Dockery to determine the location of any and all files relating to him in order to comply with the request. FOIA Contact searched for records from the case files in that case. After a search of the computer systems the FOIA Contact reported that she found records responsive to Plaintiff's request.

9. To accomplish the search, the FOIA Contact looked for records in the computer tracking system that were listed under the name "Dockery". The FOIA Contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files. A separate declaration describing the search performed by the FOIA Contact in more detail is attached. **Exhibit E**.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

10. All documents responsive to Plaintiff's FOIA request have been located in the Federal Records Center where they have been kept in storage. The records are maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v. Jasper Dockery</u>.

11. There are no other records systems or locations within the District of Columbia in which other files pertaining to Plaintiff's criminal case, were maintained.

12. Plaintiff's records consisted of 7 boxes of materials which had to be searched by the FOIA Contact in order to respond to Plaintiff's request. EOUSA notified the Contact to separate and forward to the office all the records which were found to be related to the Grand Jury proceeding in Plaintiff's case. This search would afford the greatest probability of finding records that are responsive to Plaintiff's FOIA request.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

13. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next

reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(7)(C)

14. The various information withheld was deemed exempt under FOIA Exemption (b)(7)(C), which protects from public disclosure information compiled for law enforcement purposes, if such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. All the information at issue was compiled for law enforcement purposes – namely, to facilitate the investigation and criminal prosecution of the Requester.

15. Exemption (b)(7)(C) was applied to the redacted records in an effort to protect the identity of third-party individuals, such as potential witnesses and law enforcement personnel, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of such personal identifiers could result in unwanted efforts to gain further access to such persons or to personal information about them– or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences– all to their detriment.

16. Consequently, EOUSA determined that such information is exempt from disclosure under Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-protected information, because its dissemination would not help explain government activities and operations or outweigh third-party individuals' privacy rights in the information withheld under this exemption. Moreover, no third-party individual provided authorization or consent to disclose such information. *Cf.* 5 U.S.C. § 552a(b) ("No agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise

authorized by law).

17. From the pages reviewed for Plaintiff's FOIA request, a total of 8 responsive pages have been released to the Plaintiff. The only redactions performed on these pages are ones dealing with names and other identifying aspects relating to third party individuals. All non-exempt information contained in the records has been provided.

## SEGREGABILITY

18. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy of third parties. No reasonably segregable non-exempt information was withheld from Plaintiff.

## CONCLUSION

19. Each step in the handling of Mr. Dockery's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4th, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

# FREEDOM ̲ F INFORMATION ACT REQUEST

FOIA

RECEIVED
Date: 2006 SEP 8 PM 2:12

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Name of Agency: **United States Attorneys' Office**

Address: **950 Pennsylvania Ave N.W.**

City/State/Zip: **WASHINGTON D.C. 20530 #5111**

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

1.    **Each dates the grand jury convened in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.**

2.    **The date the grand jury was discharged by the Judge; the name of Judge that discharged the grand jurors in indictments No. F536-96; and F153-96 Superior Court of District of Columbia. (See attach page 1A for additional information)--------**

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

_Jasper L Dockery_
(Name)

#39631053
ID Number                    (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

Exhibit A

PAGE 1A.

3.   the name of the grand Jury foreperson; and the name of the grand jury deputy foreperson in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

4.   the number of jurors concurred; and the number of jurors voted to indict, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

5.   the name of Judge indictments returned in open Court in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

6.   the dates the Judge appoint one of the Jury to be the foreperson and the other to be deputy foreperson, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

7.   the date extension of service was given to the grand jury if any, and the expiration date of such extention, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

8.   Please provide me with all the computer printout of these request.

*Jasper L Dockery*
*8/11/06*

P.S.

9.   Please provide me with computer records and other record responsive from grand jury commission in D.C. Superior Court regarding grand jury return indictment on January 5, 1996 #F536-96; and January 23, 1996 #F153-96, UNITED STATES V. DOCKERY JASPER L Docket entry with the above requested information 1-9.



**U.S. Department of . .ice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Request Number: <u>06-3059</u>     Requester: <u>Jasper Dockery</u>

Subject: <u> Self (grand jury dates, indictment)/DDC</u>                SEP 27 2006

   The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

   Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

   EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

   By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

        Sincerely,

        *William G. Stewart*

        William G. Stewart II
        Acting Assistant Director

FILE

Form No. 001 -1/06

Exhibit **B**

JASPER DOCKERY
#39631-053
UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK, LOUISIANA 71467

RECEIVED

2007 FEB 12 PM 3:56

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

ALBERTO GONZALEZ
U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,
FREEDOM OF INFORMATION/PRIVACY ACT STAFF
WILLIAM G. STEWART II ACTING DIRECTOR
600 E. STREET, N.W. ROOM 7300
WASHINGTON, D.C. 20530

Re: Jasper L. Dockery v. Alberto Gonzalez
Request No: 06-3059

Please take notice that this correspondence is an appeal to the
head of the agency or his or her designee, in response to corr-
espondence received from William G. Stewart II, acting assistant
director, states that my request will be placed in the order in
which it was received for processing, unless it is a very large
request i.e. a (project request). Then it will be placed in a
separate group of project requests, which are also processed in
the order so received. EOUSA makes effort to process most requests
within a month ( 20 working days). There are some exceptions, for
example, project requests take approximately nine months to proce-
ss. Requests for " All Information About Myself In Criminal Case
File" are usually project request.

   The requested information sought by the requester should not be
construed to some exception to the 20 working day period. The
requester only sought computer printouts of grand jury's termi-
nation dates; computer printouts of ministerial grand jury mater-
ial, such as information reflecting empanelling, extention, the
dates the indictment was returned in court, judge's name to whom
indictment was returned, names of grand jury foreperson, and
deputy grand jury foreperson; none of which should be considered

Exhibit C

to be a project request. In order to comply with this request, the legal assistant in the USAO/SDIL conducted a systematic search to determine the location of any and all responsive documents which might answer Mr. Dockery's questions. In conducting a search for responsive records, the computer case tracking system used to determine all responsive location of responsive records. The specific computer case tracking system utilized in searching for records pertaining to Mr. Dockery and his FOIA request is the Legal Information Office Network System (LIONS). LIONS tracks all cases and matters opened and closed in the USAO and AUSAO for the District of Columbia, Washington D.C.

The LIONS database contains fields for the retrieval of information based on defendant's name, USAO AND AUSAO numbers, and court case number. In addition, the legal assistant shall conduct a manual search of the Card File Index that was used prior to the implementation of the LIONS computer system. The legal assistant is required to check to ensure that no responsive records had been sent to the Federal Record Center and/or FBI Central Criminal File. In addition the legal assistant shall email each criminal AUSA in  the USAO/SDIL to determine if any of them knew other possible locations of responsive records. Please provide requester with copy of LION'S computer printout from the search. The FOIA permits an agency to extend the time limits up to 10 days in unusual circumstances. These circumstances (does not exist herein the instant matter of Dockery) include the need to collect records from remote locations, review large numbers of and consult with other agencies. The law allows this requester to

consider that his request has been denied if it has not been
decided within the proper time limits. That is the so-called
exception namely 'project request'.

P.S. The response to my request was not dated. However, the post-
mark on the envelope was dated: 10/14/06. Please make record of
this for future reference.

Date:10-16-06

Sincerely,

Jasper Dockery



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:  Dockery, Jasper                                    Request Number:  06-3059

Subject of Request:  Self (specific items)/DDC

Dear Requester:                                                    OCT - 3 2007

        Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

        To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

        The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [    ] full denial.

_____ page(s) are available to be released in full (RIF);
___8_____ page(s) are available to be released in part (RIP);
_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

**The eight pages that we are releasing in part to you are those that we found to be responsive to your request.**

        [    ] This office is withholding grand jury material which is retained in the District.

        [ X ]  After reviewing all the documents, we have determined that we can make a partial release. A $ 25  search fee is being assessed for these records.

        If you would like these records, please send a check or money order for $ 25  , payable to the Treasury of the United States. Payment should be mailed to the Freedom of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530. **If payment is not received within 30 days from the date of this letter, your request will be closed and any future requests for records will be rejected until payment is received.**

In addition, a review of the material revealed:

Exhibit    D

[    ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.


[    ]    See additional information attached.


This is the final action on this above-numbered request.  You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.**  Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.


Sincerely,


William G. Stewart II
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - fee/bill - 3/07

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JASPER LLOYD DOCKERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 07-0318 (ESH) |
| ) | |
| EXECUTIVE OFFICE OF UNITED STATES ) | |
| ATTORNEYS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF COLLEEN MCGOWAN

I, Colleen McGowan, declare the following to be a true and correct statement of facts:

1. This declaration addresses the search that I conducted for records responsive to a FOIA request made by Mr. Jasper Llyod Dockery. I understand that this declaration may be used in support of a motion to dismiss or a motion for summary judgment filed by the Defendants in the above-captioned lawsuit.

2. I am currently a Paralegal Specialist in the Civil Division of the United States Attorney's Office for the District of Columbia ("USAO-DC"). From May 2004 to the present, my duties include serving as the Freedom of Information Act ("FOIA") Liaison between the USAO-DC and the Executive Office for United States Attorneys ("EOUSA"). My responsibilities as a FOIA Liaison include coordinating with EOUSA responses to FOIA requests for records located in the USAO-DC.

3. As the FOIA Liaison, I handle all of the USAO-DC FOIA requests received each year. I conduct preliminary searches for documents that might be responsive to a FOIA request. Once I identify potentially responsive documents, I request additional searches from FOIA contacts

Exhibit E

located in the various components of the USAO-DC. They then sort through them and separate responsive records from non-responsive records. I then forward the responsive records to EOUSA, which makes all determinations regarding the release or withholding of records.

    4. By letter dated August 11, 2005, Mr. Dockery made a FOIA request to EOUSA. EOUSA had assigned number 06-3059 to the request. This FOIA request was forwarded to me by the EOUSA.

    5. Mr. Dockery's request related to criminal proceedings that he identified by case number and that were conducted in the Superior Court for the District of Columbia. These matters are handled and prosecuted by the Superior Court Division of the USAO-DC. Therefore, I forwarded his FOIA request to the Superior Court Division of the USAO-DC.

    6. The Superior Court Division then searched its electronic database, the Replicated Criminal Information System ("RCIS"), for any and all records related to the case numbers specifically indicated by Mr. Dockery. RCIS is the computer system used by the Superior Court Division to track cases and to retrieve files pertaining to criminal matters before the Superior Court of the District of Columbia. By use of the RCIS system, the user can access databases which can be used to retrieve the information based upon such parameters as a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the Superior Court case number.

    7. The RCIS system query identified that the records relating to the specified case numbers were located at the Federal Records Center in Suitland, MD. Thus, the Superior Court Division requested that all records be retrieved and forwarded to the USAO-DC for processing of the FOIA request. In total, seven boxes were retrieved from the records center.

    8. Upon receipt of the seven boxes, I conducted a manual search of each box and pulled

and copied all responsive materials. Specifically, I pulled any and all documents which reflected any Grand Jury information or referenced the Grand Jury proceedings. I then forwarded these materials to the EOUSA for processing and release to Mr. Dockery.

9. The handling of Mr. Dockery's request was consistent with standard procedures of the USAO-DC with regard to FOIA/PA requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___5___ day of October, 2007.

COLLEEN MCGOWAN
Paralegal Specialist/FOIA Liason
United States Attorney's Office
District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASPER LLOYD DOCKERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-0318 (ESH) |
| | ) | |
| EXECUTIVE OFFICE OF UNITED STATES | ) | |
| ATTORNEYS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Upon consideration of Defendants' Motion to Dismiss, or in the Alterative for Summary

Judgment, the relevant law, and the entire record herein, it is this _____ day of

_____, 2007

ORDERED that Defendants' Motion to Dismiss or Motion for Summary Judgement in

Defendants' favor is GRANTED, and it is

Further ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE