**RECEIVED**

NOV 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STSTES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASPER LLOYD DOCKERY

    Plaintiff             )

        v.            )  Civil #070318(ESH)(JUDGE HUVELL)

EXECUTIVE OFFICE OF UNITED STATES
ATTORNEYS, ET AL        )

    Defendants       )

**ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT IS NOT MOOT NOR
SUMMARY JUDGMENT SHOULD BE GRANTED**

## FACTUAL BACKGROUND OF DOCKERY CASE STATEMENTS ARE AS FOLLOWS

1.  On August 11, 2005 Dockery made request under Freedom of Information Act as amended (USC Title 5 § 552) in conjunction with privacy Act(USC Title 5 § 552a), the United States Attorneys' Office 950 Pennsylvania Ave N.W. Washington DC, asking that it provide him with the following material records regarding regularly maintained in Superior Court, and DC Federal Court files for grand jury and other records such as warrant for obstruction of justice charged. Request as follows:

2.  Each dates the grand jury convene in indictment no. f536-96; and f153-96, Superior Court of District Of Columbia, DC.

3.  The dates the grand Jury was discharged by the judge; the name of Judge discharged grand jury of indictments No. f536-96; and f153-96 Superior Court for DC.

4.  Names of grand jury foreperson and deputy foreperson convene over the alleged indictments No. f536096; and f153-96 Superior Court DC.

5.  Name of Judge indictments returned in open Court in indictments No. f536-96; and f153-96 Superior Court, DC.

6.  Dates the Judge appointed one jury to be foreperson and the other to be deputy foreperson, in indictments No. f536-96; and f153-96 Superior Court DC.

7.    Dates extension of service was given to grand Jury if any and the expiration dates of such extension, in indictments No. f536-96; and f153-96 Superior Court DC.

8.    Please provide Dockery with all computer printout of these records requested.

9.    Please provide Dockery with Computer records and other records responsive from grand jury commission in DC Superior Court regarding grand jury return indictments on January 5, 1996 f536-96; and January 23, 1996 f153-96 United States V. Dockery Jasper L. Docket entry, with the above requested information, 1-9, see ex 3, Pp.1-1A id.

## RESPONSIVE LETTER SENT TO PLAINTIFF BY MR. STEWART

10.    A Letter was sent to Plaintiff post mark envelop date 10/14/06 signed by Mr. Stewart, states in part Your request will be placed in order in which it was received for processing, unless it is very large request (project request) then it will be placed in Special group of project request.

11.    EOUSA makes every effort to process most request within a month(20 working days) there are exceptions, for example, project requests take approximately 9 month to process. Requests for "all information about myself in criminal case files" are usually project request. See ex 1, marked *** Subject: SELF GRAND JURY DATES, INDICTMENTS.

## DOCKERY RESPONSIVE LETTER APPEAL

12.    On October 16, 2006 Dockery sent letter to the FOIA/PA Act Staff, appealing its decision to place him on a nine month waiting list for information that should have only taken 20 days to provided him.

13.    Specifically he states the requested information sought by requester should not be construed to be some exception to the 20 working day provided by congress.

14.    And that the requester only sought computer printouts of grand jury's termination dates; computer printout of ministerial grand jury material dates; such as information reflecting empanelling, extension, dates * * * indictments return in Court to Judge; name of judge indictment returned; names of grand jury foreperson and deputy foreperson sitting on these * * proceedings; each dates they sitting on these matter.

15.    In addition Dockery re-emphasize his needs to have the Documents be produce by computer printout; example all computer docket sheet consist of formal grand jury ministerial records. See Plaintiff ex 2, Pp. 1-3. The Defendants did not respond to Dockery's appeal.

## DOCKERY FILED COMPLAINT

16.    On about 1 January 2007 Dockery filed Civil complaint, in US District Court for District Of Columbia, AGAINST ALBERTO GONZALES, AND WILLIAM G. STEWART.  The action is brought pursuant to Freedom of information Act, 5 USCS § 552, and 28 USC § 1361. Seeking to compel the United States Dep't of Justice(DOJ) to disclose and produce by LIONS Computer Printout, each of the 9 request in ex 3.

17.    And from then-on, additional request of the name of judge discharged grand jury that incorporated the obstruction of justice charge USW No. 1061-95 with f153-96 indictment.

18.    Name of grand jury foreperson and deputy foreperson sitting in *** on indictments No. f536-96; 153-96 and name of grand jury foreperson and deputy foreperson incorporated obstruction of justice USW No. 1061 with murder * * indictment f153-96 Superior Court DC. See Complaint and its annex exhibits dated 1 January 2007. Ex 12 Pp. 1-18.

## DEFENDANTS ELECTRONIC APPEARANCE

19.    On April 25, 2007 Defendants file electronic notice of appearance.

## DOCKERY RESPONSIVE TO DEFENDANTS APPEARANCE

20.    On May 21, 2007 Dockery respond with need for expedited response, notice and motion to compel disclosure and produce search/report of computer grand jury records pursuant to 28 USC § 1361; and within 60 days 12(3) (A) FRCP.

21.    Plaintiff's motion to compel he made 12 request for material at Pp.1a-3a. Ex 13 dated 5/21/07.

## DISTRICT COURT DISMISSAL DOCKERY MOTION TO COMPEL

22.    On June 5, 2007 the District Court dismiss plaintiff's motion to compel.  For the record plaintiff object to the dismissal of motion to compel grounds as follows:

23.   The District Court did not explaining any adequate factual basis for its decision, and its decision render was clearly erroneous. Federal District Court has jurisdiction to compel agency disclosure only upon a showing that agency has improperly withheld agency records. CENTER OF NAT'L SEC STUDIES V. CIA (1983, DC DIST. COL.) 557 F.Supp. 584.

24.   See UNITED STATES V. FMC CORP. 717 F2d 780(1983)(States specification of remedies for the enforcement of statutory rights is largely within the province of the legislature. This principle derives, at least in part, from the doctrine of the separation of powers, which assigns to Congress the * * function of enunciating applicable rules of law and to the judiciary the function of interpreting those rules in cases of controversies. 717 F.2d id at 780.)

## DEFENDANTS FILED ANSWER FIRST AND SECOND AFFIRMATIVE DEFENSES

25.   On about July 5, 2007 Defendants filed two affirmative responsive defenses, in a motion requesting that this action be dismissed with prejudice and the Court grant defendants their cost and such other relief as appropriate

## DOCKERY FILED MOTION FOR LEAVE TO AMEND COMPLAINT & OPPOSITION MOTION TO RESPONDENTS'S ANSWER AND MOTION TO DISMISSED PLAINTIFF'S COMPLAINT

26.   On about July 19, 2007 Dockery filed motion for leave to filed amended complaint, and first amended complaint, inconjunction Dockery filed opposition motion, to respondents two affirmative answer, the motion to dismissed plaintiff's complaint. Dockery opposition motion dated july 19, 2007.

27.   The first amended complaint has add more requests. All order authorizing summons of grand jury in DC Superior Court, and US District Court for District Of Columbia, in the aforesaid Docket number cases.

28.   All Roll Sheet reflecting composition of Grand Jury attendance records of jurors and any substitutions, in the aforesaid courthouses, and docket number.

29.   All written authority permitting US Prosecutor to present evidence to grand jury in aforesaid courthouse dockets number.

30.   All records setting forth the method by which the grand jury was empaneled in the aforesaid Courthouse and docket number.

31.    And finally the search is requested to be extend to US District Court for the District of Columbia Washington DC for access to certain ministerial record in the regularly maintained Court filed (for Grand Jury) docket sheet, for warrants charging Jasper Dockery, based on indictments return for first degree murders on about January 5, 1996 and January 23, 1996, shall not be limited to obstruction of justice case USW 1061-95 issued in U.S. District Court for District of Columbia, DC.

32.    The historic common law right to inspect and copy public records is recognized in this jurisdiction. SCHWARTZ V. UNITED STATES DEPARTMENT OF JUSTICE, 435 F.Supp.1203(1977){quoting United States V. Mitchell, 179 U.S. App.D.C. 293, 551 F.2d 1252, 1257(1976)} States:

33.    The general rule is that all three branches of government, legislative, executive, and judicial, are subject to the common law right. COURIER-JOURNAL & LOUISVILLE TIMES CO. CURTIS, 335 S.W.2d 934, 936(Ky.1959),cert. denied, 364 U.S. 910, 81 S.Ct. 272, 5 L.ED2D 224(1960), PARTIALLY OVERRULED ON OTHER GROUNDS, ST, MATTHEWS V. VOICE OF ST. MATTHEWS, INC., 519 S.W.2d 811(Ky.1974);66 Am.Jur.2d Records and Recording Laws § 15(1973).

34.    Freedom of information Act applies to all matters in government files, while common-law rule applies only to public records; in any event, there is no inconsistency or conflict between freedom of information Act and common-law rule. 5 USCA §§ 551(1)(A), 552. (435 F.Supp. 1204.)

## DISTRICT COURT RULED ON DEFENDANTS FIRST & SECOND AFFIRMATIVE ANSWER

35.    On about July 9, 2007 the district Court for District Of Columbia Ordered defendants' first and second affirmative answer motion to dismissed plaintiff's complaint, does little to advance the proceedings. Accordingly, it is order defendants shall file a dispositive motion by August 1, 2007.

## DOCKERY OBJECTION TO DEFENDANTS FILED SECOND AFFIRMATIVE DEFENSE MOTION

36.    On 5 day of October 2007, Defendants filed motion to dismiss or in alternative motion for summary judgment. Dockery OBJECT to defendants' second motion pursuant to FRCP 12(g) forbidden a defendant who makes a pre-answer motion under this rule from making a future motion presenting any defense or objection which was available to him at the time made first * * motion which he could have included, or should have included in facts in-

cluded therein. UNITED STATES USE OF BRYANT ELECTRIC CO. V. AETNA 297
F.2d 665; 28 USC § 1406(b); PANAMA R. CO. V. JOHNSON 264 US 375 385, 44
S. CT. 391, 68 LED 748; Lee 260 US 653, 655 43C S. Ct. 230, 67 L ED 443;
Murhhy 246 f.2d 408; Hayhurst 227 f.3d 1104, 1106-07(2000)(The essence of
Rule 12-embodied in the combined language of 12(g) and 12(h)-is that party
"who by motion invites the court to pass upon threshold defense should bring
forward all the specified defenses [personal jurisdiction, improper venue,
insufficient process, or insufficient service] he then has and thus allow
the court to do reasonably complete job". "FRCP 12 advisory committee's note
1966 Amendment, subdivision (h). Thus, if the Executive Office Attorneys,
raised any Rule 12 defenses in his first filing to the court, Quan K. Loung
was obliged to raise all of those specified in Rule 12(h)(g).

PLAINTIFF'S RESPOND AND SUPPLEMENTAL RESPOND TO DEFENDANTS MOTION TO
ENLARGE TIME ON JUNE 17-20, 2007.

37.   In June 17-20, 2007 Dockery made additional specific request computer
request. In the supplemental document filed by Dockery at Pp 1 ¶3 states
the requisit information to respond to the complaint will not(see page 3)be
pertinent to the complaint whereas it absent showing first and formal * * *
Authorities of process of probable cause, such as complaint and warrant issue
by judge enter on courthouse [DOCKET SHEET]grand jury return indictments * *
enter on COURTHOUSE DOCKET SHEET, for case number in the complaint.

38.   Information maintained by an agency, shall be in electronic form be
provided in same form; perhaps on disk or CD-RAM or in hardcopy, such as
paper printout, from the same courthouse computer-docket sheet. See DORSETT
V. U.S. DEPT. OF TREASURY 307 F.Supp.2d 28, 32-34(D.D.C.2004)Citing Master
V. FBI, 926 F.Supp.193, 196, 197(D.D.C.1996) holding-

39.   that an agency's declarations that "set[] forth the proeedures followed
in responding to plaintiffs FOIA request, including a description of the * *
system records searched, an explanation. of the FBI Central Records Systems
files and how those files are accessed, and the results of the search of the
manual and automated index---of the Central records system[;]" were sufficent
to "establish that the defendant performed an adequate search,"). 307 F.Supp.
2d id at 34(D.D.C.2004).

40.   Here in Dockery's case there are no description of record systems * * *
SEARCHED, other that some system name REPLICATED CRIMINAL INFORMATION SYSTEM
("rcis") failed to track the record in DC seperior Court computer docket * *

But was able to track Dockery record in several cardboard boxes at Federal Records Center in Suitland, MD. Uninventory electronic form, about the * * TOPIC MATTER.

## SYSTEM OF RECORDS

41.    In Dockery's supplemental responsive to defendants' motion to enlarge time dated 6/20/07, Pp 3, ¶11-13, Dockery extend his request because the requests is shift from the FOIA/PA Act to Agencies, Dockery is requesting * * * description of each system of records, information maintain by each agency contain his record. His request is extend to all agencies guide include index and description of all major information system that stored his records, for obtaining verious type of categories of public information from the agency. If you having problem construed my requests please drop me a few lines about part you are having problem understand. His supplemental mark ex 14.

42.    To be adequate under the Freedom of Information Act(FOIA), a Vaughn * * index: (1) should be contained in one document; (2) must adequately describe each withheld document or deletion from a released document; and (3) must explain why the exemption is relevant.

43.    Vaughn index submitted in response to federal prisoner's Freedom of information Act(FOIA) request was adequate, where it seperately identified each of the 49 documents at issue, it provided description of the documents, it listed applicable exemptions, it stated basis for applicability of claimed exemptions, declaration provided further analysis, and Government submitted for Court's inspection documents produced in redacted form. 307 F.Supp.2d id at 31-32(D.D.C.2004)

## LEGAL STANDARD FOR MOTION TO DISMISSED IS NOT SATISFIED NOR MOOT

44.    The case is not moot, because the records defendants attempted to provide are not accurate, irrelevant, and totally distinct from those requested. Example, if the records Dockery's requested had being nonexistence then "there can be no indictments". Lets put it another way, the records * request are the creator of indictments. They gave birth to indictments.

45.    Defendants provide copies of first pages of two bogus indictments, and failed to proof its origin, or records of its origin. Defendants provide * * Superior Court Criminal Division Subpoena sent to Willie Ashmon, has a alleged date 28th day of July 1998, stating he is witness for government 1:PM and

bring with him proper ID, and report to US Attorney's office at before 9:00 AM on the day of trial. Neither its date or the substance of its contents has any relevancy to those documents requested.

45.    There is another Criminal Division subpoena of Superior Court, to other person, to appear before Criminal Division Room 313 of Superior Court of District of Columbia 500 Indiana Ave, 3rd day of April 1998, 9:30 as witness for the Government.

46.    Dockery asserts, neither the dates or contents of the documents has any relevancy of those requested. Another document provided mark US Dep't of Justice, US attorney District Of Columbia, final warning failure to appear, reads, enclosed you will find copy of criminal trial subpoena you previously received from investigator on January 14, 1998. Another Superior Court alleged bench warrant, with no date nor sign by judge, states in part, you are having commanded to arrest 7C and bring him to answer with contemp of Court. Witness the Honorable Chief Judge of Superior Court under seal 8th day April 1998. Neither its date nor its substance has any relevancy.

## MINISTERIAL RECORDS

47.    The records information requested are ministerial records that shall be found in United States District Court for the District Of Columbia; and the Superior Court for the District of Columbia DC., In re Cudahy 294 f.3d 951 (7th Cir.2002)(states these formulations do not suggest that the mear fact of the existence of grand jury is authomatically to be deemed matter accurring before grand jury, Cf. In re Grand jury investigation, 903 f.2d 180(3d Cir.1990); In re special grand jury 674 f.2d 778, 779-81(9th Cir.1982))

48.    1 Beale et al, Supra § 5.6P. 5-28 N.2 Ministerial grand jury records, (such as those plaintiff's requests are not exemption from disclosure and * shall be listed on Superior Court, and District Courts ELECTRONIC DOCKET *** SHEETS) reflecting the empaneling and extension of grand jury, are not within the reach of Rule 6(e) because they reveal nothing of substance about the * * GRAND Gury's investigation. 294 F.3d id at 951.

49.    Not that Defendants failed to provide the specific request records, but it failed to provide the type of system that(housed) stored/inventory topic-electronically. In short it failed to provide a system tamper-proof.

THE--DECLARATION OF COLLEEN MCGOWAN

50.    Declaration of Colleen McGowan, has failed to  satisfied his burden, in demonstrate that it has throughly searched for record requests where they might be reasonably found, such as DC Superior Court and DC Federal Courthouse computer system of docketing and filing.

51.    It State at ¶5 Dockery's request related to Criminal proceeding that he identified by case number and that were conducted in Superior Court for District of Columbia. These matter are handled and prosecuted by Superior Court Division of USAO-DC., therefore, I forwarded his FOIA/PA request to Superior Court Division of USAO-DC.

52.    His affidavit states incorrectly, that the Superior Court Division then searched its electronic database, the Replicated Criminal  information system ("RCIS") for any and all records related to the case numbers specifically indicated by Mr. Dockery. The RCIS is the Computer system used by the Superior Court and Division to track cases and to retrieve files pertaining criminal matters before the Superior Court of District Of Columbia. By using of the RCIS SYSTEM, the user can access databases[1] which can be used to  retrieve information based upon such parameters as  defendants' name, USAO-DC number (United States Attorney's office internal administrative number) and the * Superior Court case number. He said nothing about  a search of DC Fed.Court.

53.    The RCIS system query identified the records relating to the specific case number[2] were located at the Federal records Center in Suitland, MD in several box-to-boxes record system, in contrast to Dockery's request. See In Re Special Grand Jury(for Anchorage Alaska) 674 F.2d 778(1982) held (1) facts that movant were unindicted parties did not necessarily precluded * movant from seeking to inspect ministerial court records;(2) Movants, as

---

[1]The user should have known from the using RCIS that records sought were ministerial records, and if the records could not be found from Superior Court Docket sheet, or DC Federal Court docket sheet electronically then RCIS searching poping up Dockery's name at Federal Record Center in Suitland, MD, LOCATING SEVERAL CARD-BOARD-BOXES-UNINVENTORY TOPIC claiming to be the requested records, this form of record keeping system would be tantamount equally to a system of summary Totalitarianism record keeping. See US v. Alcantara 396 f.3d 205 note 13 infra.

---

[2]But it could not located the specific request by plaintiff neither in DC Courts Dockets, nor Suitland Computer docket system subject matter, then See Meeopol Computer printouts were provided to list the section references identifying the main subject files to which the references were cross-referenced. MEEROPOL V. MEESE,.790 F.2d 951. Copies of these computer printouts were furnished to appellants. RUSSEL V. UNITED STATES 8 LED2D 261 note 2, infra, point to places where this request can be or should be found.

members of the public had right, subject to Rule of grand jury secrecy, of access to ministerial records in files of District Court having juris- diction of grand jury, and access was not to be denied absent specific and substantial reasons for refusal, (3) movants, by filing motion in District Court which had jurisdiction of grand jury proceeding, employed appropriate procedure. 674 F.2d id at 779.

54. This Court is ask to take judicial notice, of Authority of In Re search waarrant for secretarial AREA-GUNN, 855 F.2d 575(8th Cir.1988)(States in part "the case dockets maintained by the clerk of the District Court are public records". [Dockery is a prisoner and handicapped, and requesting the Freedom of records to assisting him obtaining the records sought] See U.S. V. Griden 675 F.2d at 559. The docketing of motion to closed a proceeding or seal certain documents provides notice to the public, as well as to the press, that(GRAND JURY RETURN INDICTMENTS IN OPEN COURTHOUSE. SEE DOCKERY EXH "K" 1997 Affidavit of USAO-DC KOHL, indictments returned by grand jury and filed with Court) such motion has been made and assuming that such motion .. has docketed sufficiently in advance of a hearing on/or disposition of the motion, affords the public and the press an opportunity to present object- ion to the motion. U.S. V. CRIDEN 675 F.2d 559(1982).

55. The district court should take whatever steps are necessary to ensure that docketing entries are made a reasonable time before closure motion is acted upon. 675 F.2d 559. In Dockery's case defendants failed to provide records of docket entry of requested records. Black's law dictionary seventh Edition, defined the wordsministerial to be "of or relating to an act that involves obedience to instructions or laws instead of discretion, judgment, or skill." The Court Clerk's ministerial duties include recording judgment on the Docket. ("It prevent imposterism and fascism sort of records keeping system said Dockery").

56. The defendants in Dockery's case can informed plaintiff that no record sought existed and that it intended to provide plaintiff with declaration es- täblishing USAO-DC possessed none of the records. Davis Cowell & Bowe, LLP V. Social Sec. Admin, 281 F.Supp.2d 1155(N.D.Cal.2003)(Mootness due to * ‡ happenstance results where a controversy presented for review has "become moot due to circumstances unattributable to any of the parties".))

57. Vacatur must also be granted where mootness results from the unilateral action of the party who prevailed in lower court. On the other hand. when mootness result from settlement, absent exceptional circumstances, the losing

10.

parties voluntarily forfeits its legal remedy, and thereby surrenders its claim. 281 F.Supp.2d 1155-56.

58.    Moreover, McGowan Declaration must reasonably outline the method of search for the request records, and show that all likely responsive files were searched such as DC Superior Court computer docket entry of the record origin.(LONG V. US DEP'T OF JUSTICE 10 f.Supp.2d 209(NDNY.1998) quoting Ogleshy V. U.S. Dep't of Army 920 f.2d 5768(D.C. Cir.1990)--

59.    A search is complete when the declaration "describes with particularity the [FILES THAT WERE SEARCH] the manner in which they were searched, * and the results of the search". See Steinberg V. U.S. Dep't Of Justice, 23 f.3d 546 552(D.C.Cir.1994)

60.    The filing of Vaughn index and affidavits that outline the method allow and adequacy of the search will allow the court to make an informed decision whether to grant summary judgment and forgo discovery, or decide that discovery is needed to the search of documents. 10 F.Supp.2d 209-210.

61.    Defendants's affidavits does not reasonably outline the method of the search to degree which shows that all likely responsive files were searched, therefore, discovery is needed. Responsive files are United States District Court for District of Columbia computer Docket system or Superior Court of DC, Computer docket record databased. COOPER 450 F.Supp 752

62.    In addition Defendants' affidavits raises the questions as to adequacy of search. LONG 10, F.supp.2d id at 210. McGowan's affidavit raises questions as to the adequacy of alleged search. Before indictment can exist grand jury has to acted upon it. If there is no formal record of grand jury acts * * * originally then the paper typed up looking like indictment can be drawn by anyone, absent grand-jury authorization. WOOD V. GEORGIA 8 LED2d 581.

63.    In Greenberg V. U.S. Department of treasury 10 f.supp.2d 27(DDC.1998) The Court of appeals states Rule 6(e) does not draw a veil of secrecy . . over all documents about activity investigated by grand jury or even all documents related to grand jury. Washingron Post 863 f.2d at 100(quoting SEC V. DRESSER INDUS INC 628 f.2d 1368, 1382 (DC Cir) cert denied 449 US 993 101 S.Ct. 529, 66 LEd.2d 289(1980);Senate of Puerto Rico 823 f.2d at 582 relevant inquiry is--

64.    whether the Document would reveal the inner workings of grand jury, such as witnesses names or substance of testimony or direction and strategy

of investigation. 863 f.2d at 100. Dockery request computer data docket sheet printout, contain the same information [if it exist] as the seven card-board box-to-box record system, with exceptions of the computer data docket sheet, records is harder to forged. See Long v. U.S. Internal revenue Service 596 f.2d 367(1979).

65.    Dockery does not seek, the identities of grand jury home addresses, other than computer printout with their names conducting business in the aforesaid cases, names which showing on indictments.

66.    Moreover, the DC Superior Court FOIA regulation make explict provision for disclosure of records maintained in computer form. The information sought did not mention murder investigations, or any other investigation, nor allude to any specific matters occuring before grand jury, or which * * would place the safety of any one who participator in the so-called grand jury cases. DORSETT V. US 307 F.Supp.2d 28(2004 DC Dist. Col).

67.    The materials sought is not part of an ongoing criminal investigation that might be compromised or that might embarrass innocent parties if release to Dockery, and by claiming exemption clearly demonstrate the non-existence of the material. Dockery Did not seek, any criminal or criminal history, nor other records on a specific or general, member of grand jury or lawenforcement officers herein, to required the imposition under . . . exemption 7C records or information compiled for lawenforcement purposes protected from disclosure whenever such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy, unlike TAYLOR V. U.S. DEPT OF JUSTICE 259 F.Supp.2d 113DDC.2003)).

68.    TAYLOR'S Court sought any criminal records or criminal history on James Roark, and Michael White, are precisely the sort of documents that have routinely been held to be protected from disclosure under exemption 7(C) said the Court. See TAYLOR V. US DEPT OF JUSTICE 257 F.Supp.2d 111-112-113(DDC.2003) WASHINGTON POST 863 f.2d 96.

NONE-MOOT CLAIM

69.    Because Dockery suit pursuant to § 552(a)(6)(C) challenges not only timelines of agency's response, the issue whether agency's response was adequate is not moot. Dockery's claim is not based on slowness alone but defendants failed to provide his specific request. It circumvent Dockery's request by provided irrelevant information, then holler moot, and then cites cases such as Vonche v FBI 999 F.2d 963(5th Cir.1993)(INAPPLICABLE)

70.    Dockery is not withdrawing his request that would mooted the case. For exception to mootness doctrine for issues capable of repetition yet evading review to  apply, two requirements must be met: challenged action must be then in its duration too short to be fully litigated prior to its cessation or expiration and there must be reasonable expection that same complaining party will be subjected to   same action again. GULF OIL CORP. V. BROCK 778 F.2d 838(DC Cir.1985). Here Dockery seek to challenge the * * FOIA/PA failure to  provide his disclosure of computer dockets courthouses data. See Long V. U,S, Internal  Revenue Service 596 F.2d 367(1979) with the information he requested.

71.    "[A] case is moot when the issue presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome". DAVIS V. F.B.I. 355 F.Supp.2d 1-3(D.D.C. 2004)quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491(1969) In a FOIA action, "a federal court is authorized only to 'enjoin the agency from withholding agency re-cords and to order the production of any agency records improperly withheld. . . .' "Perry v. Black, 684 F.2d 121, 125(D.C.Cir.1982)

72.    Thus, "[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has * * ALREADY BEEN MADE. Id.(citing Crooker v. U.S. State Department 628 F.2d 9, 10 (D.C. Cir.1980). In Dockery's case there is no reason to believe that Dockery may be satisfied, that the documents he requested have been produced. 355 F.Supp.2d id at 3.

## SUMMARY JUDGMENT NOT PROPER THING TO DO IN THIS MATTER

73.    The nonmoving party is not required to produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Rule 56 of FRCP does not require the nonmoving party to depose his own witnesses. Rule 56(e) PERMITS a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c). except the mere pleadings themselves, and it is from this list that one would normally expect the non-moving party to show that there is a genuine issue for trial. On that list Dockery point to exhibit "K"  is genuine issue for trial. See CELOTEX CORP V. CATRETT 91 L.Ed.274-75(1986). USAO-DC declaration, states the indictments * returned by grand jury were signed by the forepersons of the grand jury and

filed with the Court. See USAO-DC David Luczynski's declaration filed with this Court on 10/05/07 at Pp.3, ¶11, (disputing USAO-DC Kenneth Kohn's declaration of 1997 ex.K for litigation in Civil Action No.CV-97-3584 United States District Court East Brooklyn New York, Judge Ross) there are no other records systems or locations within the District of Columbia in which other files pertaining to Dockery's criminal case were maintained.

74.    Defendant's affidavit does not satisfied FRCP 56(e) supporting and opposing affidavits shall be made on personal knowledge shall set forth such facts as would be admissible in evidence and shall show affirmative that the affiant is competent to testify to matters stated therein. CELOTEX CORP. V. CATRETT 91 LED2D 272 note 3 infra. See also Trulock V. US Dep't Of Justice 257 F.Supp.2d 50-51(D.C.C.2003)---

75.    States information provided by Central intelligence agency(CIA) through affidavits and description of withhold documents was insufficient to permit a court to rule on CIA's claims of freedom of information Act(FOIA) exemptions from disclosure.

76.    Defendants' motion is premature for summary judgment under FRCP 56(f) AND Dockery has ask it be dismissed; and granting summary judgment in favor of Dockery on the relief sought in the amended complaint; or permit Dockery to take discovery pursuant to 56(f).

77.    LEE V. MINNER 458 F.3d 194 (3rd Cir. 2006)(granting summary judgment in favor of journalist. See 458 F.3d id at 200 states in part, "effective advocacy and participation in political process, require access to informat-ion". In the words of the District Court, access to records is "the hallmark of effective participation in democracy". App.at 20. The very purpose of a freedom of information law is to ensure an informed citizenry, vital to the functioning of a democratic society . . .  See e.,g. John Doe Agency V. John Doe Corp., 493 U.S. 146, 152 110 S.Ct. 471, 107 L.Ed.2d 462(1989)(construing the federal Freedom of Information Act); see also 29 Del. Code Ann. § 10001 (acknowledging that "[i]t is vital in a democratic society that public busi-ness be performed in an open and public manner. . . "). LEE 458 F.3d 200.

78.    Pursuant to Article 1V, section 2, a state may not discriminate ageinst noncitizens with respect to any protected right unless the state has a sub-stantial reason for the discrimination policy that bears a substantial re-

lationship to the State's objectives. Washington DC's Public records law
and the FOIA/PA agency discriminates on its face between Citizens and non-
citizens inter alios Dockery L.  Jasper. See LEE V. MINNER 458 F.3d 201
(3rd Cir.2006).

79.    Review District Court's order granting summary judgment is plenary. See
CAMIOLO V. STATE FARM FIRE & GAS. CO. 334 f.3d 345, 354(3d Cir.2003)(apply
the standard set forth in FRCP 56(c), under which Court may affirm District
Court's order if, when viewing evidence in light most favorable the nonmoving
party, there is "no genuine issue to material fact the moving party is enti-
tled to judgment as matter of law". FRCP 56(c) See LEE V. MINNER 458 f.3d 196-
197(3rd Cir.2006).

PUBLIC INTEREST IN DISCLOSURE INCLUDING HELPING INDIVIDUAL OBTAINING
RECORDS APPLIED WITH EQUAL FORCE TO FREEDOM OF INFORMATION(FOIA/PA ACTS STAFF

80.    In Defendants motion at Pp 12, states Public interest in disclosure
"does not include helping an individual obtain information for personal use".
This argument by defendants is contravened with the Authority of DORSETT V.
UNITED STATES 307 F.Supp 2d  32(D.D.C.2004)(The FOIA requires an agency re-
sponding to FOIA request to conduct a reasonable search using methods which
can be reasonably expected to produce the information requested".

81.    According to the Edwards Declaration, the defendant search the Secret
Service's Master Central Index("MCI") for documents responsive to Plaintiffs
request. An on-line computer syatem used by all Secret  Service field officers,
resident officers, resident agencies, protective division, and hesdquarter . .
divisions for a variety of applications. The MCI provides a system of record
keeping of information for cases and subjects of record in investigative, . .
protective, and administrative files maintained by the Secret Service. Indivi-
duals on whom the Service maintains records are indexed on MCI by name, * *
social security number, and/or date of birth.

82.    Searches for information regarding plaintiff were conducted using his
name, social security number, and date of birth. DORSETT 307 F.Supp.2d id at
32.

83.    When prison inmate requested that U.S. Secret Service provide all re-
cords relating to inmate, Secret Service properly conduct search for records
by utilizing its computerized master Central index that maintained records
on [INDIVIDUALS] by name, social security number, and date of birth. DORSETT
V. UNITED STATES DEPARTMENT OF TREASURY 307 F.Supp.2d 28(D.D.C.2004).

84.   In defendants' motion at Pp 12 states, in this regard, Courts
have constantly refused to recognize any public interest in the disclosure
of information solely to assist a prisoner in challenging his[3]conviction.
Defendants' argument and the authority cited is contravene with Dockery's
2241 case he filed for illegal confinement, and authority of RICE V. BLACK
1986 DC Beb 112 FRD 620 States as follows:

85.   Assuming information requested by prisoner concerning FBI laboratory
analysis of tape recording of conversation made to ploice emergency telephone
number, is exempt from disclosure under freedom of information act, it is dis-
coverable material in habeas corpus proceeding under discovery rule because
Petitioner's need to demonstrate his illegal confinement greatly outweights
any . . . governmental interest in nondisclosure where party to be deposed
has not demonstrated any willingness to provide information in any alternat-
ive form or truthfully come forth with the requested information in the past.

86.   The RICE court states, claim that disclosure of identity of FBI personnel
would invade their personal privacy was without merits as such disclosure not
shown to be more intrusive than routine burden of testifying at trial. Rice
V. Black (1986 D.C.Neb) 112 FRD 620.

87.   SEE Doolittle V. U.S. Department of Justice Drug Enfor. 142 F.Supp.2d
281-82(N.D.N.Y.2001)(The action arises out of Doolittle's request for DEA
records concerning his arrest on drug charges in November 1996. Requester of

---

[3]In the case of DOUGLAS OIL CO. V. PETROL STOPS NORTHWEST 60 LED2D 166 note 12 infra quoting
UNITED STATES V. PROCTER & GAMBLE CO. Supra at 683 2 LED 2d 1077-78 S. Ct.983, the Supreme
Court of the United States PROCTER & GAMBLE AND DENNIS EMERGES THE [standard] for determin-
ing whether the traditional secrecy of grand jury may be broken: Parties seeking grand jury
transcripts under Rule 6(e) must show that the material they seeks is needed to avoid possible
injustice in another "JUDICIAL PROCEEDING", that the need for disclosure is greater than . .
need for continued secrecy, and that request is structured to cover only material so needed.
60 LED2D Id at 166-67. (NOTE 3 CONTINUE INFRA)

(NOTE 3 INFRA CONTINUE)
     Without the material requested Dockery would be greatly prejudiced or without the
defendants provide an affidavit stating that the material Dockery sought is nonexistent,
whereas the requirement of criminal Rules that every indictment must be found by at least
12 grand jurors is a further specification of Fifth Amendment's command that no person . .
shall be held to answer for capital, or otherwise infamus crime, unless on indictment of
grand jury is not satisfied herein Dockery's case. See DOUGLAS 60 LED2D 166 quoting PROCTER
356 US at 682, 2L Ed 2d 1077, 78 S.Ct. 983; Gaither V. United States 413 F.2d 1061-1065
(1969). ("Stare decisis creates a more just and uniform system. The Rule of precedent tend
to neutralize the "PREJUDICE OF INDIVIDUAL JUDGE". Stare decisis make the law more stable
and predictable").

documents pursuant to Freedom of Information Act(FOIA) and Privacy Act
sued Drug Enforcement Agency (DEA) to compel production of documents per-
taining to requester's arrest on drug charges which DEA claimed could not
be located or were exempt. On DEA's motion for summary judgment, the District
Court, David N. Hurd, J., held that: (1) requester provided sufficient in-
formation to identify documents, and (2) Documents which could identify con-
fidential source were exempt. Motion granded in part and denied in part. 142
F.Supp.2d 281(N.D.N.Y.2001)

88.   Drug Enforcement Agency(DEA) failed to meet its burden of showing that
its search for documents pertaining to search of home of requester of document
was adequate under Freedom of Information Act(FOIA). 142 F.Supp.2d 184(N.D.N.Y.
2001)(Doolittle V. U.S. Dept. Of Justice, Drug Enfor.)

89.   Mr. Dockery is seeking his release, but does not challenge his convict-
ion. rather he challenging the Executive department's execution of removal's
affidavit was nothing more than fraudulent document made up thus to get him
removed from New York City to Washington D.C.. It was made up in violation of
his Fourth and Fifth Amendments rights to the United States Constitutions. See
BLAIR-BEY V. QUICK 151 F.3d 1043(D.C.Cir.1989)(Blair-Bey's petition seeks his
release, but does not challenge his conviction or sentence).

90.   Moreover, Dockery is not seeking disclosure of information solely for
assist him in challenging(see Civil action No.CV973584 U.S. District Court
East Brooklyn N.Y. It be likely that the witnesses' testimony in this case
was inconsistent with the requested grand jury material.) his convictions.
The disclosure is needed here to prevent another injustice. See DOUGLAS OIL
CO. V. PETROL NORTHWEST 60 LED2d 166-67.

### RECORDS.

91.   Courts have also declared, documents once have been disclosed connot
regain their confidential(strenght) NATURE under 5 USCS § 552(b)(3) SUCH as
where records were released to tax Court and were open to public inspection
before being returned to Recenue  Service; formerly confidential document
disclosed on public record and available for public scrutiny cannot be made
confidential again by simple change of custody. COOPER V. IRS (1977 D.C.Dist
Col) 450 F.Supp.752.

DISCOVERY AND INSPECTION

92.    In Dockery's Superior Court so-called trials alleged grand jury
transcripts of confessors were given to Dockery's attorneys after USAO-DC
Kohl have uses them inside the courthouse. Therefore Dockery requested
materials cannot be construed to be confidential under 5 USCS § 552(b)(3).
See DOUGLAS OIL CO. V. PETROL STOPS NORTHWEST 60 LED2D 165-66-67. quoting
DENNIS V. UNITED STATES 16 LED2D 973(1966)--

93.    It was held to be an abuse of discretion for a District Court in a
criminal trial to refuse to disclose to the defendants the grand jury testi-
mony of witnesses who some years earlier had appeared before a grand jury
investigation of defendants. The grand jury had completed its investigation,
and the witnesses whose testimony was sought already had testified in public
concerning the same matters.

94.    The Court noted that "[n]one of the reasons traditionally advanced to
justify nondisclosure of grand jury minutes" was significant in those cir-
cumstances. Id., at 872 n 18, 16 L Ed 2d 973, 86 Ct. 1840, whereas the de-
fendants had shown it to be likely that the witnesses' testimony at trial
was inconstant with their prior grand jury testimony. 60 LED2D 166-167.

95.    Dockery asserts that his request grand jury ministerial records does
not encompass his conviction. "In short grand jury does not convict people"
Petit Jury convicts people. Dockery did not asked for any petit Jury record.

96.    In Re Grand Jury Investigation 903 F.2d 180-182(3rd Cir.1990)quoting
NIXON V. WARNER COMMUNICATION INC 55 LED2D 570(1978)(the court found the
interest necessary to support the access right in inter alia "the Citizen's
desire to keep a watchful eyes on the working of public agencies" id 98 S.
Ct. at 1312. Appellant, who is incarcerated as the result of grand Jury's
process, has more than the citizen's right to seek the grand jury's terminat-
ion date. Cf. In Re Special Grand Jury(for Anchorage Alaska), 674 f.2d 778
9th Cir 1982).

97.    It is clear that the courts of this country recognize a general right
to inspect and copy public records and documents NIXON 55 LED2D 579 note 7
infra. Including judical records and documents. NIXON 55 LED2D 579 note 8
infra. "Dockery is making the record clear he is not challenging his con-
victions rather DC Executive department's execution of illegal removal
affidavit in violation of Uniform Criminal extradition Act 18 USC § 3182."

MICHIGAN V. DORAN 58 LED2D 525 note 4 infra these terms appear to derive from language in MUNSEY V. CLOUGH, 196 US 364 373, 49 L Ed 515, 25 S.Ct 282(1905): If it appear that the indictment substantially charges an offense for which the person may be returned to the State for trial, it is enough for this exteradition proceeding. Court found support for its con-clusion in § 3 of the Uniform Criminal Extradition Act, which requires an affidavit must substantially charged. 58 LED2D 525.

98.    In WOOD V. GEORGIA 8 LED2D 580(1962)(The limitation on free speech assume a different proportion when expression is directed toward a trial as compared to grand jury investigation. Rather, the grand jury here was in a matter touching each member of the community.

99.    The Court states, historically, this body has been regarded as a primary security to the innocent against hasty, malicious and oppressive prosecution. It serves the invaluable function in our society of standing between the accuser and the accused, whether the latter be an individual, minority group, or other, to determine whether a charge is [founded] upon reason or was dictated by an intimidating power or by malice and personal ill Will. See WOOD V. GEORGIA 8 LED2D ID AT 580 note 17 infra Quoting ORFIELD, CRIMINAL PROCEDURE FROM ARREST TO APPEAL(1947), 144-146. See HALE V. HENKEL, 201 US 43, 59-66, 50 Led 652, 659-662, 26 S. Ct 370. See Generally note, the grand jury as an investigatory body, 74 Harv L Rev 590(1961).

### THE PRIVACY ACT OF 1974 IS COMPOSITION TO FOIA

100.    The privacy Act of 74 is compose of FOIA. The privacy act regulates Federal Government agency recordkeeping and disclose practices. The act allows most individuals to seek access to federal agency records about them-selves. The act requires that personal information in agency files be accu-rate, complete, relevant, and timely.

### BURDEN OF PROOF SHIFTED FROM INDIVIDUAL TO GOVERNMENT

101.    With the passage of FOIA, the burden of proof shifted from individual to givernment. Those seeking information are no longer required to show a need for information such as the defendants' theory of Dockery alleged * * challenged convictions. Defendants' repressive documents tantamount to high-tech lynching using the Criminal Justice and penitentiary systems to replace slavery.

WHEREFORE, Dockery request that defendants' motion be dismissed; Plain-tiff be granted summary judgment on the relief sought in the amended com-plaint; or permit plaintiff to take discovery to unfold more facts on the sort of records keeping systems that Congress has put in place for verious

agency to conformed with, etc; or in alternative defendants shall concede that the records plaintiff sought is nonexistence and provide an affidavit that no grand Jury had never conven in the aforesaid case number, therefore mooting the case as matter of law.

By _Jasper L. Dockery_
Jasper L. Dockery
United States Penitentiary
P.O. Box 2099
Pollock LA 71467.

10/25/07

20.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jasper L. Dockery

     Plaintiff                 :

     v.                  :     <u>Civil No: 070318(ESH) JUDGE HUVELL</u>

U.S. Department Of Justice Executive     Affidavit Of Jasper Dockery
Office For Freedom Of Information/PA  :

       Defendants             :

     JASPER DOCKERY, being duly sworn states under penalty of perjury pursuant to 28 USC § 1746, that all the foregoing statements he made in this affidavit, inconjunction with Congressional Rules and Federal, Common, and States laws are true to the best of his knowledge.

1.    That He is the person who made the requests to defendants for the materials informations. That he is the plaintiff in this case. That on * * about October 3, 2007 he received a response from William Stewart, assistant Director of Freedom Of information Office, and US Attorney in response to his several requests materials among other dates August 11, 2006.

2.    That Defendants had failed to to provide him with the information materials he sought. That the materials[events]dates he sought are distinct from the dates defendants had provided him. That the materials topic he had sought are distinct of those defendants had attempt to provide him. That the computer printout and docket sheets of grand jury ministerial records he * * sought are distinct of those defendants attempt to provided him. That Defendants proposed materials are not in computer-printout form, as those he sought.

3.    That because of his ongoing penitentiary disability status, he is unable to personally obtaining the public-material records he sought, those records are found in the United States District Court House Docket sheets, and DC Superior Court House Docket Sheets, computer filing systems; inconjunction with those that stored at Federal Records Center Sutland Md, which have been properly inventory topic-by-topic and filed/docketed in the Fed. Record Center Sutland, computer record keeping system.

4.    That the affidavits submitted by agencies did not provide enough information about withheld material so as to afforded Dockery meaningful * *

1.

OPPORTUNITY to contest it, nor the court adequate fundation to review the withhold material. COMPARE with Dockery ex "F", Pp.1-16 is irrelevant.

5.    That Box-to-Box system of records keeping only have been outdated and like a sort of system that any-one can add or delete from such a * * PRIMITIVE SYSTEM. That the overall adequacy of the Vaughn index, and agencies' Vaughn index did not described and should have describe the documents topics-inventory filed in sutland federal records center at MD., and those withheld to justification for nondisclosure, with enough detail and sufficient specificity within the domain of exemption claim.

6.    That Defendants failing to provide him with agencies guid include index and description of major system, and guidance for obtained various type of public information from the agencies holdong and responsible for providing the information.

7.    In the Declaration of David Luczynski at ¶ 8, he states after re-ceiving plaintiff's FOIA REQUEST, EOUSA undertook the search for documents responsive to Plaintiff's FOIA request by forwarding the request to the FOIA Contact for the United States Attorneys Office for the District of Columbia(USAO-DC). Easc United States Attorney's Office maintains the case files for criminal matters prosecuted by that office.

8.    David Luczynski and its agency simply cannot insulate it-selve by stating the requested material come from another agency. Court have made it known, it is well settled in some Circuit that when an agency like here receive a FOIA request for agency records in its possession, it must take responsibility for processing the request [;][i]t cannot simply refuse to act on the ground that the documents originated elsewhere. Thus even though David Luczynski referred these request to other agency(USAO-DC) for review and processing, David is still responsible for explaining their non-product-ion. David must submits a vaughn index to account for the inventory-of-topic filing computer record system maintained in Suitland Federal Record Center, Md. David Shall provide full description of each system of record keeping at Suitland and information maintain by each sustem. Only discovery will solve these puzzle. Plaintiff invoke Rule 56(f) AND ask the Court to order discovery, because Dockery cannot for reason stated herein present by * * affidavit facts essentala to justify his opposition. Here Dockery explain numerous genuine issue of material fact why this case must go to trial. Or why the case is not moot; therefore summary judgement shall be denied

9.    Material facts of genuine dispute is records reqested and those defendants attempted to provided in contrast to the request materials.

10.    Defendants provide no computer printout for Federal Record Center at Suitland Md, showing the topic of the request matarials, and it was inventory and filed in Sutland Federal Record Center data base, that confirm the accuracy and existance of the requested materials removal from D.C. Database Computer courthouse docket system, is genuine issue of disputed material facts that shall be given to the tryer of facts.

11.    In these days and time with all our sophisticated technology records are kept on computer disk and micro flim verification. Defendants are not saying here is printout of Court ** docketing-filing computer-disk with * * requested records, that was move to Suitland for recording safety keeping, a watch-dog federal record center.

12.    Plaintiff solemnly declare under penalty of perjury pursuant to 28 USC § 1746(2) that the contents and statements he made in this affidavit is true and shall be construed to supports facts and laws and Rules stated herein, in supportive of his foregoing pleading, responsive to show cause why his complaint is not moot and summary judgment must be denied.

By: _____
Jasper L. Dockery
#39631053
United States Penitentiary
P.O. Box 2099
Pollock LA 71467

10/25/07.

3.

CIVIL NO:070318(ESH)
JUDGE ELLEN SEGAL HUVELL
U.S. DISTRICT COURT JUDGE
FOR DISTRICT OF COLUMBIA
WASHINGTON D.C.

## VERIFICATION OF SERVICE

Jasper Dockery being duly sworn, deposes and says:
That deponent is the plaintiff in the above case; that on the 29 day  of
Octiber 2007 he served the responsive answer to showcase why his case is
not moot and summary judgment shall be denied on the following News people,
and attorneys below:

1. Jeffery Taylor

2. Rudolph Contreras

3. Quan Lung

555 Fourth Street, N.W. Room E-4417
Washington, D.C. 20530.

A. Mr. Mike Wallace
   60 Minuts News
   524 West 57th Street
   New York, N.Y. 10019

B. Mr Craig A. Moon
   President and publisher
   USA TODAY NEWS
   P.O. Box 1044 McLean, Va 221018444.


By: _____
    Jasper L. Dockery
    United States Penitentiary
    P.O. Box 2099
    Pollock LA 71467

                                    10/29/07.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASPER LLOYD DOCKERY )
#39631-053 )
U.S.P. Pollock,POB 2099 )
POLLOCK, LA 71461. )
(Enter your full name, prison number
and address)

Civil Action No: _1:07-CV-318_

v.

ALBERTO GONZALES, U.S. )
Attorney General;William )
G. Stewart II Acting )
Assistant Director. )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1)    the average monthly deposits to your prison account, or
(2)    the average monthly balance of your prison account for the prior six-month period.

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

## I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes (  )    No ( X )

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (    )    No ( X )

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs:    JASPER L. DOCKERY

Defendants: PAMELA REED; PHYNIAS YOUNG; NATHAN TUCKER; AND DISTRICT OF COLUMBIA GOVERNMENT.

2.    Court (If federal court, please name the district; if state court name the county.) EASTERN DISTRICT OF NEW YORK, BROOKLYN EAST.

3.    Docket number:    CV973584.

4.    Name of judge to whom case was assigned: Ross J.

2

5.   Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)   Pending.

6.   Approximate date of filing lawsuit: ___ 1997.   September.

7.   Approximate date of disposition: ___ currently pending.

## III.   PLACE OF CONFINEMENT

U.S.P. Pollock   -
P.O.B. 2099, POLLOCK LA 71461:

A.   Is there a prisoner grievance procedure in this institution? Yes ( ↵ )   No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( X   No ( )

C.   If your answer is Yes to Question III B:

1.   To whom and when did you complain? ALBERTO GONZALEZ & WILLIAM STEWAR
U.S. ATTORNEY GENERAL, & FREEDOM OF INFO/PRIVACY ACT STAFF

2.   Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)   Yes  X   No ( )

3.   What, if any, response did you receive? (Furnish copy of response, if in writing.) In effect, his request has been denied since it was not processed within the specific time of the Act, 5 U.S.C. § 552(a)(6)(A).(See ex 1, responsive.

4.   What happened as a result of your complaint? I have to wait 9 month to process project request, but it is not project request. It is simple computer search request.

D.   If your answer is No to Question III B, explain why not. ___

E.   If there is no prison grievance procedure in the institution, did you complain to prison authorities?   Yes ___   No ( )

F.   If your answer is Yes to Question III E;

1.   To whom and when did you complain? WILLIAM G.STEWART ATING ASSISTANT DIRECTOR, AND I APPEAL TO HIS SUPERVISOR OF FOIA/PA. See Plaintiff ex 2.

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

This action is brought pursuant to the Freedom of Information Act, as amended, 5 U.S.C § 552, et, seq, and 28 U.S.C. § 1361. Plaintiff's is seeking to compel the United States Department of justice(DOJ), to dis- close and produce by LIONS computer printout, each dates grand jury con- vened in indictments No. F536-96; F153-96 and hence USW No: 1061-95, Superior court of District of Columbia. Each date the grand jury was discharged by the judge; the name of judge discharged the grand jury in indictments No. F536-96; f153-96 and hence inter alia, the name of the judge that discharged the grand jury that incorporated the obstruction of justice charge USW No: 1061-95 with f153-96 indictment. The name of grand jury foreperson and deputy foreperson in inictments No. F536-96, f153-96; and hence the names of grand jury foreperson and deputy fore- person that incorporated obstruction of justice U.S.W. (SEE ATTACH PAGE)

VI.    RELIEF

State briefly exactly what you want the Court to do for you.

Pursuant to § 1361 compel Alberto Gonzalez and William Stewart, to dis- close the responsive record as requested. failure to comply with the 20 day limit should not be excused and this court should enter summary judgment in favor of Dockery and compel respondents to make full and complete response within twenty days of the summary judgment. in 1996 congress amended FOIA and tightened the standard for obtaining stay by defining the term "exceptional circumstances" to exclude delay results from predictable agency workload of request unless the agency demonstrat reasonable progress in reducing its back log pending request. 5 USC § 552(a)(6)(C)(ii). Dockery cannot for reason stated by affidavit facts essential to justify his opposition absent the requested material. Under Rule 6(e) responsive is needed to avoid a possible injustice in another Judicial proceeding.

Signed this ____1____ day of __JANUARY__, __2007__

_Jasper Dockery_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__1/4/07__
(Date)

_Jasper Dockery_
(Signature of Plaintiff)

(ATTACH PAGE)

No. 1061-95 with murder indictment f153-96 D.C. Superior Court. The number of jurors concurred, and voted to indict, in indictments No. F536-96, f153-96, and hence the number jury voted to indict, in the obstruction of justice indictment incorporated U.S.W. No.1061-95 with f153-96 indictment. The name of judge indictments returned in open court in indictments No. F536-96, f153-96, and hence the name of judge indictment return in open court in obstruction of justice indictment its affidavit warrant number is U.S.W No. 1061-95 and was allegedly incorporated with f153-96 indictment. The dates the judge appoint jury to be foreperson and deputy foreperson, in indictments no. F536-96, f153-96, and hence obstruction of justice indictment its warrant No. U.S.W. 1061-95 incorporated with F153-96 indictment. the date extension of service was given to the grand jury if any, and its expiration date of such extention, in indictments No. F536-96, f153-96 and hence the obstruction of justice indictment, its warrant number U.S.W. No. 1061-95 incorporated in f153-96 charged.

This requests were made on August 11, 2005, by plaintiff. Submit herewith is a copy of the plaintiff's original request, <u>mark ex 3</u>. On about October 12, 2006 plaintiff received letter from William G. Stewart II Acting Assistant Director, claiming EOUSA makes every effort to process most requests within a month (20 working days). And there are some exceptions, for example, project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually project requests. See ex 1.

The requested information sought by the requester should not be construed to be some exception to the 20 working day period. The requester only sought computer search and printout of grand jury's * * * dates, information reflecting empanelling, extention, the dates of indictments returns. Plaintiff ask that the request be extended to * * search in the United States District Court for the District of Columbia issuing warrants for Jasper Dockery arrest based on indictment return for first degree murder on about January 5, 1996 and January 23, 1996. Please provide him with serch of responsive record, from the computer case tracking system used to determine all possible location of responsive record. The specific computer case tracking system utilized in ** searching for all of Dockery's requests namely the Legal Information Office Network System(LIONS). Submit herewith is a copy of Declaration of Teresa L. Davis in a matter of RONALD MITCHELL, V. JOHN ASHCROFT, US ATTORNEY GENERAL, confirm searching by the LIONS, Dockery now invoke. <u>mark ex 4</u> is the declaration.

5

2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (          No (    )

3.  What, if any response did you receive?  (Furnish copy of response, if in writing.)

4.  What happened as a result of your complaint? _____

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff:  Jasper L. Dockery #39631-053
      Address: U.S.P. Pollock, P.O.B. 2099, Pollock, LA 71461.

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank.  Do the same for additional defendants, if any.

B.    Defendant: Alberto Gonzales,
      United States Attorney General
      Address: 950 Pennsylvania Ave N.W. Washington DC 20530-#5111.


      Defendant: William G. Stewart II
      Acting Assistant Director, Unuted State Attorney Act (FOIA/PA

      Address: FOIA/PA Executive Office for US Attorneys, Department o
      Justice, 600 E Street, NW, Room 7300 Washington, DC 20530-000

      Defendant: _____

      Address: _____

      Defendant: _____

      Address: _____

## V.    STATEMENT OF CLAIM




**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number:_06-3059_____  Requester:_Jasper Dockery_____

Subject:__Self (grand jury dates, indictment)/DDC_____

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request</u>. If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                        Sincerely,

                        *William G. Stewart II*

                        William G. Stewart II
                        Acting Assistant Director

                                 Form No. 001 -1/06

$\mathcal{E}\!\!\times\!\!2$

JASPER DOCKERY
#39631-053
UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK, LOUISIANA 71467

ALBERTO GONZALEZ
U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,
FREEDOM OF INFORMATION/PRIVACY ACT STAFF
WILLIAM G. STEWART II ACTING DIRECTOR
600 E. STREET, N.W. ROOM 7300
WASHINGTON, D.C. 20530

Re: <u>Jasper L. Dockery v. Alberto Gonzalez</u>
Request No: 06-3059

Please take notice that this correspondence is an appeal to the head of the agency or his or her designee, in response to correspondence received from William G. Stewart II, acting assistant director, states that my request will be placed in the order in which it was received for processing, unless it is a very large request i.e. a (project request). Then it will be placed in a separate group of project requests, which are also processed in the order so received. EOUSA makes effort to process most requests within a month ( 20 working days). There are some exceptions, for example, project requests take approximately nine months to process. Requests for " All Information About Myself In Criminal Case File" are usually project request.

The requested information sought by the requester should not be construed to some exception to the 20 working day period. The requester only sought computer printouts of grand jury's termination dates; computer printouts of ministerial grand jury material, such as information reflecting empanelling, extention, the dates the indictment was returned in court, judge's name to whom indictment was returned, names of grand jury foreperson, and deputy grand jury foreperson; none of which should be considered

$\mathcal{P}$

to be a project request. In order to comply with this request, the legal assistant in the USAO/SDIL conducted a systematic search to determine the location of any and all responsive documents which might answer Mr. Dockery's questions. In conducting a search for responsive records, the computer case tracking system used to determine all responsive location of responsive records. The specific computer case tracking system utilized in searching for records pertaining to Mr. Dockery and his FOIA request is the Legal Information Office Network System (LIONS). LIONS tracks all cases and matters opened and closed in the USAO and AUSAO for the District of Columbia, Washington D.C.

The LIONS database contains fields for the retrieval of information based on defendant's name, USAO AND AUSAO numbers, and court case number. In addition, the legal assistant shall conduct a manual search of the Card File Index that was used prior to the implementation of the LIONS computer system. The legal assistant is required to check to ensure that no responsive records had been sent to the Federal Record Center and/or FBI Central Criminal File. In addition the legal assistant shall email each criminal AUSA in  the USAO/SDIL to determine if any of them knew other possible locations of responsive records. Please provide requester with copy of LION'S computer printout from the search. The FOIA permits an agency to extend the time limits up to 10 days in unusual circumstances. These circumstances (does not exist herein the instant matter of Dockery) include the need to collect records from remote locations, review large numbers of and consult with other agencies. The law allows this requester to

Ex 2

consider that his request has been denied if it has not been decided within the proper time limits. That is the so-called exception namely 'project request'.

P.S. The response to my request was not dated. However, the post-mark on the envelope was dated: 10/14/06. Please make record of this for future reference.

Sincerely,

Jasper Dockery

Date:10-16-06

18

# FREEDOM OF INFORMATION ACT REQUEST

EX 3

Date: 8/11/05

Name of Agency: __United States Attorneys' Office__

Address: __950 Pennsylvania Ave N.W.__

City/State/Zip: __WASHINGTON D.C. 20530 #5111__

Dear Sir or Madam:

This is a request, under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

1.      Each dates the grand jury convened in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

2.      The date the grand jury was discharged by the Judge; the name of Judge that discharged the grand jurors in indictments No. F536-96; and F153-96 Superior Court of District of Columbia. (See attach page 1A for additional information)--------

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

Jasper L Dockery
(Name)

#39631053
ID Number                          (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

11

Ex 3

PAGE 1A.

3.    the name of the grand Jury foreperson; and the name of the grand
      jury deputy foreperson in indictments No. F536-96; and F153-96
      Superior Court of District of Columbia.

4.    the number of jurors concurred; and the number of jurors voted to
      indict, in indictments No. F536-96; and F153-96 Superior Court of
      District of Columbia.

5.    the name of Judge indictments returned in open Court in indictments
      No. F536-96; and F153-96 Superior Court of District of Columbia.

6.    the dates the Judge appoint one of the Jury to be the foreperson
      and the other to be deputy foreperson, in indictments No. F536-96;
      and F153-96 Superior Court of District of Columbia.

7.    the date extension of service was given to the grand jury if any,
      and the expiration date of such extention, in indictments No.
      F536-96; and F153-96 Superior Court of District of Columbia.

8.    Please provide me with all the computer printout of these request.

*Jasper L Dockery*
8/11/06

P.S.

9.    Please provide me with computer records and other record responsive
      from grand jury commission in D.C. Superior Court regarding grand
      jury return indictment on January 5, 1996 #F536-96; and January 23,
      1996 #F153-96, UNITED STATES V. DOCKERY JASPER L Docket entry with
      the above requested information 1-9.

12

U.S. Department of Justice

Certification of Identity



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Jasper  Lloyd  Dockery

Current Address  United  States  Penitentiary,  P.O.  Box 2099,  Pollock,  Louisiana  714

Date of Birth  10/20/1946.

Place of Birth  Jamaica  W.I.

Social Security Number [2]  053-4785

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]  _Jasper L Dockery_    Date  _8/11/06_

Optional:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/98

13

FORM DOJ-
FEB.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD MITCHELL,                    )
                                    )
              Plaintiff,            )
                                    )
                                    )    Case No. 1:02cv00501
                                    )
JOHN ASHCROFT,                      )
ATTORNEY GENERAL                    )
DEPARTMENT OF JUSTICE               )
                                    )
              Defendant             )

_____

DECLARATION OF TERESA L. DAVIS

I, TERESA L. DAVIS, declare the following to be a true and correct statement of facts:

1)    I am an attorney with the Executive Office for United States Attorneys ("EOUSA"),

United States Department of Justice. I am an attorney on the Freedom of Information Act and

Privacy Act staff. My responsibilities include reviewing Freedom of Information Act/Privacy

Act ("FOIA/PA") requests for access to records located in this office and in 93 United States

Attorneys' Offices ("USAOs") and handling litigation arising from these requests. The

statements I make are based on my review of the official files and records of EOUSA, my own

personal knowledge, and knowledge I acquired through the performance of my official duties.

2)    This declaration addresses Mr. Mitchell's Civil Complaint dated February 16, 2002.

Due to the nature of my official duties, I am familiar with procedures followed in responding to

the FOIA/PA request made by Mr. Mitchell.

3)    By letter dated June 15, 1998, Mr. Mitchell made a FOIA request to EOUSA

whereby he sought records pertaining to his criminal prosecution: United States v. Mitchell, No.

EX4

84-CR-30005. (Exhibit A attached). Specifically, Mr. Mitchell sought the date that the March 1984 grand jury was convened, the name of the grand jury foreman, and the expiration date of the grand jury. Exhibit A. Mr. Mitchell indicated that he was prosecuted by the USAO for the Southern District of Illinois ("USAO/SDIL").

4)    On July 21, 1998, EOUSA denied Mr. Mitchell's FOIA request on the basis that Mr. Mitchell requested grand jury material protected by FOIA Exemption 5 U.S.C. § 552(b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e). (Exhibit B attached).

5)    By letter dated August 2, 1998, Mr. Mitchell appealed EOUSA's determination to the Office of Information and Privacy ("OIP"). (Exhibit C attached). By letter dated November 14, 2000, OIP informed Mr. Mitchell that his administrative appeal had been delayed due to administrative error, and OIP inquired as to whether Mr. Mitchell was still interested in the records he had requested. (Exhibit D attached). By letter dated November 21, 2000, Mr. Mitchell informed OIP that he was still interested in the requested records. (Exhibit E attached).

6)    Mr. Mitchell commenced this action on February 16, 2002.

7)    EOUSA directed the USAO/SDIL to search for records responsive to Mr. Mitchell's request. Initially, the USAO/SDIL did not locate responsive records, and on April 10, 2002, EOUSA notified OIP of the results of the search.

8)    By letter dated June 24, 2002, OIP informed Mr. Mitchell that no records could be located which were responsive to his request, and OIP suggested that Mr. Mitchell seek his records in the United States District Court in which he was tried. (Exhibit F attached).

9)    In order to be absolutely certain that the USAO/SDIL had conducted a complete search, EOUSA directed the USAO/SDIL to conduct another search for records which might be

2



A-4

Ex Ч

responsive to Mr. Mitchell's FOIA request. A Legal Assistant for the USAO/SDIL conducted
another thorough search for responsive records. She located Mr. Mitchell's indictment which
reveals the name of the foreperson. The Legal Assistant was unable to locate any records that
revealed the date the Grand Jury was convened and the Grand Jury's expiration date. The Legal
Assistant forwarded the indictment to EOUSA, and EOUSA released the indictment to Mr.
Mitchell on January 31, 2003. (Exhibit G attached).

10)    Although Mr. Mitchell's FOIA request only sought three items of information (the
date the Grand Jury convened, its expiration date, and its foreperson), Mr. Mitchell's Civil
Complaint represents that his FOIA request also sought "(4) the numbers of jurors [who] voted
for a true bill in case no. CR-84-30005 and (5) the name of the Judge the indictment was returned
before in open court." See Complaint. EOUSA has not directed a search for records revealing
the numbers of jurors or the name of the Judge because Mr. Mitchell has not made a FOIA
request for those items. Accordingly, EOUSA interprets those two items as beyond the scope of
Mr. Mitchell's civil action.

### EOUSA'S DISCLOSURE DETERMINATION

#### Identification of Responsive Records

11)    The records searched, and the document ultimately released to Mr. Mitchell, were
maintained in the USAO/SDIL's Criminal Case File System (Justice/USA-007) entitled United
States of America v. Mitchell, No. 84-30005.

### ADEQUACY OF THE SEARCH

12)    In order to comply with Mr. Mitchell's FOIA request, the Legal Assistant in the
USAO/SDIL conducted a systematic search to determine the location of any and all responsive

3

A-5                                    16

documents which might answer Mr. Mitchell's questions. In conducting a search for responsive

records, the computer case tracking system was used to determine all possible locations of

responsive records. The specific computer case tracking system utilized in searching for records

pertaining to Mr. Mitchell and his FOIA request was the Legal Information Office Network

System (LIONS). LIONS tracks all cases and matters opened in the USAO for the Southern

District of Illinois.

13) The LIONS database contains fields for the retrieval of information based on

defendant's name, USAO number, and Court case number. The LIONS system listed #84-30005

as pertaining to Mr. Mitchell. The Legal Assistant retrieved the case file pertaining to #84-30005,

and she searched through the entire file for records containing the requested information.

14) To insure that an adequate search was conducted for all records requested, the Legal

Assistant also conducted a LIONS search under Mr. Mitchell's alias: Ronald White. In addition,

the Legal Assistant conducted a manual search of the card file index that was used prior to the

implementation of the LIONS computer system. She also checked to ensure that no responsive

records had been sent to the Federal Records Center, Finally, she emailed each criminal AUSA in

the USAO/SDIL to determine if any of them knew other possible locations of responsive records.

15) The Legal Assistant ultimately concluded that the only records possibly responsive

to Mr. Mitchell's FOIA request would be records maintained in Mr. Mitchell's criminal case file,

#84-30005. Upon conducting a thorough search of the documents contained in the case file, the

Legal Assistant only located one responsive document: the indictment. I concur with the

assessment of the Legal Assistant that if other responsive records existed, the Legal Assistant

would have located them.

$A-6$



I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of February, 2003.

TERESA L. DAVIS
Attorney
EOUSA, FOIA/PA Unit

A-7

IMA:GM
F.#9703329
dockery.dcl

$Ex\ K$

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JASPER L. DOCKERY,

                     Plaintiff,

      -against-

NATHAN TUCKER, Special Agent,
PAM REED, District of Columbia
Detective, PHINEAS YOUNG, District
of Columbia Detective,
KENNETH KOHL, Assistant
U.S. Attorney, and
THE LEGAL AID SOCIETY,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action
No. CV-97-3584

(Ross, J.)
(Mann, M.J.)

**DECLARATION OF
KENNETH KOHL IN SUPPORT
OF MOTION TO DISMISS**

I, Kenneth Kohl, hereby declare as follows:

    1.    I am an Assistant United States Attorney, of counsel to Mary Lou Leary, United States Attorney for the District of Columbia. I have been named as a defendant in the above-captioned civil action. I was at all times set forth in the complaint, a non-resident of New York. At no time during the events set forth in the complaint did I take any action in the State of New York.

    2.    I was the Assistant United States Attorney assigned primary responsibility for the prosecution of Jasper Dockery in two criminal cases in the District of Columbia. In the first, the plaintiff was indicted, tried and convicted in Case No. F-153-96 on charges including the premeditated murder of Melvin Jones (the "Jones case"). In the second, plaintiff was indicted in Case No. F-536-96 on various charges including the murder of James Ivy which is scheduled to be tried later this year (the "Ivy case"). The indictments returned by the Grand Jury were signed by the

Forepersons of the Grand Jury and filed with the Court. A copy of those indictments accompany the

Tucker Declaration, dated September 24, 1997, as Exhibits D & F. Bench warrants for plaintiff

Dockery's arrest were issued in both murder cases on the day the indictments were returned, i.e. on

January 5, 1996 and January 23, 1996. A copy of the bench warrants accompany the Tucker

Declaration as Exhibits C & E.

3.      In addition to the two bench warrants in the murder cases, two additional

arrest warrants were outstanding at the time of plaintiff Dockery's arrest. First, there was a felony

complaint and arrest warrant issued for plaintiff Dockery on the charge of Obstruction of Justice.

That warrant was signed by a District of Columbia Superior Court judge on August 14, 1995, and

is attached to the Tucker Declaration as Exhibit A. The obstruction of justice charge arose out of

the plaintiff's efforts to threaten and intimidate witnesses who were scheduled to testify in the grand

jury against the plaintiff and his fellow gang members in the Jones murder case. The Grand Jury

indictment for the Jones murder charge incorporated, among other things, the obstruction of justice

charge. See Tucker Dec. Exh. D, Counts 11 & 12. As a result, the August 14, 1995 complaint on

the obstruction of justice charge was eventually vacated. See Tucker Dec. Exh. A, p. 1. Second, on

February 2, 1996, a fourth arrest warrant was issued for plaintiff Dockery by the Superior Court for

the District of Columbia. This warrant was based on an affidavit and complaint for an unrelated

charge of parental kidnapping.

4.      In the current civil matter, plaintiff Dockery argues that there was no warrant

for his arrest and that an unspecified indictment was invalid because it was not signed. While plaintiff

Dockery fails in his complaint to assert any additional allegations to support these claims, he made

these arguments during the course of the Jones case.

- 2 -

JASPER DOCKERY
#39631-053
UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK LA 71467

$Ex "F"$

THE PRIVACY ACT/FOIA OFFICER OF THE AGENCY
OR THE AGENCY OFFICIAL RESPONSIBLE FOR MAINTENANCE
OF RECORDS SYSTEM CONTAINING ERRONEOUS INFORMATION

PRIVACY ACT AMENDMENT REQUEST #06-3059.

I am requesting to amend the records(sent to me on Oct 3,07 by
Mr. William G. Stewart) under the privacy Act of 1974.

IDENTIFY SPECIFIC RECORD.
The specific records and specific information in the records for
which an amendment is sought, to make relevant, has been stated in the
August 11, 2005 FOIA/PA request at ¶1-9. annex hereto.

WHY INFORMATION IS NOT ACCURATE, RELEVANT, OR COMPLETE
The information is not accurate, relevant, timely, or complete, when
comparing it to my August 11, 2005 FOIA/PA request at Pp.1-1A ¶1-9, annex
herewith.

NEW OR ADDITIONAL INFORMATION IF ANY
Please provide me with what new or additional information, if any,
shall be included in place of the erroneous irrelevant information. The
evidence of the validity of the new or additional information should be
included. If the information in the file is wrong, whereas no grand jury
CONVENE, assemble in the aforemention court-house cases and docket number,
then the request shall make this clear.

If the request information is nonexistence, then the request shall
make this clear.

If the information in the file is wrong, to construed that, no Court
had direct a sufficient number of legal qulified persons be summoned to meet
the requirement of grand juror in the aforesaid Court-houses and docket num-
bers, please make the request information clear.

If the information in the file is wrong, to be construed that there is
no Court order authorizing summons of Grand Jury in the aforesaid Courthouses
dockets number; nor existed that maintained in any electronic form docketed
by Clerk of aforemention courthouses, the request sought should make this * *
clear.

If the information in the file is wrong, or deficient to mean that
there was never any roll sheets reflecting composition of grand jury, attend-
ance records of jurors, and any substitutes assign to the aforesaid Court-
houses cases and/or dockets number, please make this record clear.

If the information in the file is wrong, to mean that there was never
any written authority permitting any prosecutor to present evidence to * *
grand Juror in the aforesaid Court-houses and/or docket number filed cabinet
or electronic form, the record request shall be made clear of this.

#1

If the information in the file is wrong, not accurate, irrelevant, to mean there was never any records exist setting forth the method by which grand jury was empaneled; nor maintained by any agency in electronic form matches those of other filed cabinet records, the request information res-ponsive shall be make this clear.

If the information in the file is wrong, to mean that there was never any grand Jury proceeding where the foreperson or another juror designated by foreperson shall keep record of jury concurring of finding indictments and filed the record with the clerk of court, in the aforesaid Court-houses and cases docket numbers, please make the responsive request make this clear.

If the information in the file is wrong, to be construed that there was never any indictment returned by grand jury validly, or through its foreperson or deputy foreperson on its behalf to the aforesaid Courthouses and dockets numbers and gave to judge in open Court, please make your res-ponsive to these request be clear crystal.

Once again I thank you for all your time and cooperation with these matters.


                              Respectfully submitted

                              Jasper L. Dockery                    10/10/07.

#2



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:  Dockery, Jasper                          Request Number:  06-3059

Subject of Request:  Self (specific items)/DDC                    ~~OCT - 3 2007~~

Dear Requester:

  Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

  To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

  The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [   ] full denial.

_____ page(s) are available to be released in full (RIF);
___8___ page(s) are available to be released in part (RIP);
_____ page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

**The eight pages that we are releasing in part to you are those that we found to be responsive to your request.**

  [   ] This office is withholding grand jury material which is retained in the District.

  [ X ]  After reviewing all the documents, we have determined that we can make a partial release. A **$  25  ** search fee is being assessed for these records. The district searched a total of **7 hours** for your documents.

  If you would like these records, please send a check or money order for **$  25  **, payable to the Treasury of the United States.  Payment should be mailed to the Freedom of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530. **If payment is not received within 30 days from the date of this letter, your request will be closed and any future requests for records will be rejected until payment is received.**

In addition, a review of the material revealed:

#3

[    ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.


[    ]    See additional information attached.


This is the final action on this above-numbered request.  You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001**.  Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.


Sincerely,


William G. Stewart II
Assistant Director


Enclosure(s)

(Page 2 of 2)
Form No. 021 - fee/bill - 3/07

#4

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information complied in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

#5

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on July 10, 1995

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** : | D.C. Superior Court Case #F153-96 |
| : | |
| **v.** : | |
| : | **Violation:**  22 D.C. Code |
| ⌐C : | 2401, 3202; |
| **PDID 455-280;** : | 22 D.C. Code 501, |
| **JASPER LLOYD DOCKERY** : | 3202; 22 D.C. |
| **aka "Jamaican Tee" and "Tee"** : | Code 3204(b); |
| **PDID 416-584.** : | 22 D.C. Code |
| : | 3204(a); 22 D.C. |
| : | Code 105(a); |
| : | 22 D.C. Code |
| : | 722(a)(2)(A) |

(First Degree Murder While Armed (Premeditated); Assault With Intent To Kill While Armed; Possession Of a Firearm During Crime Of Violence Or Dangerous Offense; Carrying a Pistol Without a License); Conspiracy; Obstruction of Justice)

The Grand Jury charges:

**FIRST COUNT:**

⌐C , Jasper Lloyd Dockery, also known as "Jamaican Tee" and "Tee," and other persons whose identities are unknown to the grand jury, within the District of Columbia, while armed with firearms, purposely and with deliberate and premeditated malice, killed ⌐C , by shooting him with firearms on or about April 15, 1995, thereby causing injuries from which ⌐C ⌐C died on or about May 12, 1995. (First Degree Murder While Armed (Premeditated), in violation of 22 D.C. Code, Section 2401, 3202)

#6          RP⌐C

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on July 10, 1995

THE UNITED STATES OF AMERICA :

               v.            :

                          :

PDID 455-280;            :

JASPER LLOYD DOCKERY      :

aka "Jamaican Tee" and "Tee" :

PDID 416-584.           :

                          :

                          :

                          :

                          :

D.C. Superior Court Case #F153-96

Violation:       22 D.C. Code
2401, 3202;
22 D.C. Code 501,
3202; 22 D.C.
Code 3204(b);
22 D.C. Code
3204(a); 22 D.C.
Code 105(a);
22 D.C. Code
722(a)(2)(A)

(First Degree Murder While Armed
(Premeditated); Assault With
Intent To Kill While Armed;
Possession Of a Firearm During
Crime Of Violence Or Dangerous
Offense; Carrying a Pistol
Without a License); Conspiracy;
Obstruction of Justice)

     The Grand Jury charges:

FIRST COUNT:

           Jasper Lloyd Dockery, also known as "Jamaican

Tee" and "Tee," and other persons whose identities are unknown to

the grand jury, within the District of Columbia, while armed with

firearms, purposely and with deliberate and premeditated malice,

killed               , by shooting him with firearms on or

about April 15, 1995, thereby causing injuries from which

Lo:       died on or about May 12, 1995. (First Degree

Murder While Armed (Premeditated), in violation of 22 D.C. Code,

Section 2401, 3202)

#7

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on December 18, 1995

1/23/96

THE UNITED STATES OF AMERICA :

v.                           :

𝑥  𝑥                         :
PDID 439-474, and            :

JASPER LLOYD DOCKERY         :
aka "Jamaican Tee"           :
and "Tee"                    :
PDID 416-584.                :
                             :
                             :

D.C. Superior Court Case #F536-96

Violation:    22 D.C. Code
              2401, 3202;
              22 D.C. Code 501,
              3202; 22 D.C.
              Code 3204(b);
              22 D.C. Code
              3204(a); 6 D.C.
              Code 2361(3).

(First Degree Murder While Armed
(Premeditated); Assault With
Intent To Kill While Armed;
Possession Of a Firearm During
Crime Of Violence Or Dangerous
Offense; Carrying a Pistol
Without a License); Unlawful
Possession of Ammunition

The Grand Jury charges:

FIRST COUNT:

        𝑥        also known as 𝑥 .," Jasper Lloyd

Dockery, also known as "Jamaican Tee" and "Tee," and other

persons whose identities are unknown to the grand jury, within

the District of Columbia, while armed with firearms, purposely

and with deliberate and premeditated malice, killed 𝑥 ', by

shooting him with firearms on or about July 27, 1995, thereby

causing injuries from which 𝑥 on or about July 27,

1995. (First Degree Murder While Armed (Premeditated), in

violation of 22 D.C. Code, Section 2401, 3202)

#8

*Alfedo*
*872-1780*

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
## SUBPOENA

UNITED STATES
DISTRICT OF COLUMBIA

vs.

Case No. F-536-96 & F-8954-95

JASPER DOCKERY/                    7C

To: ~~WIDDIE ASHMON~~                    7C
    ~~1232 QUINCY STREET,~~
    ~~WASHINGTON, D.C.~~

## YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division ~~room~~/courtroom _____ 313 _____ of the Superior Court of the District of Columbia, 500 Indiana Avenue/~~Judiciary Center, 555 Fourth Street~~ N.W., Washington D.C., on the 28TH day of _____ JULY _____, 19 98, at 1:00 pm ~~a.m./p.m~~. as a witness for _____ ~~THE GOVERNMENT~~ _____

☐ and bring with you PROPER I.D. ALSO PLEASE REPORT TO THE U.S. ATTORNEY'S ~~OFFICE AT BEFORE 9:00 A.M. ON THE DAY OF TRIAL. LOCATION: 555 4TH. N.W. 9TH FLOOR (JUDICIARY CENTER BUILDING)~~ and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this 10TH day of APRIL _____, 19 98.

_____        _____
        Officer in Charge                District

Clerk, Superior Court,
of the District of Columbia

KENNETH KOHL
Attorney for Government/Defendant
XXXXXXX

Phone No. 514-7428

---

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

|  |  |
|---|---|
| Date | Judge |

---

**RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:**

☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

| Name and Title of Individual Served | Address (If different than shown above) |
|---|---|
| 7C | |

☐ I ~~hereby~~ certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

| Date(s) of Endeavor | Date and Time of Service |
|---|---|
| | |

| REMARKS              #9 | Signature of Title of Server |
|---|---|

# Superior Court of the District of Columbia
## CRIMINAL DIVISION
## SUBPOENA

UNITED STATES
DISTRICT OF COLUMBIA

vs.                                    Case No. F-536-96; F-3954-95

_____ JASPER DOCKERY/ _____ ⁊C _____

To:_ _____

_____ ⁊C _____

YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division room/courtroom _____ 313 _____ of the Superior Court of the District of Columbia, 500 Indiana Avenue/Judiciary Center, 555 Fourth Street, N.W., Washington D.C., on the ____ 3RD ____ day of ____ APRIL ____, 19 98, at ____ 9:30 ____ a.m./p.m. as a witness for _____ THE GOVERNMENT _____

☐ and bring with you __ PROPER IDENTIFICATION. PLEASE REPORT FIRST TO THE 9TH FLC __ __ OF THE U.S. ATTORNEY'S OFFICE BEFORE 9:00 A.M. ON THE DAY OF TRIAL. __

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this ___ 14TH ___ day of _____ JANUARY _____, 19 98

_____          _____
Officer in Charge                District

                                 *Clerk, Superior Court*
                                 *of the District of Columbia*

KENNETH KOHL  K. FCL
Attorney for Government/Defendant

Phone No. 514-7428

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

_____          _____
Date                                 Judge

RETURN THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:

☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

| Name Title of Individual Served | Address (If different than shown above) 1/14/98 |
|---|---|
|  | Served at USAO on 1/14/98 at 2:10 pm |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

| Date(s) of Endeavor | Date and Time of Service |
|---|---|
| REMARKS | Signature of Title of Server  Ripre |

Form CD-1072/Sept. 92                    #10                    3-0131 wd-29



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

April 3, 1998

Re: **In re Contempt of Court Violation**
    Case No. **F-536-96** (J. Abrecht)

# FINAL WARNING
# FAILURE TO APPEAR

Dear Mr.

   Enclosed you will find a copy of a criminal trial subpoena you previously received from Investigator[          ]on January 14, 1998. The subpoena required you to report to the U.S. Attorney's Office at 555 4th Street, NW, on Friday morning, April 3, 1998 at 9:30 am -- which you failed to do.

   If you do not appear in person at the U.S. Attorney's Office before **12:00 Noon on Monday, April 6, 1998** a warrant for your arrest will be issued and you will detained without bond until this trial is completed.

                    Sincerely,

                    WILMA A. LEWIS
                    United States Attorney

        By: _____
                    KENNETH C. KOHL
                    Assistant United States Attorney
                    (202) 514-7428
                    pager (202) 336-3448

#11

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

UNITED STATES OF AMERICA
~~District of Columbia~~

v.

‎——— 7C

lives at 1

hangs at

currently on probation in F-3953-97 (electronic monitoring)

| DOB: | 7C | |
|------|----|----|
| Sex: 7C | Height: 7C | Weight: 7C |

Criminal No. ........................................

PDID No. **PDID 456-725**

Officer in Charge .......... 7C .......... **CID-HOM**

Issued By **Mary Ellen Abrecht**
                              Judge

**F O R T H W I T H**

### B E N C H   W A R R A N T
(~~Valid in the District of Columbia Only~~)

To:  United States Marshal
     Chief of Police of the District of Columbia.

        You are hereby commanded to arrest .......... 7C ..........
and bring (him) ~~(her)~~ forthwith before the Criminal Division of the Superior Court of the District
of Columbia to answer to the (~~indictment~~) (complaint) (information) (subpoena) charging (him)

(~~her~~) with .......... **CONTEMPT OF COURT    (Failure To Obey Trial Subpoena)** ..........

in violation of .......... **D.C. Superior Court Rule of Criminal Procedure 17(g)** ..........

        Hereof fail not, and have then this writ so endorsed as to show how you have executed it.

        WITNESS, The Honorable Chief Judge of the Superior Court of the District of Columbia

under the seal of said Court this _____**8th**_____ day of _____**April**_____, 19 **98**.

Bond Set: .................................................... Superior Court of the District of Columbia

                    By: ....................................................
                              (Judge)  (Deputy Clerk)

### R E T U R N

        Received the within warrant the .......... day of .........., 19 ....

and executed same the .......... day of .........., 19 ....

                                                        ....................................................

                    By ....................................................

Form CD-1090/May 82
Previous edition (C-31) may be used.

#12

8-1879

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - x
                     :
UNITED STATES OF AMERICA   :
                     :
      v.          :    Criminal Case No.
                     :
JASPER DOCKERY        :    GJO
                     :
- - - - - - - - - - - - - x

Grand Jury No. 4
Superior Court of the District
  of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20001

May 29, 1998

      The testimony of    7C     was taken in the presence of a full quorum of the Grand Jury, commencing at 11:21 a.m., before:

KENNETH KOHL
Assistant United States Attorney

Rp7C

Diversified Reporting Services, Inc.
1025 VERMONT AVENUE, N.W. SUITE 1250
WASHINGTON, D.C.  20005
(202) 296-2929

#13

# FREEDOM OF INFORMATION ACT REQUEST

Date: 8/11/05

Name of Agency: **United States Attorneys' Office**

Address: **950 Pennsylvania Ave N.W.**

City/State/Zip: **WASHINGTON D.C. 20530 #5111**

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

1.    Each dates the grand jury convened in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

2.    The date the grand jury was discharged by the Judge; the name of Judge that discharged the grand jurors in indictments No. F536-96; and F153-96 Superior Court of District of Columbia. (See attach page 1A for additional information)--------

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

_Jasper L Dockery_
(Name)

#39631053
ID Number                    (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

#14

PAGE 1A.

3.  the name of the grand Jury foreperson; and the name of the grand jury deputy foreperson in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

4.  the number of jurors concurred; and the number of jurors voted to indict, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

5.  the name of Judge indictments returned in open Court in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

6.  the dates the Judge appoint one of the Jury to be the foreperson and the other to be deputy foreperson, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

7.  the date extension of service was given to the grand jury if any, and the expiration date of such extention, in indictments No. F536-96; and F153-96 Superior Court of District of Columbia.

8.  Please provide me with all the computer printout of these request.

*Jasper L Dockery*
8/11/06

P.S.

9.  **Please provide me with computer records and other record responsive from grand jury commission in D.C. Superior Court regarding grand jury return indictment on January 5, 1996 #F536-96; and January 23, 1996 #F153-96, UNITED STATES V. DOCKERY JASPER L Docket entry with the above requested information 1-9.**

#15

U.S. Department of Justice                Certification of Identity                

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Jasper Lloyd Dockery

Current Address  United States Penitentiary, P.O. Box 2099, Pollock, Louisiana 71467

Date of Birth  10/20/1946.

Place of Birth  Jamaica W.I.

Social Security Number [2]  053-4985

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]  Jasper L Dockery                Date  8/11/06

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.

[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/98

#16

FORM DOJ-361
FEB. 95