UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASPER LLOYD DOCKERY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-0318 (ESH) |
| ALBERTO GONZALES, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case, plaintiff challenges the Executive Office for United States Attorneys' ("EOUSA") response to his request. EOUSA moves to dismiss or for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court grants EOUSA's motion for summary judgment.

### I. BACKGROUND

By request dated August 11, 2005, to the United States Attorney's Office, plaintiff requested records pertaining to grand jury proceedings in the Superior Court of the District of Columbia, which resulted in his criminal indictment (Nos. F536-96 and F153-96). (Defs.' Ex. 1, Declaration of David Luczynski, Ex. A.) EOUSA acknowledged plaintiff's request by letter dated September 27, 2006, but explained that processing his request could take up to nine months to complete. (*Id.*, Ex. B). Plaintiff appealed to the Office of Information and Privacy by letter of October 16, 2006 (*id.*, Ex. C); he filed this action on February 9, 2007.

By letter of October 3, 2007, EOUSA, having searched and located eight pages of responsive records (*id.*, Ex. E), released the pages to plaintiff with redactions. (*Id.*, Ex. D.)

EOUSA redacted third-party information under FOIA exemption 7(C).  *See* 5 U.S.C. § 552(b).

## II.  DISCUSSION

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).  All reasonable inferences that may be drawn from the facts must be drawn in favor of the nonmoving party.  *Id.* at 255.

In a FOIA action, the Court may award summary judgment to the agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987)); *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  Summary judgment is not warranted if the declarations "are 'conclusory, merely reciting statutory standards, or . . . too vague or sweeping.'"  *King*, 830 F.2d at 219 (internal footnote and citations omitted).

As an initial matter, to the extent that plaintiff has "add[ed] more requests" in his first amended complaint (Pl.'s Opp'n [Dkt. No. 33] at 4 ¶ 27), he has not exhausted his administrative

remedies by first presenting those requests to the agency and obtaining a decision from the agency. The Court's FOIA jurisdiction extends only to determining the lawfulness of the government's withholding of agency records. *See* 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). Because there is no indication that the government has withheld any records responsive to the alleged new requests, the Court lacks jurisdiction to entertain a claim based on such requests.[1] *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) ("Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has [improperly withheld agency records].").

  1. The Claimed Exemption

Turning to the merits of the claim properly before the Court, defendant redacted "names and other identifying aspects relating to third party individuals" pursuant to FOIA exemption 7(C). (Luczynski Decl. ¶ 17.) Exemption 7(C) protects records compiled for law enforcement purposes to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). Plaintiff does not dispute, and therefore concedes, defendant's asserted reasons for redacting the information from the eight released pages. (*See* Luczynski Decl. ¶¶ 14-16; Order of October 9, 2007 (advising plaintiff about his obligations in responding to the summary judgment motion).) Third-party information in criminal records is routinely protected from disclosure under exemption 7(C) in the absence, as here, of an overriding public interest. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995). Accordingly, defendant is entitled to judgment as a matter of law on the

---

[1] Plaintiff also appears now to seek records from this Court and the D.C. Superior Court. (Pl.'s Opp'n ¶ 27). But the FOIA does not apply to courts or state and local governments. *See* 5 U.S.C. § 552(f) (adopting agency definition at 5 U.S.C. § 551(a)(1)(b), specifically excluding "the courts of the United States").

claimed exemption.

    2. <u>Adequacy of the Search</u>

Plaintiff questions defendant's search for records. (*See* Pl.'s Opp'n ¶¶ 37-43, 47-53.) The agency to which a FOIA request is submitted is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc., v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. U.S. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted). An inadequate search for records therefore constitutes an improper withholding under the FOIA. *See Maydak v. U.S. Dep't of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003) (citations omitted).

When the adequacy of an agency's search is challenged, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id*. (citations and quotation marks omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched . . . ." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). Summary judgment may not be granted "if a review of the record raises substantial doubt" about the adequacy of the search. *Id.* (citing *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

According to the individual responsible for the search at issue, Colleen McGowan, the Superior Court Division of the United States Attorney's Office for the District of Columbia

4

searched "its electronic database, the Replicated Criminal Information System ("RCIS"), for any and all records related to the case numbers specifically indicated by Mr. Dockery." (Declaration of Colleen McGowan ¶ 6.)[2] RCIS is used to track criminal cases in Superior Court and to retrieve related files. (*Id*.) Information may be retrieved by a defendant's name, the USAO number or, as here, the Superior Court case number. (*Id*.) The search yielded seven boxes of records related "to the specified case numbers" at the Federal Records Center in Suitland, Maryland. (*Id*. ¶ 7.) Ms. McGowan "conducted a manual search of each box and pulled and copied all responsive materials[,] [s]pecifically . . . documents which reflected any Grand Jury information or referenced the Grand Jury proceedings." (*Id*. ¶ 8.)

Plaintiff appears to fault defendant for failing to search the files of this Court and Superior Court, but defendant was obligated to search only its files and to produce only those records that were in its custody and control at the time of the FOIA request. *McGehee*, 697 F.2d at 1110. Plaintiff has not credibly refuted Ms. McGowan's declaration, which establishes that defendant performed a search reasonably calculated to locate all responsive records. Defendant is entitled to judgment as a matter of law on this issue.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 6, 2007

---

[2] Exhibit E to the Luczynski Declaration.